IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

FILED BY _____ D.C.
05 JUN 21 AM 6:4_
ROBERT R. DI TROLIO
CLERK, U.S. DIST. CT.
W.D. OF TN, MEMPHIS

| | |
|---|---|
| MARILYN JOHNSON, et al., | ) |
| Plaintiff, | ) |
| v. | ) No. 00-2608 DV |
| CITY OF MEMPHIS, | ) |
| Defendant. | ) |

## ORDER DENYING PLAINTIFFS' MOTION FOR PARTIAL SUMMARY JUDGMENT

Before the Court is Plaintiffs' motion for partial summary judgment (dkt. # 307) as to their claim that Defendant violated the Equal Protection Clause of the Fourteenth Amendment to the United States Constitution in its 2000 sergeant promotion process. Plaintiffs also seek partial summary judgment as to their claim for negligence  For the following reasons, the Court **DENIES** Plaintiffs' motion for partial summary judgment.

## I.  FACTUAL AND PROCEDURAL BACKGROUND

Plaintiffs are police officers who were denied promotions to sergeant during a promotional process administered by Defendant. The promotional process Defendant used originally included four factors: a written test, a practical test, performance evaluations, and seniority. Those passing the written test were then required to take the practical test. Finally, Defendant would consider performance evaluations and  seniority. Each of the four factors would be weighted to calculate a total score. The weights assigned to the factors were: 20 percent for the written test, 50 percent for the practical test, 20 percent for performance evaluations, and 10 percent for seniority.

In scoring the written test, Defendant first applied a "cut score" of 70. Those making a score

of 70 or above were considered to have passed the exam; candidates with scores below 70 were not permitted to move to the next step of the process. However, when Defendant applied the cut score of 70, it resulted in disparate impact to African-American candidates. Therefore, Defendant adjusted the cut score to 66. As such, anyone scoring 66 or higher was considered to have passed the written test and was allowed to continue in the promotional process by taking the practical test. The 66 and above score was determined to be the score needed to ensure that the results satisfied the Equal Employment Opportunity Commission's ("EEOC") four-fifths rule.[1]

The second step was the practical test. However, during the administration of the practical test, Defendant discovered that certain applicants had received study materials that others did not receive. In response, Defendant eliminated the practical test entirely and relied on the written test, performance evaluations, and seniority to make its promotional decisions. Thus, the weight distribution among each of the three remaining factors was adjusted to allow for the elimination of the practical test. As such, the weight assigned to the written test went from 20 percent to 45 percent, as did the weight assigned to performance evaluations. Based on the three factors, Defendant promoted the top 63 candidates. Officers who had been denied promotions then filed this suit, alleging discrimination pursuant to 42 U.S.C. §§1981 and 1983, Tenn. Code Ann. § 4-21-401, the Fourteenth Amendment's equal protection clause, city ordinances, and Title VII of the Civil Rights Act, 42 U.S.C. § 2000e. On February 8, 2005, Plaintiffs filed the instant motion for partial summary judgment with respect to their claims of equal protection violations and negligence.

---

[1] To determine whether scores satisfy the four-fifths rule: first, a passing rate for African Americans is calculated by dividing the number of African Americans passing the test by the total number of African Americans who took the test. The same is done for white candidates. The passing rate for African Americans is then divided by the passing rate for white candidates to get a selection rate. If the selection rate is below eighty percent, the cut score results in adverse impact under the EEOC's four-fifths rule.

2

## II. SUMMARY JUDGMENT STANDARD

Summary judgment is proper "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). In other words, summary judgment is appropriately granted "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986).

The party moving for summary judgment may satisfy its initial burden of proving the absence of a genuine issue of material fact by showing that there is a lack of evidence to support the nonmoving party's case. Id. at 325. This may be accomplished by submitting affirmative evidence negating an essential element of the nonmoving party's claim, or by attacking the opponent's evidence to show why it does not support a judgment for the nonmoving party. 10a Charles A. Wright et al., Federal Practice and Procedure § 2727, at 35 (2d ed. 1998).

Facts must be presented to the court for evaluation. Kalamazoo River Study Group v. Rockwell Int'l Corp., 171 F.3d 1065, 1068 (6th Cir. 1999). The court may consider any material that would be admissible or usable at trial. 10a Charles A. Wright et al., Federal Practice and Procedure § 2721, at 40 (2d ed. 1998). Although hearsay evidence may not be considered on a motion for summary judgment, Jacklyn v. Schering-Plough Healthcare Prods. Sales Corp., 176 F.3d 921, 927 (6th Cir. 1999), evidentiary materials presented to avoid summary judgment otherwise need not be in a form that would be admissible at trial. Celotex, 477 U.S. at 324; Thaddeus-X v. Blatter, 175 F.3d 378, 400 (6th Cir. 1999).

