IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

---

| | |
|---|---|
| MARILYN JOHNSON, et al., | ) |
| | ) |
|     Plaintiffs, | ) |
| | ) |
| v. | ) |
| | )  No. 00-2608 D/P |
| CITY OF MEMPHIS, | )  No. 04-2017 D/P |
| | ) |
|     Defendant. | ) |
| | ) |
| FLORESA BILLINGSLEY, et al., | ) |
| | ) |
|     Plaintiffs, | ) |
| | )  No. 04-2013 D/P |
| v. | ) |
| | ) |
| CITY OF MEMPHIS, | ) |
| | ) |
|     Defendant. | ) |

---

REPORT AND RECOMMENDATION ON
PLAINTIFFS' APPLICATION FOR AN INJUNCTION

---

Before the court is plaintiffs' Application for an Injunction, filed September 14, 2009. (D.E. 513.) By order dated September 18, 2009, the District Judge referred the motion to the Magistrate Judge for a report and recommendation. Defendant City of Memphis ("City") filed a response in opposition to plaintiffs' application on September 29, 2009. Pursuant to the order of reference, the undersigned Magistrate Judge conducted a hearing on October 1, 2009. Based upon the briefs submitted in support of and in opposition to the application for injunction, the arguments of

counsel and evidence presented at the hearing, and the applicable law, the court submits the following proposed findings of fact and conclusions of law, and recommends that the application for injunction be granted.

## I. PROPOSED FINDINGS OF FACT

Plaintiffs are officers with the Memphis Police Department ("MPD"). They filed suit against their employer, the City of Memphis, for denying them promotion to the rank of sergeant during police promotion processes administered by the City. Their suit consists of three consolidated cases challenging the promotion processes conducted in 2000, 2001, and 2002 under federal, state, and local law. The three cases are Johnson v. City of Memphis, No. 00-2608 ("Johnson I"); Johnson v. City of Memphis, No. 04-2017 ("Johnson II"); and Billingsley v. City of Memphis, No. 04-2013 ("Billingsley").

Following the bench trial, on December 28, 2006, the District Judge issued a Memorandum Opinion and Order on Remedies, finding that the City violated Title VII with regard to its promotion processes and awarding the plaintiffs damages, promotions to the rank of sergeant, and retroactive seniority to the date that plaintiffs would have first been promoted to sergeant. In considering the possible remedies to award, including the possibility of promoting certain plaintiffs to the rank of lieutenant, the court stated as follows:

-2-

If demoting those already promoted under an invalid process and starting over is an untenable remedy, and identification of those individually injured is impossible, then the only remaining remedy is to compensate all plaintiffs such that a certain parity of treatment with those already promoted is achieved. This approach would necessarily involve backpay, seniority credit, and, of course, promotion. . . .

Awarding backpay, promotion and seniority credit leaves one form of injury unaddressed, namely the opportunity for further promotion foregone by the denial of promotion to sergeant. For instance, an officer denied promotion in the 2000 process might have by now been promoted to lieutenant if not for such denial. Plaintiffs argue that because they were not allowed to take the lieutenant's promotion process conducted in January 2005 due to the denial of their promotion to sergeant, the remedy owed them should include being allowed to take a lieutenant's test immediately. They assert that any plaintiff scoring as high as any individual selected for promotion to lieutenant, or within the range of scores that the City intends to promote from, should be promoted to lieutenant retroactive to January 2005 with appropriate backpay.

Plaintiffs' request for immediate opportunity for advancement to lieutenant is not without merit. If the Court's goal is to compensate all plaintiffs such that parity of treatment with those already promoted is achieved, then the idea of allowing the newly promoted sergeants to make up for lost time by taking the lieutenant's test immediately has a certain logical appeal. This strategy has a fatal flaw, however: it allows for promotion to lieutenant of officers who lack the minimum requirements for such promotion. The Court must assume that the requirement of two years experience as a sergeant is more than a mere formality. It would be, in the Court's judgment, irresponsible to override this requirement by requiring the premature advancement of officers to a position of such heightened responsibility. Consequently, the Court denies Plaintiffs this element of their requested relief.

(12/28/06 Order, D.E. 388 at 35-37.) By agreement between the

parties, plaintiffs were promoted to sergeant effective February 3,

2007, pending final resolution of this case.

On August 22, 2007, plaintiffs filed an Application for an Injunction and Request for an Expedited Hearing. (D.E. 434.) Plaintiffs moved the court pursuant to Fed. R. Civ. P. 65 to order the City to allow the plaintiffs to take a "make-up" promotion exam for the rank of lieutenant, which was scheduled to be administered October 11 through October 13, 2007. On September 4, 2007, the District Judge granted the application and issued an injunction requiring the City to allow the plaintiffs to take the make-up test. The court reasoned as follows:

> Title VII "requires that persons aggrieved by the consequences and effects of the unlawful employment practice be, so far as possible, restored to a position where they would have been were it not for the unlawful discrimination." . . . Victims of discrimination are to be given the "most complete relief possible." . . . Plaintiffs aver that they would have been allowed to take the 2005 lieutenant's test if the City had not previously denied them a promotion to sergeant in July 2000 and January 2003. . . .

