```
         IN THE UNITED STATES DISTRICT COURT
         FOR THE WESTERN DISTRICT OF TENNESSEE
                    WESTERN DIVISION
```
_____

MARILYN JOHNSON, et al.,       )
                               )
     Plaintiffs,               )
                               )
v.                             )
                               )   No. 00-2608 D/P
CITY OF MEMPHIS,               )   No. 04-2017 D/P
                               )
     Defendant.                )
                               )
FLORESA BILLINGSLEY, et al.,   )
                               )
     Plaintiffs,               )
                               )   No. 04-2013 D/P
v.                             )
                               )
CITY OF MEMPHIS,               )
                               )
     Defendant.                )

_____

## REPORT AND RECOMMENDATION
_____

Before the court by order of reference is plaintiffs' Motion for Award of Damages (Case No. 00-2608, D.E. 498) and plaintiffs' Second Supplement to Their Motion for Award of Damages (Case No. 00-2608, D.E. 544). On March 8, 2011, the parties appeared before the undersigned magistrate judge for a conference on the motions. Counsel for all parties were present and heard. The parties stated that they were able to reach an agreement on the calculation of damages for all plaintiffs, with the following exceptions: (1) whether the rate to use in the calculation of prejudgment interest

should be 2.35% as proposed by the plaintiffs or 0.56% (and possibly as low as 0.21%) as proposed by the City; (2) whether the plaintiffs who were promoted to the rank of lieutenant pursuant to the court's order of March 4, 2010, should also be entitled to an award of back pay and overtime pay at the lieutenant pay scale; (3) whether plaintiff Vertie McNeil should receive lieutenant back pay and overtime pay, and if so, from what date her back pay should be calculated; and (4) whether plaintiff Alisa Mitchell should receive any back pay beyond January of 2003, because an arbitrator ruled that Mitchell was not eligible for promotion under the 2002 process and therefore she did not complete the promotion process.

Based on the briefs filed in support of and in opposition to the motion, the statements of counsel at the March 8 conference, and the entire record, the court submits the following proposed findings of fact, conclusions of law, and recommendation on the plaintiffs' motions.

### I.  PROPOSED FINDINGS OF FACT

Plaintiffs are officers with the Memphis Police Department ("MPD"). They filed suit against their employer, the City of Memphis, for denying them promotions to the rank of sergeant during police promotion processes administered by the City. Their suit consists of three consolidated cases challenging the promotion processes conducted in 2000, 2001, and 2002 under federal, state, and local law. The three cases are Johnson v. City of Memphis, No.

00-2608 ("Johnson I"); Johnson v. City of Memphis, No. 04-2017 ("Johnson II"); and Billingsley v. City of Memphis, No. 04-2013 ("Billingsley").

Following a bench trial, on December 28, 2006, District Judge Bernice Donald issued a Memorandum Opinion and Order on Remedies ("December 28 order"), finding that the City violated Title VII with regard to its promotion processes and awarding the plaintiffs monetary damages, promotions to the rank of sergeant, and retroactive seniority to the date that plaintiffs would have first been promoted to sergeant. In determining the plaintiffs' remedies, the court considered and rejected the plaintiffs' request that certain plaintiffs be promoted to the rank of lieutenant retroactive to 2005, with back pay:

> Awarding back pay, promotion and seniority credit leaves one form of injury unaddressed, namely the opportunity for further promotion foregone by the denial of promotion to sergeant. For instance, an officer denied promotion in the 2000 process might have by now been promoted to lieutenant if not for such denial. Plaintiffs argue that because they were not allowed to take the lieutenant's promotion process conducted in January 2005 due to the denial of their promotion to sergeant, the remedy owed them should include being allowed to take a lieutenant's test immediately. They assert that any plaintiff scoring as high as any individual selected for promotion to lieutenant, or within the range of scores that the City intends to promote from, should be promoted to lieutenant retroactive to January 2005 with appropriate back pay.
>
> Plaintiffs' request for immediate opportunity for advancement to lieutenant is not without merit. If the Court's goal is to compensate all plaintiffs such that parity of treatment with those already promoted is achieved, then the idea of allowing the newly promoted

