# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TENNESSEE
# WESTERN DIVISION

| | |
|---|---|
| MARILYN JOHNSON et al., ) | |
| ) | |
|    Plaintiffs, ) | |
| ) | No. 00-2608 |
| v. ) | No. 04-2017 |
| ) | |
| CITY OF MEMPHIS, ) | |
| ) | |
|    Defendant, ) | |
| ) | |
| FLORENCE BILLINGSLEY et al., ) | |
| ) | |
|    Plaintiffs, ) | |
| ) | |
| v. ) | No. 04-2013 |
| ) | |
| CITY OF MEMPHIS, ) | |
| ) | |
|    Defendant. ) | |

### ORDER ADOPTING REPORT AND RECOMMENDATION OF
### THE UNITED STATES MAGISTRATE JUDGE, ORDER GRANTING IN PART
### AND DENYING IN PART PLAINTIFFS' MOTIONS FOR AWARD OF DAMAGES,
### ORDER DENYING MOTION TO REVSE ORDER, AND ORDER DENYING AS MOOT
### MOTION FOR STATUS CONFERENCE

Before the Court is the March 11, 2011 Report and Recommendation (D.E. #558) of the United States Magistrate Judge concerning Plaintiffs' Motion for Award of Damages filed March 13, 2009 (D.E. #498) and Plaintiffs' Second Supplement to Their Motion for Award of Damages filed October 7, 2010 (D.E. #544). Also before the Court are Plaintiffs' Motion to Revise Order or Alternatively Motion for Award of Additional Remedies filed March 17, 2011 (D.E. #560), and Plaintiffs' Unopposed Motion for Status Conference filed April 8, 2011 (D.E. #565).

By order entered December 28, 2006, the Court previously found that Plaintiffs—a class of Memphis police officers—suffered unlawful discrimination in violation of Title VII during the City's 2000, 2001, and 2002 promotional processes for the rank of sergeant. The parties agree as to the proper remedy for Plaintiffs with three exceptions: (1) the proper prejudgment interest rate; (2) whether to calculate back pay and overtime pay based on the lieutenant pay scale; and (3) whether damages for Plaintiff Alisa Mitchell should be limited to the period of 2000 to 2003 due to an arbitrator's ruling that rendered her ineligible for promotion. Following issuance of the report and recommendation, Plaintiffs moved the Court to amend its prior order to require the City to make Plaintiffs' promotions to lieutenant—an action mandated by the Court's March 4, 2010 order—effective for earlier dates.

For the reasons explained below, the Court **ADOPTS** the Magistrate Judge's report and recommendation. The Court grants Plaintiffs' request for prejudgment interest to be calculated at the rate of 2.35% rather than a rate based on the one-year Treasury bill, as requested by the City, because Plaintiffs' requested rate is more equitable and more fully compensates Plaintiffs for the lost value of the money owed to them by the City. The Court denies Plaintiffs' request, as well as Plaintiffs' related motion to amend, to calculate back pay and overtime pay based on the lieutenant pay scale because Plaintiffs were not eligible for promotion to the rank of lieutenant during the time in question, given their lack of two years service at the rank of sergeant. Finally, the Court finds that the City has failed to establish that an arbitrator's ruling rendered Plaintiff Mitchell ineligible for promotion and that her damages should thus be limited to the period of 2000 to 2003.

Accordingly, the parties' objections to the report and recommendation are **OVERRULED**. The Court **GRANTS IN PART AND DENIES IN PART** Plaintiffs' motions

for award of damages, **DENIES** Plaintiffs' motion to amend the Court's order of December 28, 2006, in which the Court denied Plaintiffs' immediate promotion. The parties' motion for a status conference is **DENIED AS MOOT**.

## I. BACKGROUND[1]

Plaintiffs are officers with the Memphis Police Department ("MPD"). They filed suit against their employer, the City of Memphis ("City"), for denying them promotions to the rank of sergeant during police promotion processes administered by the City. Their suit consists of three consolidated cases challenging the promotion processes conducted in 2000, 2001, and 2002 under federal, state, and local law. The three cases are Johnson v. City of Memphis, No. 00-2608 ("Johnson I"); Johnson v. City of Memphis, No. 04-2017 ("Johnson II"); and Billingsley v. City of Memphis, No. 04-2013 ("Billingsley").

