```
                  IN THE UNITED STATES DISTRICT COURT
                 FOR THE WESTERN DISTRICT OF TENNESSEE
                           WESTERN DIVISION
```

_____

|                              |   |                    |
|------------------------------|---|--------------------|
| **MARILYN JOHNSON, et al.,** | ) |                    |
|     **Plaintiffs,**          | ) |                    |
| vs.                          | ) | No. 00-2608 D/P    |
|                              | ) |       &            |
| **CITY OF MEMPHIS,**         | ) | No. 04-2017 D/P    |
|     **Defendant.**           | ) |                    |
|                              | ) |                    |
| **FLORENCE BILLINGSLEY, et al.,** | ) |               |
|     **Plaintiffs,**          | ) |                    |
|                              | ) | No. 04-2013 D/P    |
| vs.                          | ) |                    |
| **CITY OF MEMPHIS,**         | ) |                    |
|     **Defendant.**           | ) |                    |

_____

**REPORT AND RECOMMENDATION**
_____

Before the court by order of reference is the Combined Motion and Memorandum to Convert Preliminary Injunction Into a Permanent Injunction ("Motion for Permanent Injunction"), filed by the plaintiffs on July 25, 2011. (D.E. 570.) Defendant City of Memphis ("City") filed a response in opposition on August 8, 2011. A hearing was held before the undersigned magistrate judge, at which all parties were present and heard. In addition to the witnesses who testified at the hearing, the plaintiffs also filed

several affidavits in support of their motion on August 23, 2011, to which the City filed a response on August 29, 2011. Based on the testimony provided at the hearing, the briefs and affidavits filed by the parties, and a review of the entire record, the court recommends that the Motion for Permanent Injunction be granted in part and denied in part.

## I. PROPOSED FINDINGS OF FACT

Plaintiffs are officers with the Memphis Police Department ("MPD"). They brought this lawsuit against their employer, the City, for denying them promotion to the rank of sergeant during the police promotion process administered by the City. Their suit consists of three consolidated cases challenging the promotion processes conducted in 2000, 2001, and 2002 under federal, state, and local law. The three cases are Johnson v. City of Memphis, No. 00-2608 ("Johnson I"); Johnson v. City of Memphis, No. 04-2017 ("Johnson II"); and Billingsley v. City of Memphis, No. 04-2013 ("Billingsley").

Following a bench trial, on December 28, 2006, the district judge issued a Memorandum Opinion and Order on Remedies ("December 28 Order"), finding that the City violated Title VII with regard to its promotion processes and awarding the plaintiffs damages, promotions to the rank of sergeant, and retroactive seniority to the date that plaintiffs would have first been promoted to sergeant. The court denied the plaintiffs' request to immediately

sit for the lieutenant's promotion test and become eligible for corresponding lieutenant-level back pay and seniority. The court reasoned that this remedy would inappropriately circumvent the City's requirement that officers have two years of experience at the rank of sergeant before becoming eligible for promotion to lieutenant. By agreement between the parties, plaintiffs were promoted to sergeant effective February 3, 2007, pending final resolution of this case.

On August 22, 2007, plaintiffs filed an application for an injunction, asking that the City be required to allow the plaintiffs to take a "make-up" promotion exam for the rank of lieutenant, which was scheduled for October 2007. On September 4, 2007, the district judge granted the application and issued an injunction requiring the City to allow the plaintiffs to take the make-up test. The City administered a second make-up lieutenant promotion test on January 10, 2009, for two candidates.

On February 3, 2009, the City produced to the plaintiffs two separate lists (based on two different combinations of test scores) for all the candidates who took the promotion test in 2005, the make-up test in October 2007, and the second make-up test in January 2009. Twenty-eight plaintiffs scored equal to or higher than the lowest scoring candidates on the two lists who had received promotions to lieutenant. On September 14, 2009, plaintiffs filed a motion seeking an order from the court directing

the City to immediately promote these twenty-eight plaintiffs to the rank of lieutenant. The undersigned magistrate judge recommended that this request be granted, finding that (1) the plaintiffs had established a likelihood of success on the merits based upon the court's previous finding that the City had discriminated against them, (2) the plaintiffs would suffer irreparable harm if they did not receive this promotion, (3) the injunction would not cause substantial harm to others, and (4) the injunction would serve the public interest. On March 4, 2010, the district judge adopted the report and recommendation and issued a preliminary injunction requiring the MPD to promote these twenty-eight plaintiffs to the rank of lieutenant.

On March 5, 2010, the City appealed the court's order granting this preliminary injunction, and the appeal is currently pending before the Court of Appeals. It is this preliminary injunction that the plaintiffs now seek to convert to a permanent injunction. Plaintiffs assert that a permanent injunction is necessary to grant them the "make-whole" relief that they are entitled to receive under Title VII. (Pl.'s Mot. for Perm. Inj. at 3.) Plaintiffs also argue that the twenty-eight promoted plaintiffs should be awarded back pay on the lieutenant pay scale and retroactive seniority. In support of this argument, plaintiffs claim that the City has, on multiple occasions, waived its two-year sergeant service requirement for other non-plaintiff officers who completed

make-up promotion tests. In response, the City argues that the plaintiffs' request for a permanent injunction would only serve to moot the preliminary injunction currently on appeal, and that the plaintiffs' request for lieutenant back pay and seniority has been previously denied by the court.

