IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

**MARILYN JOHNSON, et al.,**

    Plaintiffs,

v.                                                           No. 00-2608 D/P

**CITY OF MEMPHIS,**                          No. 04-2017 D/P

    **Defendant.**

**FLORENCE BILLINGSLEY, et al.,**

    Plaintiffs,

v.                                                            No. 04-2013 D/P

**CITY OF MEMPHIS,**

    **Defendant.**

## ORDER ADOPTING MAGISTRATE JUDGE'S
## REPORT AND RECOMMENDATION

Before the Court is Plaintiffs' Motion for Permanent Injunction, filed July 25, 2011. (D.E. #570.) Plaintiffs seek to convert the Court's preliminary injunction into a permanent injunction as well as an order awarding Plaintiffs back pay and retroactive seniority. On July 27, 2011, the Court referred Plaintiffs' motion to the United States Magistrate Judge for a Report and Recommendation. Defendant City of Memphis ("City") filed a Response in Opposition to the motion on August 8, 2011. (D.E. #572.)

On October 12, 2011, the Magistrate Judge entered a Report and Recommendation advising this Court to grant a permanent injunction but to deny Plaintiffs' request for an award of

back pay and retroactive seniority. (D.E. #582.)  Both sides filed objections to the Magistrate Judge's Report and Recommendation.  (D.E. ##584, 585.)

Having considered Plaintiffs' Motion, the Magistrate Judge's Report, the objections and responses filed by both sides, and the guidance of the Sixth Circuit in its November 2, 2011 opinion affirming the preliminary injunction, the Court hereby **ADOPTS** the Report and Recommendation of the Magistrate Judge.  Consistent with that report, and for the reasons set forth therein, the Court finds that Plaintiffs' motion to convert the preliminary injunction into a permanent injunction should be granted, but the request for lieutenant back pay and retroactive seniority should be denied.  In addition to noting that this Court had already considered and denied Plaintiffs' request for such relief, the Magistrate Judge found after a hearing that Plaintiffs' "additional evidence" did not support its argument that the City waived the two-year service requirement.  (Rep. and Rec. at 7.)  Rather, the testimony of Lieutenants Hines and Armstead presented "extenuating circumstances surrounding their promotions to lieutenant and do not evidence a 'waiver' by the City of the two-year service requirement."  (Id.) Consequently, the Magistrate Judge recommended that the permanent injunction be granted only under the terms set forth in the Court's March 4, 2010 order.  The Court agrees.  Therefore, Plaintiffs' motion for a permanent injunction is **GRANTED**, but Plaintiffs' motion for lieutenant back pay and retroactive seniority is **DENIED**.

**IT IS SO ORDERED** this 7th day of November, 2011.


s/ Bernice Bouie Donald
**BERNICE BOUIE DONALD**
**UNITED STATES DISTRICT COURT JUDGE**