In evaluating a motion for summary judgment, all the evidence and facts must be viewed in a light most favorable to the nonmoving party. Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986); Wade v. Knoxville Utilities Bd., 259 F.3d 452, 460 (6th Cir. 2001). Justifiable inferences based on facts are also to be drawn in favor of the non-movant. Kalamazoo River, 171 F.3d at 1068.

Once a properly supported motion for summary judgment has been made, the "adverse party may not rest upon the mere allegations or denials of [its] pleading, but . . . must set forth specific facts showing that there is a genuine issue for trial." Fed. R. Civ. P. 56(e). A genuine issue for trial exists if the evidence would permit a reasonable jury to return a verdict for the nonmoving party. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). To avoid summary judgment, the nonmoving party "must do more than simply show that there is some metaphysical doubt as to the material facts." Matsushita, 475 U.S. at 586.

## III. ANALYSIS

### A. Equal Protection

Plaintiffs allege that Defendant discriminated against them in the promotional process, in violation of the equal protection clause of the Fourteenth Amendment to the United States Constitution. The threshold question in deciding an equal protection claim is the appropriate level of scrutiny to apply. Breck v. State of Michigan, 203 F.3d 392, 395 (6th Cir. 2000). In most instances, the legislature or decision maker only needs to show that the statute or decision bears some rational relationship to a legitimate state end. Id. "Departure from this rational relationship test is permitted only when the challenged statute places burdens upon suspect classes of persons or on a constitutional right that is deemed to be fundamental." Id. (internal quotations omitted). In

4

those cases, courts apply a strict scrutiny standard; that is, the decision maker must demonstrate that the race-based action was necessary to further a compelling governmental interest and is narrowly tailored to further that interest. Grutter v. Bollinger, 539 U.S. 306, 308 (2003).

In the instant case, Plaintiffs are police officers who did not get promoted. Police officers who do not get promoted are not a suspect class. Plaintiffs have not alleged that they are members of a suspect class for purposes of this summary judgment motion. Nor have they alleged that a fundamental right is at issue. Thus, as Plaintiffs concede, a rational basis standard must be employed. Consequently, to establish a violation of equal protection, Plaintiffs must show that Defendant's decision not to promote them is not rationally related to any conceivable legitimate legislative purpose. Hadix v. Johnson, 230 F.3d 840, 843 (6th Cir. 2000) (citing Lehnhausen v. Lake Shore Auto Parts Co., 410 U.S. 356 (1973)). Under this standard, the decision not to promote Plaintiffs must be afforded a strong presumption of validity and "must be upheld as long as 'there is a rational relationship between the disparity of treatment and some legitimate government purpose.'" Id. (quoting Heller v. Doe, 509 U.S. 312 (1993)). Rational basis scrutiny requires only that there is an imaginable basis for the classification. See Breck, 203 F.3d at 395. The classification only needs to be rationally related to the goal or purpose of the classification, and the Court does not assess the wisdom of the challenged regulation. Id.

Defendant contends that in making the promotional decision, Police Director Walter Crews ("Crews") was advised by Dr. Mark Jones, an expert test developer, that the elimination of the practical test and the re-weighting of the other components of the process would not adversely effect the validity of the process. Therefore, at the time the promotions were made, Defendant may have had a rational basis for its promotional decisions. Plaintiffs argue that Defendant made the promotion

5

decisions in a process "that was arbitrary and conceded by defendant to be invalid." Pl.'s Mem. in Support of Mot. for Partial Sum. J. at 11. However, Defendant was only required to demonstrate that there may have been a rational basis for its promotional decisions at the time that the decisions were made.

As there is an "imaginable basis" for the decision to promote some officers and not others and that basis appears to have a rational relationship to a "legitimate government purpose," Plaintiffs have not satisfied the heavy burden required under a rational basis standard. Accordingly, the Court denies Plaintiffs' motion for partial summary judgment as to their equal protection claim.

B. Negligence

Plaintiffs contend that Defendant was negligent when it used a promotional process that it now recognizes as being invalid. In order to establish negligence, Plaintiff must prove (1) a duty of care owed by Defendant to Plaintiff; (2) conduct falling below the applicable standard of care that amounts to a breach of that duty; (3) an injury or loss; (4) cause in fact; and (5) proximate, or legal, cause. Pinnix v. Pollock, 338 F.Supp.2d 885, 891 (W.D. Tenn. 2004).

Defendant asserts, however, that the Tennessee Governmental Tort Liability Act ("GTLA") shields it from liability for Plaintiffs' negligence claim. Section 29-20-205 of the Tennessee Code Annotated states that,

> [i]mmunity from suit of all governmental entities is removed for injury proximately caused by a negligent act or omission of any employee within the scope of his employment except if the injury arises out of:
>
> (1) the exercise or performance or the failure to exercise or perform a discretionary function, whether or not the discretion is abused.