> The Court finds that the first factor, likelihood of success on the merits, preponderates in favor of plaintiffs, since [the] Court has already found that defendant unlawfully discriminated against plaintiffs. The Court hereby incorporates by reference the reasoning and holding from the December 28, 2006 Memorandum Opinion.

> Next, the Court considers the irreparable harm requirement. On this point, the Court finds persuasive the testimony of Floresa Billingsley and other plaintiffs who testified that they have lost and will continue to lose the ability to compete for promotions and advance in their chosen careers if the Court does not grant relief. Because of the infrequency of the test, along with the other factors cited by the plaintiffs, the Court finds that the Plaintiffs have met the irreparable harm

requirement.

Third, the Court must balance the equities.  The City states that the 2 year sergeant in-grade requirement is a bona fide occupational criterion.  Moreover, the City argues that the instant hearing is not the proper vehicle to challenge that requirement.  The Court agrees that an injunction hearing is ill suited to test the bona fides of the two-year sergeant requirement, and the Court will not decide that issue today.

However, the Court notes that the plaintiffs present themselves for relief, severely disadvantaged because of the unlawful actions of the City and the delay of the Court.  The plaintiffs successfully showed that the City has made exceptions to the two-year performance requirement in the past for exceptional circumstances. In the instant case, the Court finds that the plaintiffs present an exceptional circumstance based on the City's past unlawful discrimination.

The Court finds that there is no legitimate reason for Defendant to deny plaintiffs the opportunity to take the lieutenant make-up test.  Defendant has developed and scheduled the make-up promotional test.  Thus, there is minimal inconvenience to Defendant by allowing plaintiffs to take the test.

Finally, the Court finds that public policy dictates that when persons have suffered unlawful discrimination, the Court looks to all prudent make-whole remedies. Plaintiffs have presented a reasonable remedy. . . .

Based on the foregoing, the Court finds that the plaintiffs have sufficiently satisfied the requirement for a Rule 65 mandatory injunction.  The City is hereby ordered to permit the Johnson and Billingsley plaintiffs to take the October 2007 lieutenant make-up test.  While this may present an inconvenience to the City, the harm of not issuing an injunction and denying plaintiffs' relief, is far more damaging.

(9/4/07 Order Granting Injunctive Relief, D.E. 437 at 2-4.)

(citations omitted).  The City subsequently moved to alter or amend

the court's September 4 order, arguing that the court erred in

-5-

applying Fed. R. Civ. P. 65(a) to plaintiffs' application for an injunction.  On May 29, 2008, the District Judge denied the City's motion to alter or amend, and confirmed that it applied the correct legal standard.

After the plaintiffs completed the make-up test, the City refused to release plaintiffs' test scores and rankings.  In response, plaintiffs filed a motion to compel, which the court granted.  Plaintiffs received their test scores almost a year after they took the make-up test.  The City administered a second make-up lieutenant promotion test on January 10, 2009, for two candidates.

On February 3, 2009, the City produced to the plaintiffs two separate lists based on two different combinations of test scores for all the candidates who took the promotion test in 2005, the make-up test in October of 2007, and the second make-up test in January of 2009.  Between June 16, 2005 and January 22, 2009, the City promoted 122 employees to the position of lieutenant from names that appeared on one of the two lists.  From the original list (the "one-part list"), the lowest scoring candidate promoted to lieutenant had a score of 79.30.  From the alternate list (the "three-part list"), the lowest scoring candidate promoted to lieutenant had a score of 80.00.  It is undisputed that the following thirteen plaintiffs scored equal to or higher than the lowest scoring candidates on the two lists who received promotions to lieutenant with an effective date of June 16, 2005:  Chorcie

-6-

Jones, Kathleen Lanier, Durand Martin, Herlancer Ross, Kedzie White, Floresa Billingsley, Sherman Bonds, Byron Hardaway, Eric Hulsey, Elvin Jackson, Vertie McNeil, Aundra Segrest, and John Williams.

On July 16, 2009, the City promoted to lieutenant an additional seventy employees who completed either the 2005 promotion test or the make-up tests. The lowest scoring candidate promoted to lieutenant from the one-part list had a score of 74.80. The lowest scoring candidate promoted to lieutenant from the three-part list also had a score of 74.80. It is undisputed that the following fifteen plaintiffs scored equal to or higher than the lowest scoring candidates who received promotions to lieutenant with an effective date of July 16, 2009: Tracey Burford, Marilyn Johnson, Ursla Jones, Lesley Murrell, Latonya Able, Loyce Bonds, Tasha Carter, Eric Dates, Carlos Davis, Bobby Jones, Russell McDaniel, Ryan Thomas, James Valentine, Keith Watson, and Frank Winston.