-3-

>       sergeants to make up for lost time by taking the
>       lieutenant's test immediately has a certain logical
>       appeal.  This strategy has a fatal flaw, however: it
>       allows for promotion to lieutenant of officers who lack
>       the minimum requirements for such promotion.  The Court
>       must assume that the requirement of two years experience
>       as a sergeant is more than a mere formality.  It would
>       be, in the Court's judgment, irresponsible to override
>       this requirement by requiring the premature advancement
>       of officers to a position of such heightened
>       responsibility.  Consequently, the Court denies
>       Plaintiffs this element of their requested relief.

(12/28/06 Order, Johnson I, D.E. 388 at 35-37.)  By agreement between the parties, the plaintiffs were promoted to sergeant effective February 3, 2007, pending final resolution of this case.

On January 12, 2007, the plaintiffs filed a Motion and Memorandum to Amend Findings of Fact and Conclusions of Law, Motion to Restore Injunction and Motion to Reopen the Trial Record. (Johnson I, D.E. 389.)  Among other things, the plaintiffs requested that the court reopen the trial record for the limited purpose of receiving evidence relating to the remedy of awarding the plaintiffs the right to take the lieutenant's promotion test. Plaintiffs argued that "[t]here simply is no evidence in the record to suggest that experience as a sergeant is indeed anything but a formality to advancement to lieutenant." (D.E. 389 at 2.)  The district judge denied the motion, although she allowed limited discovery on the issues relating to the lieutenant promotion exam. (D.E. 496.)

On August 22, 2007, the plaintiffs filed an Application for an Injunction and Request for an Expedited Hearing. (Johnson I, D.E.

434.)  Plaintiffs moved the court pursuant to Fed. R. Civ. P. 65 to order the City to allow the plaintiffs to take a "make-up" promotion exam for the rank of lieutenant, which was scheduled to be administered October 11 through October 13, 2007.  On September 4, 2007, the district judge granted the application and issued an injunction requiring the City to allow the plaintiffs to take the make-up exam.  In issuing the injunction, the court found that the plaintiffs would be irreparably harmed if they were denied the opportunity to take the make-up exam and that this case presented an "exceptional circumstance" that warranted the extraordinary relief sought by the plaintiffs:

> Title VII "requires that persons aggrieved by the consequences and effects of the unlawful employment practice be, so far as possible, restored to a position where they would have been were it not for the unlawful discrimination." . . . Victims of discrimination are to be given the "most complete relief possible." . . . Plaintiffs aver that they would have been allowed to take the 2005 lieutenant's test if the City had not previously denied them a promotion to sergeant in July 2000 and January 2003. . . .
>
> The Court finds that the first factor, likelihood of success on the merits, preponderates in favor of plaintiffs, since [the] Court has already found that defendant unlawfully discriminated against plaintiffs. The Court hereby incorporates by reference the reasoning and holding from the December 28, 2006 Memorandum Opinion.
>
> Next, the Court considers the irreparable harm requirement.  On this point, the Court finds persuasive the testimony of Floresa Billingsley and other plaintiffs who testified that they have lost and will continue to lose the ability to compete for promotions and advance in their chosen careers if the Court does not grant relief. Because of the infrequency of the test, along with the