Following a bench trial, on December 28, 2006, the Court issued its Memorandum Opinion and Order on Remedies ("December 28 order"), finding that the City violated Title VII with regard to its promotion processes and awarding Plaintiffs monetary damages, promotions to the rank of sergeant, and retroactive seniority to the date that Plaintiffs would have first been promoted to sergeant. In determining Plaintiffs' remedies, the Court considered and rejected Plaintiffs' request that certain plaintiffs be promoted to the rank of lieutenant retroactive to 2005, with back pay:

> Awarding back pay, promotion and seniority credit leaves one form of injury unaddressed, namely the opportunity for further promotion foregone by the denial of promotion to sergeant. For instance, an officer denied promotion in the 2000 process might have by now been promoted to lieutenant if not for such denial. Plaintiffs argue that because they were not allowed to take the lieutenant's promotion process conducted in January 2005 due to the denial of their promotion to sergeant, the remedy owed them

---

[1] The Court **ADOPTS** the Magistrate Judge's well-stated Proposed Findings of Fact and includes them in this order, with only minor alterations, as its own factual findings in this matter.

>should include being allowed to take a lieutenant's test immediately. They assert that any plaintiff scoring as high as any individual selected for promotion to lieutenant, or within the range of scores that the City intends to promote from, should be promoted to lieutenant retroactive to January 2005 with appropriate back pay.
>
>Plaintiffs' request for immediate opportunity for advancement to lieutenant is not without merit. If the Court's goal is to compensate all plaintiffs such that parity of treatment with those already promoted is achieved, then the idea of allowing the newly promoted sergeants to make up for lost time by taking the lieutenant's test immediately has a certain logical appeal. This strategy has a fatal flaw, however: it allows for promotion to lieutenant of officers who lack the minimum requirements for such promotion. The Court must assume that the requirement of two years experience as a sergeant is more than a mere formality. It would be, in the Court's judgment, irresponsible to override this requirement by requiring the premature advancement of officers to a position of such heightened responsibility. Consequently, the Court denies Plaintiffs this element of their requested relief.

(12/28/06 Order, Johnson I, D.E. #388 at 35-37.) By agreement between the parties, Plaintiffs were promoted to sergeant effective February 3, 2007, pending final resolution of this case.

On January 12, 2007, Plaintiffs filed a Motion and Memorandum to Amend Findings of Fact and Conclusions of Law, Motion to Restore Injunction and Motion to Reopen the Trial Record. (Johnson I, D.E. #389.) Among other things, Plaintiffs requested that the Court reopen the trial record for the limited purpose of receiving evidence relating to the remedy of awarding Plaintiffs the right to take the lieutenant's promotion test. Plaintiffs argued that "[t]here simply is no evidence in the record to suggest that experience as a sergeant is indeed anything but a formality to advancement to lieutenant." (D.E. #389 at 2.) The Court denied the motion, although it allowed limited discovery on the issues relating to the lieutenant promotion exam.

On August 22, 2007, Plaintiffs filed an Application for an Injunction and Request for an Expedited Hearing. (Johnson I, D.E. #434.) Plaintiffs moved the court pursuant to Rule 65 of

the Federal Rules of Civil Procedure to order the City to allow Plaintiffs to take a "make-up" promotion exam for the rank of lieutenant, which was scheduled to be administered October 11 through October 13, 2007. On September 4, 2007, the Court granted the application and issued an injunction requiring the City to allow Plaintiffs to take the make-up exam. In issuing the injunction, the Court found that Plaintiffs would be irreparably harmed if they were denied the opportunity to take the make-up exam. Further, the Court found that this case presented an "exceptional circumstance" warranting the extraordinary relief sought by the plaintiffs:

> Title VII "requires that persons aggrieved by the consequences and effects of the unlawful employment practice be, so far as possible, restored to a position where they would have been were it not for the unlawful discrimination." . . . Victims of discrimination are to be given the "most complete relief possible." . . . Plaintiffs aver that they would have been allowed to take the 2005 lieutenant's test if the City had not previously denied them a promotion to sergeant in July 2000 and January 2003. . . .
>
> The Court finds that the first factor, likelihood of success on the merits, preponderates in favor of plaintiffs, since [the] Court has already found that defendant unlawfully discriminated against plaintiffs. The Court hereby incorporates by reference the reasoning and holding from the December 28, 2006 Memorandum Opinion.
>
> Next, the Court considers the irreparable harm requirement. On this point, the Court finds persuasive the testimony of Floresa Billingsley and other plaintiffs who testified that they have lost and will continue to lose the ability to compete for promotions and advance in their chosen careers if the Court does not grant relief. Because of the infrequency of the test, along with the other factors cited by the plaintiffs, the Court finds that the Plaintiffs have met the irreparable harm requirement.
>
> Third, the Court must balance the equities. The City states that the 2 year sergeant in-grade requirement is a bona fide occupational criterion. Moreover, the City argues that the instant hearing is not the proper vehicle to challenge that requirement. The Court agrees that an injunction hearing is ill suited to test the bona fides of the two-year sergeant requirement, and the Court will not decide that issue today.

> However, the Court notes that the plaintiffs present themselves for relief, severely disadvantaged because of the unlawful actions of the City and the delay of the Court. The plaintiffs successfully showed that the City has made exceptions to the two-year performance requirement in the past for exceptional circumstances. In the instant case, the Court finds that the plaintiffs present an exceptional circumstance based on the City's past unlawful discrimination.
>
> The Court finds that there is no legitimate reason for Defendant to deny [the] plaintiffs the opportunity to take the lieutenant make-up test. Defendant has developed and scheduled the make-up promotional test. Thus, there is minimal inconvenience to Defendant by allowing [the] plaintiffs to take the test.
>
> Finally, the Court finds that public policy dictates that when persons have suffered unlawful discrimination, the Court looks to all prudent make-whole remedies. [The plaintiffs] . . . have presented a reasonable remedy. . . .
>
> Based on the foregoing, the Court finds that the plaintiffs have sufficiently satisfied the requirement for a Rule 65 mandatory injunction. The City is hereby ordered to permit the Johnson and Billingsley plaintiffs to take the October 2007 lieutenant make-up test. While this may present an inconvenience to the City, the harm of not issuing an injunction and denying plaintiffs' relief, is far more damaging.

(9/4/07 Order, Johnson I, D.E. #437 at 2-4) (citations omitted). On February 3, 2009, the City produced to Plaintiffs two separate lists based on two different combinations of exam scores for all the candidates who took the promotion exam in 2005, the make-up exam in October of 2007, and a second make-up exam in January of 2009. Between June 16, 2005 and January 22, 2009, the City promoted 122 employees to the position of lieutenant from names that appeared on one of the two lists. From the original list (the "one-part list"), the lowest scoring candidate promoted to lieutenant had a score of 79.30. From the alternate list (the "three-part list"), the lowest scoring candidate promoted to lieutenant had a score of 80.00. It was undisputed that the

following thirteen plaintiffs scored equal to or higher than the lowest scoring candidates on the two lists who received promotions to lieutenant with an effective date of June 16, 2005: Chorcie Jones, Kathleen Lanier, Durand Martin, Herlancer Ross, Kedzie White, Floresa Billingsley, Sherman Bonds, Byron Hardaway, Eric Hulsey, Elvin Jackson, Vertie McNeil, Aundra Segrest, and John Williams.

On July 16, 2009, the City promoted to lieutenant an additional seventy employees who completed either the 2005 promotion exam or the make-up exams. The lowest scoring candidate promoted to lieutenant from the one-part list had a score of 74.80. The lowest scoring candidate promoted to lieutenant from the three-part list also had a score of 74.80. It was undisputed that the following fifteen plaintiffs scored equal to or higher than the lowest scoring candidates who received promotions to lieutenant with an effective date of July 16, 2009: Tracey Burford, Marilyn Johnson, Ursla Jones, Lesley Murrell, Latonya Able, Loyce Bonds, Tasha Carter, Eric Dates, Carlos Davis, Bobby Jones, Russell McDaniel, Ryan Thomas, James Valentine, Keith Watson, and Frank Winston.