## II. PROPOSED CONCLUSIONS OF LAW

In determining whether to issue a permanent injunction, the court must consider (1) whether the movant is actually successful on the merits, (2) whether the movant would suffer continuing irreparable injury for which there is no adequate remedy at law if the court fails to issue the injunction, (3) whether the injunction would cause substantial harm to others, and (4) whether the public interest would be served by issuance of the injunction. United States v. Szoka, 260 F.3d 516, 523 (6th Cir. 2001) (citing Kallstrom v. City of Columbus, 136 F.3d 1055, 1067 (6th Cir. 1998); Blue Cross & Blue Shield Mut. of Ohio v. Blue Cross & Blue Shield Ass'n, 110 F.3d 318, 322 (6th Cir. 1997)). "In general, the standard for a preliminary injunction is essentially the same as for a permanent injunction with the exception that for a preliminary injunction the plaintiff must show a likelihood of success on the merits rather than actual success." Am. Civil Liberties Union of Ky. v. McCreary Cnty., 607 F.3d 439, 445 (6th Cir. 2010) (citations and quotation marks omitted). As set forth in the November 11, 2009 report and recommendation and the district

judge's March 4, 2010 order granting plaintiffs' motion for preliminary injunction, the plaintiffs have satisfied all of these factors, including actual success on the merits. Thus, plaintiffs' Motion for Permanent Injunction should be granted.

The City's only argument in opposition to the motion is that converting the preliminary injunction to a permanent injunction would effectively moot the City's pending appeal, which has been fully briefed by the parties. "Generally, an appeal from the grant of a preliminary injunction becomes moot when the trial court enters a permanent injunction, because the former merges into the latter." Grupo Mexicano de Desarrollo, S.A. v. Alliance Bond Fund, Inc., 527 U.S. 308, 314 (1999); see also WWP, Inc. v. Wounded Warriors Family Support, Inc., 628 F.3d 1032, 1038 (8th Cir. 2011) (quoting Grupo Mexicano); United States v. Raymond, No. 87-1974, 1988 WL 54061, at *1 (6th Cir. May 24, 1988) ("An appeal from a preliminary injunction becomes moot when a permanent injunction is granted."). The court realizes that much time, effort, and resources have already been devoted to the pending appeal of the March 4, 2010 order. However, this practical consideration alone should not prevent the plaintiffs from obtaining relief to which they are entitled.

The plaintiffs also move the court to award lieutenant back pay and retroactive seniority for the twenty-eight plaintiffs promoted to lieutenant as a result of the court's March 4, 2010

order. The court has already considered and denied this form of relief. Specifically, in her June 21, 2011 order, the district judge adopted the magistrate judge's March 11, 2011 report and recommendation on this issue, and added that "the Court has never held that Plaintiffs are entitled to retroactive monetary relief based on the lieutenant pay scale, and the Court finds that Plaintiffs have not presented good cause to revisit this issue. *Plaintiffs may re-raise this issue after the Sixth Circuit has ruled.*" (Order Adopting March 11, 2011 R&R, D.E. 567 at 11-12) (emphasis added). As previously stated, the appeal is still pending before the Sixth Circuit.

Furthermore, even if it were appropriate for the court to consider plaintiffs' "additional evidence" regarding the City's "waiver" of the two-year sergeant service requirement, the court finds that this evidence does not support plaintiffs' argument. As an initial matter, much of the evidence was previously presented to and considered by the court, or was otherwise available to the plaintiffs. Lieutenant Samuel Hines testified that he was unable to take the test for promotion to lieutenant in January 2005 because he was serving with the military at that time. After he returned from his deployment, Lieutenant Hines was allowed to take the make-up lieutenant's test in October 2007, and was then promoted to lieutenant. He was also given back pay at the lieutenant scale and retroactive seniority. Lieutenant Lenora

Armstead testified that she was promoted to sergeant in January 2003, and that she was terminated in May 2003. A state court later ruled that her termination was unlawful and ordered her reinstated in March 2008. Lieutenant Armstead was then allowed to take the January 2009 lieutenant make-up test, was promoted to lieutenant, and was given lieutenant back pay and retroactive seniority. The court submits that both of these witnesses presented extenuating circumstances surrounding their promotions to lieutenant and do not evidence a "waiver" by the City of the two-year service requirement.

### III. RECOMMENDATION

For the reasons above, the court recommends that the preliminary injunction be converted to a permanent injunction under the same terms as set forth in the court's March 4, 2010 order.

Respectfully submitted,

s/ Tu M. Pham
TU M. PHAM
United States Magistrate Judge

October 12, 2011
Date

**NOTICE**

**ANY OBJECTIONS OR EXCEPTIONS TO THIS REPORT MUST BE FILED WITHIN FOURTEEN (14) DAYS AFTER BEING SERVED WITH A COPY OF THE REPORT. 28 U.S.C. § 636(b)(1)(C). FAILURE TO FILE THEM WITHIN FOURTEEN (14) DAYS MAY CONSTITUTE A WAIVER OF OBJECTIONS, EXCEPTIONS, AND ANY FURTHER APPEAL.**