Tenn. Code Ann. § 29-20-205. Defendant argues that the acts complained of are discretionary functions of the City and that therefore, the City is immune from liability.

6

Plaintiffs maintain that the acts in question were not discretionary. Thus, Plaintiffs argue, immunity was removed. The Tennessee Supreme Court has adopted the "planning-operational" test to determine whether a municipality's act is within the scope of the "discretionary function" immunity. Bowers v. City of Chattanooga, 826 S.W.2d 427, 430 (Tenn. 1992). Under this test, the City may not be held liable for deliberate, policy-like decisions made within its discretion, but it may not be held liable for decisions that were purely functional or operational. Id. Because to a greater or lesser degree every act involves some discretion, under the planning-operational test, discretionary function immunity does not attach automatically to every act involving choice or judgment. Williams v. Shelby County Health Care Corp., 803 F.Supp. 1306, 1315 (W.D. Tenn. 1992). "Rather, the underlying policy of governmental immunity is better served by examining (1) the decision-making process and (2) the propriety of judicial review of the resulting decision." Id. If an act is chosen after consideration or debate by those charged with planning or creating policies, it strongly suggests that the decision is discretionary. Id. "These decisions often result from assessing priorities; allocating resources; developing policies; or establishing plans, specifications, or schedules." Id.

On the other hand, when a decision is based on "preexisting laws, regulations, policies, or standards, [it] usually indicates that its maker is performing an operational act. Similarly operational are those ad hoc decisions made by an individual or group not charged with the development of plans or policies." Id. Thus, discretionary function immunity does not apply when an official fails to comply with laws or policies designed to guide his actions in a particular situation. McNabb v. City of Memphis, 2004 WL 2375631 *3 (W.D. Tenn. 2004).

In the instant case, Plaintiffs contend that discretionary function immunity does not apply

7

because City Charter Section 250.1 and City Ordinance Section 9-3 specify the type of examinations to be utilized in the promotional process for the City of Memphis. The ordinance to which Plaintiff refers states in pertinent part:

> Sec. 9-3. Examinations for applicants for employment.
>
> (a) All applicants for employment in positions protected by this article shall be subjected to competitive job-related examinations under such rules and regulations as may be adopted by the director of personnel.
>
> (b) The examinations to be provided for shall be of a practical nature and relate to such matters as will fairly test the relative competency of the applicant to discharge the duties of the particular position.

Pl.'s Mot. for Partial Sum. J., Ex. 20. The Charter has identical language. Plaintiffs assert that this preexisting law governed the decisions concerning the testing process. Therefore, Plaintiffs argue that the decisions were operational and discretionary function immunity should not attach.

Although the Charter and Ordinance designate certain criteria, the decisions concerning what type of test to use, how to weight the various testing components, and how the tests are to be administered are left to the discretion of the director of personnel. Thus, even though to some extent the testing procedures result from a determination based on preexisting laws, discretionary function immunity applies in this case.

Accordingly, Plaintiffs' motion for partial summary judgment as to their negligence claim is denied.

## IV. CONCLUSION

For the aforementioned reasons, the Court **DENIES** Plaintiffs' motion for partial summary judgment.

**IT IS SO ORDERED** this __20th__ day of June, 2005.


_____
BERNICE BOUIE DONALD
UNITED STATES DISTRICT JUDGE

UNITED STATES DISTRICT COURT - WESTERN DISTRICT OF TENNESSEE



# Notice of Distribution

This notice confirms a copy of the document docketed as number 348 in case 2:00-CV-02608 was distributed by fax, mail, or direct printing on June 21, 2005 to the parties listed.

---

Louis P. Britt
FORD & HARRISON, LLP- Ridge Lake Blvd.
795 Ridge Lake Blvd.
Ste. 300
Memphis, TN 38120

Ricky E. Wilkins
LAW OFFICE OF RICKY E. WILKINS
119 S. Main St.
Ste. 700
Memphis, TN 38103

Delaine R. Smith
FORD & HARRISON, LLP- Ridge Lake Blvd.
795 Ridge Lake Blvd.
Ste. 300
Memphis, TN 38120

Earle J. Schwarz
GLANKLER BROWN, PLLC
One Commerce Square
Suite 1700
Memphis, TN 38103

Keith R. Thomas
FORD & HARRISON, LLP- Ridge Lake Blvd.
795 Ridge Lake Blvd.
Ste. 300
Memphis, TN 38120

David M. Sullivan
LAW OFFICES OF DAVID M. SULLIVAN
3251 Poplar Ave.
Ste. 130
Memphis, TN 38111

Sara L. Hall
CITY ATTORNEYS OFFICE
125 N. Main Street
Rm. 314
Memphis, TN 38103

Honorable Bernice Donald
US DISTRICT COURT