On September 14, 2009, plaintiffs filed the present motion seeking an order from the court directing the City to immediately promote these twenty-eight plaintiffs to the rank of lieutenant. Although the City strongly opposes the injunctive relief sought by plaintiffs, it concedes that these twenty-eight plaintiffs have met the two-year sergeant service requirement and, based on the scores they received on the tests, they have met the requirements for

promotion to lieutenant.  In fact, the only reason why the City has not promoted these twenty-eight plaintiffs to lieutenant is because "[t]he question remains whether Plaintiffs have a right to hold the rank of sergeant" and that "[i]n light of the current status of this case, it would be premature at this point to promote Plaintiffs to the rank of lieutenant." (Def.'s Resp., D.E. 517 at 1-2.)

On October 1, 2009, the court held a hearing on the present application for an injunction.  At the hearing, the parties stipulated to the following facts: (1) a promotion test for the rank of lieutenant was administered in January of 2005; (2) ninety-four promotions were made on June 16, 2005 using the one-part list, and the candidate with the lowest score who received a promotion had a score of 79.30; (3) twenty-six promotions were made in February of 2006 and made retroactive to June 16, 2005 using the three-part list, and the candidate with the lowest score who received a promotion had a score of 80.00; (4) a make-up test was administered in October of 2007, non-party Sam Hines took the make-up test, and Hines was promoted on March 4, 2008 from the one-part list; (5) the City took the position that it did not have to produce the make-up test scores and rankings to the plaintiffs, and only did so after the court granted plaintiffs' motion to compel and ordered the production of the scores and rankings; (6) a second make-up test for lieutenant was administered in January of 2009 for

-8-

two candidates, non-party Lenora Armstead and plaintiff Paul Pritt, and Armstead was promoted to lieutenant on January 22, 2009 from the one-part list; (7) in total, 122 lieutenant promotions were made between June 16, 2005, and January 22, 2009, and all were made retroactive to June 16, 2005; (8) seventy lieutenant promotions were made on July 16, 2009; (9) candidates who scored between 79.30 and 74.80 on the one-part list were promoted to lieutenant, and non-party Terry Wichert was the lowest scoring candidate promoted; (10) candidates who scored between 79.90 and 74.80 on the three-part list were promoted, and non-party Robert Acred was the lowest scoring candidate promoted; (11) Paul Pritt was promoted on July 16, 2009, based on his scores on the three-part test; and (12) all twenty-eight plaintiffs seeking lieutenant promotions in the present application for an injunction scored equal to or higher than the lowest scoring candidates previously promoted to lieutenant.

Also at the hearing, the court heard testimony from plaintiffs Kedzie White, Byron Hardaway, and Elvin Jackson regarding the irreparable harm they will suffer if they are not promoted immediately; Lorene Essex, Director of Personnel for the MPD regarding the requirement that lieutenants must serve two years as lieutenants in order to qualify for a promotion to the rank of major; and Donald Boyd, Deputy Chief of Administrative Services for the MPD regarding the public interest concerns of granting

plaintiffs' motion, as there are currently thirty-six lieutenant vacancies and 212 sergeant vacancies, and that promoting the plaintiffs from sergeant to lieutenant would result in creating twenty-eight additional sergeant vacancies that the City will either have to fill with patrol officers or leave vacant due to a lack of qualified candidates.[1]

## II.   PROPOSED CONCLUSIONS OF LAW

As the court ruled in its September 4, 2007 order granting plaintiffs' application for an injunction and May 29, 2008 order denying the City's request to vacate that injunction, Fed. R. Civ. P. 65(a) governs plaintiffs' application for an injunction.   In deciding whether to grant injunctive relief, the court considers four non-exclusive factors: "(1) whether the movant has a 'strong' likelihood of success on the merits; (2) whether the movant would otherwise suffer irreparable injury; (3) whether issuance of a preliminary injunction would cause substantial harm to others; and (4) whether the public interest would be served by issuance of a preliminary injunction." (9/4/07 Order Granting Injunctive Relief, D.E. 437 at 2) (citing Sandison v. Mich. High Sch. Athletic Ass'n, 64 F.3d 1026, 1030 (6th Cir. 1995)); see also Mason County Med.

---

[1]Deputy Chief Boyd testified that currently there are sixty to eighty patrol officers who hold the rank of sergeant and that he was aware of the staffing shortages for sergeants when the MPD recently promoted seventy sergeants to lieutenant.   Those lieutenant promotions resulted in the MPD having to promote patrol officers to sergeant.   He further testified that he hopes to fill the 212 sergeant vacancies by next year.