>   other factors cited by the plaintiffs, the Court finds that the Plaintiffs have met the irreparable harm requirement.
>
>   Third, the Court must balance the equities. The City states that the 2 year sergeant in-grade requirement is a bona fide occupational criterion. Moreover, the City argues that the instant hearing is not the proper vehicle to challenge that requirement. The Court agrees that an injunction hearing is ill suited to test the bona fides of the two-year sergeant requirement, and the Court will not decide that issue today.
>
>   However, the Court notes that the plaintiffs present themselves for relief, severely disadvantaged because of the unlawful actions of the City and the delay of the Court. The plaintiffs successfully showed that the City has made exceptions to the two-year performance requirement in the past for exceptional circumstances. In the instant case, the Court finds that the plaintiffs present an exceptional circumstance based on the City's past unlawful discrimination.
>
>   The Court finds that there is no legitimate reason for Defendant to deny plaintiffs the opportunity to take the lieutenant make-up test. Defendant has developed and scheduled the make-up promotional test. Thus, there is minimal inconvenience to Defendant by allowing plaintiffs to take the test.
>
>   Finally, the Court finds that public policy dictates that when persons have suffered unlawful discrimination, the Court looks to all prudent make-whole remedies. Plaintiffs have presented a reasonable remedy. . . .
>
>   Based on the foregoing, the Court finds that the plaintiffs have sufficiently satisfied the requirement for a Rule 65 mandatory injunction. The City is hereby ordered to permit the <u>Johnson</u> and <u>Billingsley</u> plaintiffs to take the October 2007 lieutenant make-up test. While this may present an inconvenience to the City, the harm of not issuing an injunction and denying plaintiffs' relief, is far more damaging.

(9/4/07 Order, <u>Johnson I</u>, D.E. 437 at 2-4) (citations omitted).

On February 3, 2009, the City produced to the plaintiffs two

separate lists based on two different combinations of exam scores for all the candidates who took the promotion exam in 2005, the make-up exam in October of 2007, and a second make-up exam in January of 2009. Between June 16, 2005 and January 22, 2009, the City promoted 122 employees to the position of lieutenant from names that appeared on one of the two lists. From the original list (the "one-part list"), the lowest scoring candidate promoted to lieutenant had a score of 79.30. From the alternate list (the "three-part list"), the lowest scoring candidate promoted to lieutenant had a score of 80.00. It was undisputed that the following thirteen plaintiffs scored equal to or higher than the lowest scoring candidates on the two lists who received promotions to lieutenant with an effective date of June 16, 2005: Chorcie Jones, Kathleen Lanier, Durand Martin, Herlancer Ross, Kedzie White, Floresa Billingsley, Sherman Bonds, Byron Hardaway, Eric Hulsey, Elvin Jackson, Vertie McNeil, Aundra Segrest, and John Williams.

On July 16, 2009, the City promoted to lieutenant an additional seventy employees who completed either the 2005 promotion exam or the make-up exams. The lowest scoring candidate promoted to lieutenant from the one-part list had a score of 74.80. The lowest scoring candidate promoted to lieutenant from the three-part list also had a score of 74.80. It was undisputed that the following fifteen plaintiffs scored equal to or higher than the

lowest scoring candidates who received promotions to lieutenant with an effective date of July 16, 2009: Tracey Burford, Marilyn Johnson, Ursla Jones, Lesley Murrell, Latonya Able, Loyce Bonds, Tasha Carter, Eric Dates, Carlos Davis, Bobby Jones, Russell McDaniel, Ryan Thomas, James Valentine, Keith Watson, and Frank Winston.

On September 14, 2009, the plaintiffs filed a motion seeking an order from the court directing the City to immediately promote the above-named twenty-eight plaintiffs to the rank of lieutenant. Pursuant to an order of reference, on October 1, 2009, the undersigned magistrate judge held a hearing on the plaintiffs' application for an injunction. After the hearing, the court issued a report and recommendation, in which it recommended that the application for an injunction be granted and that the City be ordered to immediately promote those twenty-eight plaintiffs to the rank of lieutenant. The court reasoned as follows:

> The court finds that the first factor, likelihood of success on the merits, weighs strongly in favor of the plaintiffs, as the court has already found that the City has discriminated against plaintiffs. Second, the court finds persuasive the testimony of the plaintiffs who testified that they have lost and will continue to lose the ability to gain valuable work experience as lieutenants, compete for future promotions to major due to their inability to meet the two-year lieutenant service requirement, and otherwise advance in their chosen careers, if the court does not grant the relief requested. In addition, the court previously found in connection with plaintiffs' application for an injunction to take the lieutenant make-up test that plaintiffs would suffer irreparable harm. Therefore, the court finds that the plaintiffs have demonstrated irreparable harm if the