On September 14, 2009, Plaintiffs filed a motion seeking an order from the court directing the City to immediately promote the above-named twenty-eight plaintiffs to the rank of lieutenant. Pursuant to an order of reference, on October 1, 2009, United States Magistrate Judge Tu Pham held a hearing on Plaintiffs' application for an injunction. After the hearing, Judge Pham issued a report and recommendation, recommending that the application for an injunction be granted and that the City be ordered to immediately promote those twenty-eight plaintiffs to the rank of lieutenant. Judge Pham reasoned as follows:

> The court finds that the first factor, likelihood of success on the merits, weighs strongly in favor of the plaintiffs, as the court has already found that the City has discriminated against plaintiffs. Second, the court finds persuasive the testimony of the plaintiffs

7

who testified that they have lost and will continue to lose the ability to gain valuable work experience as lieutenants, compete for future promotions to major due to their inability to meet the two-year lieutenant service requirement, and otherwise advance in their chosen careers, if the court does not grant the relief requested. In addition, the court previously found in connection with plaintiffs' application for an injunction to take the lieutenant make-up test that plaintiffs would suffer irreparable harm. Therefore, the court finds that the plaintiffs have demonstrated irreparable harm if the application is denied. . . .

Third, the court finds that issuing the injunction would not cause substantial harm to others. According to Deputy Chief Boyd, there are currently thirty-six lieutenant vacancies in the MPD, and thus ordering the City to promote the twenty-eight plaintiffs to the rank of lieutenant would not result in any current lieutenants being removed from their positions. Nor is there any evidence that other, non-party sergeants would be denied promotions if the application for injunction is granted. Although the City argues that promoting these plaintiffs to lieutenant would result in creating even more sergeant vacancies, the court notes that the City recently promoted seventy sergeants to lieutenant despite these sergeant vacancy concerns. Moreover, in the past the City has routinely filled sergeant vacancies with qualified patrol officers, and as Deputy Chief Boyd testified, there are approximately 900 officers currently going through the sergeant promotion process and the City expects to fill all of the sergeant vacancies by next year.

Finally, the court finds that the public interest would be served by issuance of the injunction. It is undisputed that these twenty-eight plaintiffs have met all of the requirements for receiving a promotion to lieutenant, including satisfying the two-year sergeant service requirement and receiving test scores that are equal to or higher than the scores received by other sergeants who have been promoted to lieutenant. In its December 28, 2006 order, the court considered the possibility of promoting plaintiffs to lieutenant, but decided against ordering that relief because, at that time, plaintiffs had not satisfied the two-year sergeant service requirement. Now that these plaintiffs have met the requirements for promotion, there should no longer be any further impediment to their advancement. Needless to say, the court did not order the promotion of the plaintiffs to sergeant with the intention that they later be denied the same opportunities for advancement as other, non-party sergeants.

(11/10/09 Report and Recommendation, <u>Johnson I</u>, D.E. 520 at 11-13) (internal citation omitted). The City filed objections to the report and recommendation, and on March 4, 2010, the Court overruled the City's objections and adopted the report and recommendation in its entirety ("March 4 order"). On March 5, 2010, the City filed a Notice of Appeal to the Court of Appeals and contemporaneously filed a Motion a Stay the March 4 order. On March 15, 2010, the Court denied the City's Motion to Stay pending appeal to the Sixth Circuit.

Now before the Court is the issue of Plaintiffs' damages. The parties agree as to the remedy to which Plaintiffs are entitled, under the Court's prior rulings, with three exceptions: (1) the proper prejudgment interest rate; (2) whether to calculate back pay and overtime pay based on the lieutenant pay scale; and (3) whether damages for Plaintiff Alisa Mitchell should be limited to the period of 2000 to 2003 due to an arbitrator's ruling that rendered her ineligible for promotion.