Ass'n v. Knebel, 563 F.2d 256, 261 (6th Cir. 1977). "It is important to recognize that the four considerations applicable to preliminary injunctions are factors to be balanced and not prerequisites that must be satisfied." In re Eagle-Picher Indus., Inc., 963 F.2d 855, 859 (6th Cir. 1992) (citing In re DeLorean, 755 F.2d 1223, 1229 (6th Cir. 1985)). "These factors simply guide the discretion of the court; they are not meant to be rigid and unbending requirements." Id. (citing Friendship Materials, Inc. v. Mich. Brick, Inc., 679 F.2d 100, 102 (6th Cir. 1982)).

The court finds that the first factor, likelihood of success on the merits, weighs strongly in favor of the plaintiffs, as the court has already found that the City has discriminated against plaintiffs. Second, the court finds persuasive the testimony of the plaintiffs who testified that they have lost and will continue to lose the ability to gain valuable work experience as lieutenants, compete for future promotions to major due to their inability to meet the two-year lieutenant service requirement, and otherwise advance in their chosen careers, if the court does not grant the relief requested. In addition, the court previously found in connection with plaintiffs' application for an injunction to take the lieutenant make-up test that plaintiffs would suffer irreparable harm. Therefore, the court finds that the plaintiffs have demonstrated irreparable harm if the application is denied. See NAACP v. City of Mansfield, 866 F.2d 162, 171-72 (6th Cir.

1989) (citing <u>Firefighters Inst. for Racial Equality v. City of St. Louis</u>, 616 F.2d 350, 362 n.21 (8th Cir. 1980)) (remanding case to the district court for reconsideration after subsequent hiring actions by the defendant fire department suggested that irreparable harm could occur in the absence of greater injunctive relief).

Third, the court finds that issuing the injunction would not cause substantial harm to others. According to Deputy Chief Boyd, there are currently thirty-six lieutenant vacancies in the MPD, and thus ordering the City to promote the twenty-eight plaintiffs to the rank of lieutenant would not result in any current lieutenants being removed from their positions. Nor is there any evidence that other, non-party sergeants would be denied promotions if the application for injunction is granted. Although the City argues that promoting these plaintiffs to lieutenant would result in creating even more sergeant vacancies, the court notes that the City recently promoted seventy sergeants to lieutenant despite these sergeant vacancy concerns. Moreover, in the past the City has routinely filled sergeant vacancies with qualified patrol officers, and as Deputy Chief Boyd testified, there are approximately 900 officers currently going through the sergeant promotion process and the City expects to fill all of the sergeant vacancies by next year.

Finally, the court finds that the public interest would be served by issuance of the injunction. It is undisputed that these

twenty-eight plaintiffs have met all of the requirements for receiving a promotion to lieutenant, including satisfying the two-year sergeant service requirement and receiving test scores that are equal to or higher than the scores received by other sergeants who have been promoted to lieutenant. In its December 28, 2006 order, the court considered the possibility of promoting plaintiffs to lieutenant, but decided against ordering that relief because, at that time, plaintiffs had not satisfied the two-year sergeant service requirement. Now that these plaintiffs have met the requirements for promotion, there should no longer be any further impediment to their advancement. Needless to say, the court did not order the promotion of the plaintiffs to sergeant with the intention that they later be denied the same opportunities for advancement as other, non-party sergeants.

### III.  RECOMMENDATION

For the reasons above, it is recommended that the application for an injunction be granted, and that the City be ordered immediately to promote the following plaintiffs to the rank of lieutenant: Chorcie Jones, Kathleen Lanier, Durand Martin, Herlancer Ross, Kedzie White, Floresa Billingsley, Sherman Bonds, Byron Hardaway, Eric Hulsey, Elvin Jackson, Vertie McNeil, Aundra Segrest, John Williams, Tracey Burford, Marilyn Johnson, Ursla Jones, Lesley Murrell, Latonya Able, Loyce Bonds, Tasha Carter, Eric Dates, Carlos Davis, Bobby Jones, Russell McDaniel, Ryan

Thomas, James Valentine, Keith Watson, and Frank Winston.

Respectfully submitted,

s/ Tu M. Pham
TU M. PHAM
United States Magistrate Judge

November 10, 2009
Date

**NOTICE**

**ANY OBJECTIONS OR EXCEPTIONS TO THIS REPORT MUST BE FILED WITHIN TEN (10) DAYS AFTER BEING SERVED WITH A COPY OF THE REPORT.  28 U.S.C. § 636(b)(1)(C).  FAILURE TO FILE THEM WITHIN TEN (10) DAYS MAY CONSTITUTE A WAIVER OF OBJECTIONS, EXCEPTIONS, AND ANY FURTHER APPEAL.**