>   application is denied. . . .
>
>   Third, the court finds that issuing the injunction would not cause substantial harm to others.  According to Deputy Chief Boyd, there are currently thirty-six lieutenant vacancies in the MPD, and thus ordering the City to promote the twenty-eight plaintiffs to the rank of lieutenant would not result in any current lieutenants being removed from their positions.  Nor is there any evidence that other, non-party sergeants would be denied promotions if the application for injunction is granted. Although the City argues that promoting these plaintiffs to lieutenant would result in creating even more sergeant vacancies, the court notes that the City recently promoted seventy sergeants to lieutenant despite these sergeant vacancy concerns.  Moreover, in the past the City has routinely filled sergeant vacancies with qualified patrol officers, and as Deputy Chief Boyd testified, there are approximately 900 officers currently going through the sergeant promotion process and the City expects to fill all of the sergeant vacancies by next year.
>
>   Finally, the court finds that the public interest would be served by issuance of the injunction.  It is undisputed that these twenty-eight plaintiffs have met all of the requirements for receiving a promotion to lieutenant, including satisfying the two-year sergeant service requirement and receiving test scores that are equal to or higher than the scores received by other sergeants who have been promoted to lieutenant.  In its December 28, 2006 order, the court considered the possibility of promoting plaintiffs to lieutenant, but decided against ordering that relief because, at that time, plaintiffs had not satisfied the two-year sergeant service requirement.  Now that these plaintiffs have met the requirements for promotion, there should no longer be any further impediment to their advancement. Needless to say, the court did not order the promotion of the plaintiffs to sergeant with the intention that they later be denied the same opportunities for advancement as other, non-party sergeants.

(11/10/09 Report and Recommendation, <u>Johnson I</u>, D.E. 520 at 11-13) (internal citation omitted).  The City filed objections to the report and recommendation, and on March 4, 2010, the district judge

-9-

rejected the City's objections and adopted the report and recommendation in its entirety ("March 4 order"). On March 5, 2010, the City filed a Notice of Appeal to the Court of Appeals and contemporaneously filed a Motion a Stay the March 4 order. On March 15, 2010, the district judge denied the City's Motion to Stay.

## II.   PROPOSED CONCLUSIONS OF LAW

### A.   Prejudgment Interest

At the March 8, 2011 conference on the instant motion, the parties stated that they were able to reach an agreement on the calculation of back pay damages for all plaintiffs as it relates to their sergeant-based back pay, but could not agree on the appropriate rate of prejudgment interest to apply to the back pay award.[1] Plaintiffs argue that the prejudgment interest rate should be 2.35% because that was the prejudgment interest rate used by the plaintiffs in several documents filed before and during trial without any objection from the City. Plaintiffs also point out that in a recent Title VII case filed by lieutenants in the MPD against the City involving a promotion process to the rank of major, Judge Donald rejected the City's request (which it also

---

[1] The City stated in its opposition briefs and at the March 8 conference that although it has agreed in large part to the accuracy of the plaintiffs' back pay calculations for purposes of entry of a final judgment, it does not waive its objections on appeal to challenge the court's decision to award any back pay or other forms of relief.

makes here) to use the one-year Treasury bill rate as the prejudgment interest rate, and instead used a rate of 4.2%. (See Oakley v. City of Memphis, No. 06-2276 D/P, Order on Remedies and Granting in Part and Denying in Part Plaintiffs' Mot. for Attorney Fees and Costs at 13). The City, on the other hand, argues that given the current economic environment, the court should use the one-year Treasury bill rate as a benchmark for awarding prejudgment interest. The City contends that since mid-2007, Treasury bill rates have steadily declined, and that the court should use a rate ranging between 0.56% and 0.21%.