## II. LAW AND ANALYSIS

When a court finds that an employer has engaged in employment discrimination in violation of Title VII, the court is authorized to award back pay and other relief as required to eliminate the effects of the employer's past discrimination. <u>Isabel v. City of Memphis</u>, 404 F.3d 404, 414 (6th Cir. 2005). Using its broad discretionary powers, the court must strive to make the injured party whole and, to the greatest extent possible, put the injured party in the position he or she would have occupied had not the unlawful discrimination occurred. <u>Id.</u>

### A. Prejudgment Interest Rate

Although the parties agree on the calculation of back pay damages for each of the plaintiffs as it relates to their sergeant-based back pay, there remains a dispute as to the appropriate rate of prejudgment interest to apply to the back pay award. Plaintiffs urge the Court

to adopt the rate of 2.35% because that is the rate Plaintiffs have previously used in this litigation, including at trial, without objection by the City. The City instead urges the Court to set the rate of prejudgment interest based on the one-year Treasury bill rate. Based on the one-year Treasury bill rate, which has steadily declined since mid-2007, the City argues for a prejudgment interest rate somewhere between 0.56% and 0.21%.

The Magistrate Judge recommends that the Court accept Plaintiffs' proposed prejudgment interest rate of 2.35% for three reasons: (1) it is the rate Plaintiffs have used throughout this litigation without objection from the City; (2) this Court rejected a similar request to use the one-year Treasury bill rate in Oakley v. City of Memphis, Case No. 06-2276, D.E. 114, (W.D. Tenn. Nov. 22, 2010), instead awarding prejudgment interest at the rate of 4.2%; and (3) the rate of 2.35% more properly allows for the time value of lost money and the effects of inflation, given current economic conditions. The Court agrees with the Magistrate Judge's recommendation. Contrary to the City's argument, Plaintiffs' proposed rate will not result in a windfall for Plaintiffs. Considering the totality of the circumstances in this case and applying the principles of equity, the Court finds that a rate of 2.35% per annum is appropriate. For the above reasons as well as the reasons set forth in the Magistrate Judge's report and recommendation, which are incorporated herein by reference, the Court grants Plaintiffs' request for a prejudgment interest rate of 2.35%.

**B. Back Pay and Overtime Pay Based on Lieutenant Pay Scale**

The next issue raised by the parties before the Magistrate Judge is whether the twenty-eight plaintiffs promoted to lieutenant by the Court's March 4, 2010 order should be entitled to back pay and overtime pay based on the higher lieutenant pay scale. The Magistrate Judge recommends denial of Plaintiffs' request to award back pay and overtime based on the lieutenant

pay scale because, in its December 28, 2006 order, the Court denied Plaintiffs' request for promotion to the rank of lieutenant retroactive to January 2005 and the Court has never amended its order to award promotions to lieutenant or back pay at the lieutenant rate.  In addition to their objection to this part of the report and recommendations, Plaintiffs filed a motion to amend the December 28 order under Federal Rule of Civil Procedure 54(b).  In their motion, Plaintiffs contend that the twenty-eight plaintiffs promoted to lieutenant pursuant to the Court's March 4, 2010 order would have been promoted to lieutenant nearly five years earlier on June 16, 2005 had the City not wrongfully denied them promotions to sergeant in 2000 and 2003.  Therefore, Plaintiffs contend they are entitled to receive lieutenant back pay and retroactive seniority to the date they should have been promoted to lieutenant.  The City opposes Plaintiffs' motion to amend, arguing that it is inappropriate to grant Plaintiffs' requested relief because (1) it has never before been granted by the Court during this litigation, and (2) the case is currently on appeal to the Sixth Circuit.

      The Court adopts the recommendation of the Magistrate Judge with respect to this issue.  As stated by the Magistrate Judge, the Court's order requiring promotion of the twenty-eight qualifying Plaintiffs was premised on the need to prevent "the irreparable injury that would have resulted had the plaintiffs been denied the chance to compete for these positions and denied the experience necessary to qualify for future promotions."  (3/11/2011 Report and Recommendation, Johnson I, D.E. 558 at 14.)  As the Magistrate Judge further noted, the Court's directive was "narrowly tailored to the specific injunctive relief sought by the plaintiffs and did not touch upon the issue of whether the plaintiffs should also be awarded back pay or overtime pay at the lieutenant pay scale."  (Id.)  Thus, while the Court directed the City to promote certain Plaintiffs in its March 4, 2010 order, the Court has never held that Plaintiffs are entitled to

retroactive monetary relief based on the lieutenant pay scale, and the Court finds that Plaintiffs have not presented good cause to revisit this issue. Plaintiffs may re-raise this issue after the Sixth Circuit has ruled. For the above reasons as well as the reasons set forth in the Magistrate Judge's report and recommendation, which are incorporated herein by reference, the Court rejects Plaintiffs' request to calculate back pay and overtime pay based on the lieutenant rate of pay. For the same reasons, Plaintiffs' motion to amend is **DENIED**.