As the Sixth Circuit has explained, "[p]rejudgment interest is usually appropriate to make a discrimination plaintiff whole" and an award of prejudgment interest "is an element of complete compensation" in a Title VII back pay award. United States v. City of Warren, 138 F.3d 1083, 1096 (6th Cir. 1998) (citing Thurman v. Yellow Freight Systems, Inc., 90 F.3d 1160, 1170 (6th Cir. 1996)). "[V]ictims of discrimination should not be penalized for delays in the judicial process, and discriminating employers should not benefit from such delays." Id. (citing Thurman, 90 F.3d at 1170). "The purpose of awarding prejudgment interest under Title VII . . . is to compensate victims both for the time value of the lost money as well as for the effects of inflation." Id. (citing EEOC v. O'Grady, 857 F.2d 383, 392 (7th Cir. 1988)). The award or denial of prejudgment interest is within the sound discretion of

-11-

the trial court.  Id. (citing Scales v. J.C. Bradford and Co., 925 F.2d 901, 908 (6th Cir. 1991)).

The court finds that, under the circumstances of this case, the prejudgment interest rate proposed by the plaintiffs of 2.35% per annum is appropriate.  First, throughout this litigation the plaintiffs have used the 2.35% prejudgment interest rate without objection from the City.  For example, prior to trial the plaintiffs filed affidavits with back pay spreadsheets using the 2.35% rate without objection.  (Johnson I, D.E. 365-67.)  At trial, the plaintiffs introduced the back pay spreadsheets without objection.  (Plas.' Tr. Exs. 22-24.)  In accordance with the court's order on remedies, the plaintiffs submitted updated calculations for back pay and used the 2.35% rate without objection.  It was only in connection with the present motions that the City first raised any objection to the 2.35% rate.

Second, this court in Oakley v. City of Memphis rejected a similar request by the City to use the one-year Treasury bill rate as the prejudgment interest rate and instead used a rate of 4.2% – almost twice the rate that plaintiffs are proposing in the instant case.  (See Oakley v. City of Memphis, No. 06-2276 D/P, Def.'s Tr. Br. Regarding Plas.' Remedies, D.E. 103 at 4-5; Order on Remedies and Granting in Part and Denying in Part Plaintiffs' Mot. for Attorney Fees and Costs at 13.)  Third, the City's argument that the 2.35% rate would result in a "windfall" for the plaintiffs

given the current economic conditions ignores the time value of the lost money and the effects of inflation. City of Warren, 138 F.3d at 1096. It would be unfair to the plaintiffs to award a prejudgment interest rate dictated only by the recent decline in the economy.[2]

Thus, the court submits that the plaintiffs are entitled to a back pay award with prejudgment interest calculated at 2.35% per annum.

**B.   Back Pay and Overtime Pay Based on Lieutenant Pay Scale**

Next, the parties disagree on whether the twenty-eight plaintiffs who were promoted to the rank of lieutenant pursuant to the court's order of March 4, 2010, including plaintiff Vertie McNeil, should be entitled to an award of back pay and overtime pay at the higher lieutenant pay scale. In her December 28, 2006 order, the district judge considered as a possible remedy promoting certain plaintiffs not only to the rank of sergeant, but also further promoting them to the rank of lieutenant retroactive to January of 2005 with appropriate back pay. (Johnson I, D.E. 388 at 36). The court, however, ultimately denied plaintiffs this form of relief. (Id. at 37.) Since the entry of the December 28 order, the court has not altered or amended its order to award promotions to the rank of lieutenant or award back pay based on such

---

[2]The City's argument that prejudgment interest should be calculated based on post-judgment interest under 28 U.S.C. § 1961 is not supported by any case authority within this circuit.

promotions. Moreover, the court denied plaintiffs' motion to reopen the record and amend the December 28 order on this very issue.

While it is true that, since 2006, the court has granted plaintiffs injunctive relief under Rule 65 by ordering the City to let the plaintiffs take the lieutenant make-up examination and ordering the City to promote the twenty-eight qualifying plaintiffs to the rank of lieutenant, those extraordinary remedies were granted primarily because of the irreparable injury that would have resulted had the plaintiffs been denied the chance to compete for these positions and denied the experience necessary to qualify for future promotions. "Preliminary injunctions are extraordinary remedies which should be granted only if the movant carries his burden of proving that the circumstances clearly demand it," Ciavone v. McKee, No. 1:08cv771, 2009 WL 2096281, at *1 (W.D. Mich. July 19, 2009), and it was under this demanding standard that the court granted the plaintiffs' request for injunctive relief. However, those orders were narrowly tailored to the specific injunctive relief sought by the plaintiffs and did not touch upon the issue of whether the plaintiffs should also be awarded back pay or overtime pay at the lieutenant pay scale.[3]  Therefore, in