### C. Plaintiff Vertie McNeil

The parties also specifically disagree as to Plaintiff Vertie McNeil's eligibility for lieutenant-based back pay. The Magistrate Judge pretermitted consideration of the issues specifically concerning Plaintiff McNeil's eligibility for lieutenant back pay in light of the recommendation to deny all requests for lieutenant back pay and overtime. The Court adopts the recommendation of the Magistrate Judge on the issue of back pay and overtime pay and pretermits consideration of the issues concerning Plaintiff McNeil specifically.

### D. Plaintiff Alisa Mitchell

The final issue concerns the date for calculation of back pay for Plaintiff Alisa Mitchell. The City contends that Plaintiff Mitchell's award of back pay should be limited to the period of 2000 through 2003. The City submits that an "arbitrator" ruled Mitchell ineligible to compete in the 2002 promotional process. Those who passed the 2000 test later declared invalid were returned to their prior ranks if unsuccessful on the 2002 test.

The City, however, has not submitted a copy of the arbitrator's ruling. As the Magistrate Judge noted, the City has also failed to provide evidence that the arbitrator's ruling was reviewed and, if so, whether it should be given preclusive effect. See Hillman v. Shelby County Gov't., 297 F. App'x 450, 452 (6th Cir. 2008) ("[U]nreviewed administrative agency findings can never

be afforded preclusive effect in a subsequent Title VII action.") (citation omitted).  Accordingly, for the above reasons as well as the reasons set forth in the Magistrate Judge's report and recommendation, which are incorporated herein by reference, the Court finds that the City has failed to demonstrate that Plaintiff Mitchell is not entitled to back pay for more than the period of 2000 to 2003.  See EEOC v. Wilson Metal Casket Co., 24 F.3d 836, 841 (6th Cir. 1994) ("The victim of discrimination must prove entitlement to back pay by providing information from which her damages can be determined.  Once the victim has proven the amount of damages, 'she is presumed to be entitled to the amount claimed unless the defendant can prove [by a preponderance of the evidence]' otherwise.") (quoting Wooldridge v. Marlene Indus. Corp., 875 F.2d 540, 547 (6th Cir. 1989)).

**III. CONCLUSION**

For the foregoing reasons, the Court **OVERRULES** the parties' objections to the report and recommendation of the United States Magistrate Judge, **ADOPTS** the Magistrate Judge's report and recommendation, and **GRANTS IN PART AND DENIES IN PART** Plaintiffs' Motion for Award of Damages and Plaintiffs' Second Supplement to Their Motion for Award of Damages as follows:

1. Plaintiffs are awarded prejudgment interest calculated at the rate of 2.35% per annum;
2. Plaintiffs promoted to the rank of lieutenant pursuant to the Court's March 4 order shall not receive back pay or overtime pay calculated based on the lieutenant pay scale;
3. Plaintiff Mitchell's back pay shall not be limited to the period of 2000 to 2003;
4. Plaintiffs' motion to amend filed March 17, 2011, is **DENIED**;

5. Plaintiffs' motion for status conference filed April 8, 2011, is **DENIED AS MOOT**; and

6. Within thirty (30) days of the date of this order, the parties shall submit a revised calculation of damages. The revised calculation of damages should include the name of each plaintiff, the applicable retroactive sergeant promotion date for each plaintiff, and the back pay award for each plaintiff with prejudgment interest.

**IT IS SO ORDERED,** this 21st day of June, 2011.

                              s/Bernice Bouie Donald
                              **BERNICE BOUIE DONALD**
                              **UNITED STATES DISTRICT JUDGE**