---

[3]The court notes that the plaintiffs propose that the court's order on damages direct the City to adjust the employee records of the twenty-eight plaintiffs promoted to lieutenant to reflect retroactive seniority credit, to make all necessary retroactive pension contributions for these plaintiffs based on their promotion

accordance with the December 28 order, the court submits that the plaintiffs' back pay award should not include back pay or overtime pay based on the lieutenant pay scale.[4]

**C.  Plaintiff Alisa Mitchell**

Finally, the City argues that plaintiff Alisa Mitchell was not eligible for promotion to the rank of sergeant because "an arbitrator ruled Mitchell was not eligible for promotion under the 2002 process and consequently did not complete the process." (Johnson I, D.E. 505 at 4.)  According to the City, because Mitchell did not complete the promotion process, her back pay award should be calculated from the 2000 test to the date of the sergeant promotions in 2003.  At the March 8 conference, counsel for the plaintiffs stated that this matter was presented to the district judge at the bench trial, and that the district judge must have rejected the City's argument because she included Mitchell as a plaintiff entitled to promotion to sergeant in her December 28 order.  In addition, although the City claims that it is an "undisputed fact" that an arbitrator ruled that Mitchell was not

---

to lieutenant, and to make additional lieutenant promotions in the future should any of the plaintiffs meet the requirements for promotion.  Again, this relief is beyond the scope of the December 28 order and the orders granting plaintiffs' injunctive relief.  In addition, whether any particular plaintiff should be promoted in the future must be made on a case-by-case basis.

[4]This recommendation would necessarily include denying plaintiff Vertie McNeil her request for lieutenant back pay, and thus the court need not address the remaining issues as to McNeil.

eligible for promotion under the 2002 process, the City has not provided any citations to the record or other evidence to support this "undisputed fact." Moreover, even assuming, *arguendo*, that an arbitrator ruled that Mitchell was ineligible, "unreviewed administrative agency findings can never be afforded preclusive effect in a subsequent Title VII action." Hillman v. Shelby County Gov't, 297 F. App'x 450, 452 (6th Cir. 2008) (quoting Rao v. County of Fairfax, 108 F.3d 42, 45 (4th Cir. 1997)). There is no evidence before the court regarding whether the arbitrator's ruling was reviewed, and if so, whether the ruling should have any preclusive effect. Based on the record, the court submits that Mitchell's back pay award should not be limited to the period of 2000 through 2003 as requested by the City.

### III. RECOMMENDATION

For the reasons above, it is recommended that a rate of 2.35% per annum be used to calculate the plaintiffs' prejudgment interest, that the twenty-eight plaintiffs promoted to the rank of lieutenant pursuant to the March 4 order not be awarded back pay or overtime based on the lieutenant pay scale, and that plaintiff Mitchell's back pay award not be limited to the period of 2000 to 2003.

It is further recommended that, should the court adopt this report and recommendation, the parties promptly submit a revised calculation of damages for purposes of entry of a final judgment.

The revised calculation of damages should include the name of each plaintiff, the applicable retroactive sergeant promotion date for each plaintiff, and the back pay award for each plaintiff with prejudgment interest.

Respectfully submitted,

s/ Tu M. Pham
TU M. PHAM
United States Magistrate Judge

March 11, 2011
Date

**NOTICE**

**ANY OBJECTIONS OR EXCEPTIONS TO THIS REPORT MUST BE FILED WITHIN FOURTEEN (14) DAYS AFTER BEING SERVED WITH A COPY OF THE REPORT. 28 U.S.C. § 636(b)(1)(c).  FAILURE TO FILE THEM WITHIN FOURTEEN (14) DAYS MAY CONSTITUTE A WAIVER OF OBJECTIONS, EXCEPTIONS, AND ANY FURTHER APPEAL.**