| | |
|---|---|
| **MARILYN JOHNSON; DURAND** ) | |
| **MARTIN; FRED ACOSTA; RACHELLE** ) | |
| **BARHAM; MIKE BISHOP; MIKE** ) | |
| **BLAKELY; SPENCER BRIGGS;** ) | |
| **GLENDA BROWN; TRACY BURFORD;** ) | |
| **FELIX CALVI; ROBIN CAMPBELL;** ) | |
| **TIM COOPER; CRAIG COOK; JAMES** ) | |
| **CURRIN; SEAN G. DAUBERGER;** ) | |
| **ANTHONY DAVIS; BRIAN DEHAAN;** ) | |
| **CHAROLETTE EASTER; LARRY** ) | |
| **ECHOLS; CHARLES GENTRY; JAMES** ) | |
| **GRISBY; JOHN HARBER; ROBERT** ) | |
| **HONORE; MELANIE HOWE;** ) | |
| **DOROTHY HYMAN; PHILLIP** ) | |
| **JACKSON; CHORCIE JONES;** ) | |
| **URSALA JONES; STACEY** ) | |
| **LAMONDUE; KATHLEEN LANIER;** ) | |
| **JAMES LUCKETT; EDWARD** ) | |
| **LUELLEN; RUSSELL MANESS; JOHN** ) | |
| **MANNON; JOSEPH MARROW; MIKE** ) | |
| **MCCORD; MICHAEL MCCOLLUM;** ) | |
| **ALISA MITCHELL; ALVIN MOORE;** ) | |
| **LESLEY MURRELL; DAVID** ) | |
| **PAYMENT; PAUL PRITT; MUNDY** ) | |
| **QUINN; HERLANCER ROSS;** ) | |
| **ANTHONY RUSSELL; RICKY** ) | |
| **SWATLEY; CELIA TISBY; PAUL** ) | |
| **TREMMEL; VERNON VAN BUREN;** ) | |
| **STEVE WARE; KEDZIE WHITE; and** ) | |
| **CONSTANCE YOUNG,** ) | |
| ) | |
| **Plaintiffs,** ) | |
| **v.** ) | **Nos. 00-2608-STA-tmp; 04-2017-BBD-tmp** |
| ) | |
| **CITY OF MEMPHIS,** ) | |
| ) | |
| **Defendant,** ) | |
| ) | |

and                                    )
                                       )
FLORENCE BILLINGSLEY; AUNDRA )
SEGREST; LATANYA ABLE; GARY    )
BADGETT; BERNICE BLACK; BRUCE)
BIVENS; LOYCE BONDS; SHERMAN )
BONDS; TASHA CARTER; CLIFTON   )
DATES; ERIC DATES; CARLOS        )
DAVIS; MYRON FAIR; ANTHONY     )
GARDNER; NOVELL GRAY; BYRON   )
HARDAWAY; ERIC HULSEY;          )
ARLANDA JACKSON; EVLIN          )
JACKSON; BOBBY JONES;            )
DEBORAH JONES; MYRON            )
LAWRENCE; MARK LUCAS;           )
RUSSELL MCDANIEL; VERTIE )
MCNEIL; JESSIE NELOMS; CARL     )
RAY; JOHN SMITH; DAFFNEY        )
THOMAS; RYAN THOMAS; JAMES    )
VALENTINE; KEITH WATSON;        )
JACKIE WILLIAMS; JOHN           )
WILLIAMS; and FRANK WINSTON,  )
                                       )
         Plaintiffs,                   )
                                       )
v.                                     )          No. 04-2013-BBD-egb
                                       )
CITY OF MEMPHIS,                       )
                                       )
         Defendant.                    )
_____

**ORDER OVERRULING PLAINTIFFS' OBJECTIONS TO MAGISTRATE JUDGE'S ORDER**
_____

        Before the Court is Plaintiffs' Objections and Exceptions to the Magistrate Judge's Order

Granting Defendant's Motion to Quash (D.E. # 431), filed on May 28, 2007.  Defendant filed a

Motion to Quash (D.E. # 415) on March 16, 2007.  Plaintiff filed a Response in Opposition (D.E.

# 419) on April 2, 2007, and Defendant filed a Reply (D.E. # 424) on April 13, 2007.  The

Magistrate Judge issued an Order Granting Defendant's Motion to Quash (D.E. # 430) on May 21, 2007. Plaintiffs filed their Objections to this Order (D.E. # 431) on May 28, 2007, and Defendants filed a Response to these Objections (D.E. # 432) on June 5, 2007. For the following reasons, Plaintiffs' Objections are **OVERRULED**.

<u>BACKGROUND</u>

The instant objections before the Court form a minor part of this case's twelve-year history. Plaintiffs initially sued the City of Memphis for alleged violations of Title VII's prohibition against racial discrimination in the promotional processes within the Memphis Police Department. After a non-jury trial held before Judge Donald[1] on July 11-28, 2005, the court found for Defendant on all claims except Plaintiffs' Title VII disparate impact claims as to the 2002 sergeant promotion process. The court entered a Memorandum Opinion and Order on Remedies (D.E. # 388) on December 28, 2006, which granted Counsel for Plaintiffs, a solo practitioner, attorney's fees. As such, Plaintiffs filed their Motion for Attorney's Fees (D.E. # 411) on February 28, 2007. Before Defendant filed its Response, it filed the Motion to Quash underlying Plaintiffs' Objections currently before the Court (D.E. # 415) on March 16, 2007.

The Motion to Quash related to a subpoena duces tecum requesting Defendant to disclose copies of the time records and invoices received from all law firms and experts providing services to Defendant in each of the three above-captioned cases. Plaintiffs asserted that this disclosure was necessary to demonstrate the reasonableness of the fee and hours requested by Plaintiffs' counsel. Defendant filed a response to this Motion to Quash (D.E. # 419) on April 2,

---

[1]        Due to Judge Donald's confirmation to the Sixth Circuit, the Court was reassigned to this case on January 5, 2012.

2007, and Plaintiffs filed a Reply (D.E. # 424) on April 13, 2007.  The Magistrate Judge granted

Defendant's Motion to Quash (D.E. # 430) on May 21, 2007.  Plaintiffs timely appealed this

decision to Judge Donald (D.E. # 430) on May 28, 2007, and Defendant filed a response to

Plaintiffs' Objections (D.E. # 432) on June 5, 2007.

Two matters remain pending in this case.  One of those is the Objections now before the

Court.  The other,  the resolution of Plaintiffs' Motion for Attorney's Fees, is not yet ripe for

ruling, as the contents of Plaintiffs' Reply to Defendant's Response to Plaintiffs' Motion for

Attorney's Fees will turn on the outcome of the Court's review of Plaintiff's Objections to the

Magistrate Judge's ruling on Defendant's Motion to Quash.[2]  Therefore, the Court will take up

Plaintiff's Objections in this Order before turning to Plaintiffs' Motion for Attorney's Fees once

it is ripe for ruling.

In his Order Granting the Motion to Quash, the Magistrate Judge noted that a split in

authority exists in this District regarding the relevance of the opposing party's billing

information to a Motion for Attorney's Fees.  (Order, D.E. # 430, at 4.)  The Magistrate Judge

noted that "the relevance of [Defendant's] legal billing records depends upon the nature of the

objections raised by [Defendant]" in its Response to their Motion for Attorney's Fees.  (*Id.*)  The

Magistrate Judge identified six key objections raised by Defendant:

> 1) Plaintiffs' request includes time spent on unsuccessful claims; 2) many of
> Plaintiffs' counsel's time entries are vague and ambiguous; 3) Plaintiffs'
> counsel's hourly rate is excessive; 4) some of the tasks performed by Plaintiffs'
> counsel could have been performed by a paralegal or secretary at a much lower
> hourly rate; 5) Plaintiffs' limited success does not warrant an enhancement of the
> Lodestar calculation; and 6) Plaintiffs' expert witnesses' expenses should be

---

[2]        Furthermore, the Motion for Attorney's Fees is currently before the Magistrate
Judge for a Report and Recommendation.

reduced because their work, either in whole or in part, related to unsuccessful
claims.

(*Id.* at 4-5.)  The Magistrate Judge found Defendant's billing records irrelevant to numbers 1, 4,

and 6.  (*Id.* at 5.)  Moreover, he held that Defendant's records have nothing to do with whether

Plaintiffs' counsel's own time records are sufficiently specific to merit an award of attorney's

fees.  (*Id.*)  The Magistrate Judge found additional discovery of Defendant's hourly rate

information would be "unreasonably cumulative and duplicative," as Defendant already provided

its counsels' hourly rates to Plaintiffs, and Plaintiffs attached affidavits from three experienced

attorneys describing their hourly rates.  (*Id.*)  Finally, the Magistrate Judge found that

Defendant's billings records were irrelevant to whether Plaintiffs are entitled to a Lodestar

enhancement.  (*Id.* at 5-6.)

## STANDARD OF REVIEW

Federal Rule of Civil Procedure 72(a) provides that

[w]hen a [nondispositive] pretrial matter . . . is referred to a magistrate judge to
hear and decide, the magistrate judge must promptly conduct the required
proceedings and, when appropriate, issue a written order stating the decision.  A
party may serve and file objections to the order within [fourteen] days after being
served with a copy. . . . The district judge in the case must consider timely
objections and modify or set aside any part of the order that is clearly erroneous
or is contrary to law.

The Magistrate Judge's factual findings are reviewed under the clearly erroneous standard, and

the more lenient contrary to law standard applies to his legal conclusions.[3]  A Magistrate Judge's

decision is clearly erroneous when "the reviewing court on the entire evidence is left with a

definite and firm conviction that a mistake has been committed" even though there is evidence in

---

[3]     *EEOC v. Burlington N. & Santa Fe Ry. Co.*, 621 F. Supp. 2d 603, 605 (W.D.
Tenn. 2009).

the record to support the decision.[4]  Where there are two plausible views, a decision cannot be

clearly erroneous.[5]

## ANALYSIS

In their Objections, Plaintiffs assert that a careful reading of the cases relied on by the

Magistrate Judge, *Pollard v. E.I. DuPont de Nemours & Co.*, No. 95-3010, 2004 WL 784489

(W.D. Tenn. Feb. 24, 2004), and *Davis v. Fid. Techs. Corp.*, 180 F.R.D. 329 (W.D. Tenn. 1998),

"establishes [P]laintiffs' right to discover [Defendants' billing] records and [that] the

[M]agistrate [J]udge's order quashing the subpoena is contrary to law."[6]  Plaintiffs assert that

Defendant's objections to their Motion for Attorney's Fees arise from claims that Plaintiffs' fees

are excessive and unreasonable.  As such, Plaintiffs assert that the Court must compare the

records of counsel for both parties to determine the reasonableness of their requested fees, and

that comparison should begin with the attorney's fees paid by Defendant.[7]

Although Plaintiffs do not specifically identify the objections they make to the Magistrate

Judge's Order, the Court has identified five different objections in addition to the general

excessiveness objection addressed in the preceding paragraph.  First, Plaintiffs argue that "[b]y

selectively characterizing [D]efendant's arguments, the Magistrate Judge overlooked that the

core argument raised by [D]efendant [is] that the fee claimed is excessive.[8]  Plaintiffs focus on

---

[4]     *United States v. U.S. Gypsum Co.*, 333 U.S. 364, 395 (1948).

[5]     *Anderson v. City of Bessemer City*, 470 U.S. 564, 574 (1985).

[6]     (Pls.' Objs., D.E. # 431, at 2.)

[7]     (*Id.* at 7.)

[8]     (*Id.* at 8.)

6

the number and percentage of hours objected to by Defendant instead of the substance of Defendant's objections and aver that the Magistrate Judge mischaracterized Defendant's arguments. Second, by questioning whether counsel for Plaintiffs worked the hours he claimed, Plaintiffs argue that it would be "manifestly unfair" to allow Defendant to withhold evidence showing that Plaintiffs' counsel performed comparable tasks in substantially less time than Defendant's several counsel.[9] Plaintiffs reiterate their desire to refute Defendant's excessiveness claims by showing that the hours Plaintiffs' counsel charged were reasonable given Defendant's litigation tactics.[10]

Third, Plaintiffs contend that, as they were represented by a solo practitioner, Defendant's time records are relevant to show that Plaintiffs' counsel represented them in a highly efficient and economical manner.[11] This objection appears to be directed toward the fee rate charged by Plaintiffs' counsel rather than the amount of hours he worked.

Fourth, Plaintiffs argue that Defendant's time records are relevant to its vagueness objection to Plaintiffs' counsel's records. Plaintiffs state that Plaintiffs' counsel is entitled to demonstrate that his time entries are comparable, if not more detailed, than those kept by Defendant's counsel.[12] Armed with Defendant's billings records, Plaintiffs aver that they will be able to demonstrate that their own records are not overly vague.

---

[9] (*Id.* at 9.)

[10] (*Id.* at 10.)

[11] (*Id.* at 11.)

[12] (*Id.*)

Finally, Plaintiffs aver that the Magistrate Judge failed to cite to any authority for his final finding that Defendant's billing records have no relevance to enhancement of the Lodestar calculation.[13] Plaintiffs cite to a U.S. Supreme Court case, *Blum v. Stenson*,[14] and argue that Defendant's billing hours "may provide the specific evidence Plaintiffs need to show that the hourly rate fails 'to provide a reasonable fee for the quality of representation presented.'"[15] Plaintiffs argue that "[o]ne direct measure of the value of the benefits obtained by Plaintiffs to justify an upward adjustment of the fee is the amount [Defendant] paid to keep Plaintiffs from obtaining those benefits." As such, Plaintiffs' counsel avers that he provided "exceptional quality" service as a solo practitioner: he represented a large number of plaintiffs in what was then seven—and is now twelve—years of litigation "in a highly efficient and economical manner compared to the fees [Defendant] paid its troop of attorneys."[16]

In response, Defendant notes that "[t]he relevance of discovery into opposing counsel's billing information is dependent on the nature of the objections [the] defendant raises to [the] plaintiff's request for fees."[17] Defendant focuses on its objections to Plaintiffs' fee calculation, noting that its objections arise not from the number of hours charged by Plaintiffs' counsel but primarily from time entries involving clerical work and work related to the seven unsuccessful

---

[13]     (*Id.* at 12.)

[14]     465 U.S. 886, 899 (1984).

[15]     (Pls.' Objs., D.E. # 431, at 12.)

[16]     (*Id.* at 12-13.)

[17]     (Def.'s Resp., D.E. # 432, at 4.)

claims and theories of liability espoused by Plaintiffs.[18]  Defendant also states that it questions

the veracity of Plaintiffs' counsel's time entries in situations where the time reported seems

overly long.  For example, Defendant has questioned whether Plaintiffs' counsel spent fifteen

minutes leaving a phone message, as leaving phone messages usually takes a fraction of fifteen

minutes to complete.[19]  Defendant also minimizes the number of attorneys it employed to defend

this case: it argues that if Plaintiffs' counsel's choice to perform work that could have been

performed by an associate, paralegal, or secretary should be billed at a lower hourly rate.[20]

Before the Court addresses Plaintiffs' Objections, it will address the tension between the

two cases pointed to by Plaintiffs as requiring the disclosure of Defendant's timekeeping records.

First, in *Davis*, the court reviewed instances in which opposing counsel's billing information is

irrelevant: when "one side may employ more experienced counsel who bills at a higher rate, . . .

[when] the case may have greater precedential value to a defendant than a plaintiff, justifying the

expenditure of more money in defense, . . . or [when], if faced with treble damages, a defendant

may be willing to invest more money defending the case than a plaintiff would prosecuting the

case."[21]  In contrast, other courts have held that opposing counsel's billing information is

relevant to a "contest over what time was reasonably and necessarily spent in the preparation of a

---

[18]        (*Id.* at 4-5.)

[19]        (*Id.* at 5.)

[20]        (*Id.* at 6.)

[21]        *Davis v. Fid. Techs. Corp.*, 180 F.R.D. 329, 331 (W.D. Tenn. 1998) (citing cases
from the Eleventh and Seventh Circuits).

case"[22] and a fee dispute in an antitrust case over the reasonableness of the plaintiffs' attorney's fees and costs.[23]  Moreover, when unique aspects of opposing counsel's fees, such as their experience, the risks involved, or greater precedential value, are present, those characteristics should go to weight rather than admissibility.[24]

After reviewing these cases, the *Davis* court held that, in light of the defendant's excessiveness objection in preparing post-trial findings of facts and conclusions of law—when both parties were required to "review similar material [such as] deposition transcripts, trial transcripts, and case authorities"—Defendant's records "may well be the best measure of what amount of time is reasonable for this task."[25]  Therefore, the court found the that the defendant's attorney fee statements "*could* be relevant to responding to portions of the first objection that plaintiff's fee request includes unnecessary and excessive charges."[26]

Second, in *Pollard*, the defendant challenged the relevance of discovery of its attorney's billing records as related to the reasonable hourly rate and time expended by the plaintiff's counsel.[27]  It objected to the excessiveness of the fees requested and argued that plaintiff's

---

[22]     *Stastny v. S. Bell Tel. & Tel. Co.*, 77 F.R.D. 662, 663 (W.D.N.C. 1978), *cited in Davis*, 180 F.R.D. at 331.

[23]     *Chicago Prof'l Sports Ltd. P'ship v. Nat'l Basketball Ass'n*, No. , 1996 WL 66111, at *3 (N.D. Ill. Feb. 13, 1996), *cited in Davis*, 180 F.R.D. at 331.

[24]     *Coal. to Save Our Children v. State Bd. of Educ.*, 143 F.R.D. 61, 65 nn.2-3 (D. Del. 1992), *cited in Davis*, 180 F.R.D. at 331.

[25]     *Davis*, 180 F.R.D. at 332.

[26]     *Id.*

[27]     *Pollard v. E.I. DuPont de Nemours & Co.*, No. 95-3010, 2004 WL 784489, at *2 (W.D. Tenn. Feb. 24, 2004).

counsel's documented time for preparation of the fee petition should be reduced.[28]  Because the defendant did not cite any basis for its conclusion that the plaintiff's attorney's time was excessive, the court found that defendant's counsel's time spent preparing a response to plaintiff's fee petition would "serve as a logical yardstick from which to determine the reasonableness of such time expended by the plaintiff's counsel."[29]  Accordingly, the Court finds that in each of these cases, the relevance of opposing counsel's fee records depended upon the type of objection raised by opposing counsel.  Therefore, the Court will review Plaintiffs' objections to the Magistrate Judge's order with this guiding principle in mind.

The Court finds the Magistrate Judge's Order to be correct in its analysis, and it is not contrary to law.  As such, the Court is unpersuaded by Plaintiffs' arguments.  The Court will address each of Plaintiffs' objections in turn.  First, the Court declines Plaintiffs' invitation to view Defendant's objections to their fee request as a general excessiveness objection.  In its Response to Plaintiffs' Motion for Attorney's Fees, Defendant takes care to delineate specific objections to particular areas of Plaintiffs' fee request, and it provided a ninety-two page list of each of its objections with notations as to the reason behind each objection.  The Court will not view such detailed preparation in the over-broad fashion advocated by Plaintiffs.  Second, Defendant's objections to the number of hours Plaintiffs' Counsel worked generally appear to relate to telephonic conversations or review of brief court orders or setting letters.  These types of excessiveness objections do not merit disclosure of opposing counsel's billing information.

---

[28]    *Id.* at *3.

[29]    *Id.*

Third, Plaintiffs' objection relating to Defendant's protest regarding the amount of fees charged by Plaintiffs' counsel does not merit additional discovery in light of Defendant's disclosure of its counsels' hourly rates. Fourth, the Court does not need to compare Plaintiffs' and Defendant's counsels' billing records to determine if Plaintiffs' counsel's records are overly vague. The Court is quite capable of determining whether Plaintiffs' counsel adequately detailed his activities without resorting to a comparison with opposing counsels' records.

Finally, the Court agrees with the Magistrate Judge and finds that Defendant's billing records would be irrelevant to whether Plaintiffs' counsel is entitled to an enhancement of the Lodestar amount. Plaintiffs can rely on this case's twelve-year history and the lengthy number of docket entries—which will likely reach 600 before all issues in this case are finally resolved—in support of their contention that Defendant fiercely fought Plaintiffs as the case progressed; they need not acquire Defendant's billing records to sufficiently demonstrate the fierceness of the fight or that their sole attorney defeated Defendant's "troop of attorneys." Moreover, the phrase quoted by Plaintiffs from *Blum* is taken from the following passage:

> The "quality of representation," however, generally is reflected in the reasonable hourly rate. It, therefore, may justify an upward adjustment only in the rare case where the fee applicant offers specific evidence to show that the quality of service rendered was superior to that one reasonably should expect in light of the hourly rates charged and that the success was "exceptional."[30]

Defendant's billing records are irrelevant to whether Plaintiffs' success in the case was exceptional, and they are irrelevant to show the superior quality of his service. Plaintiffs' counsel can cite to other specific evidence than Defendant's billing records in support of his contention that his fee merits an enhancement of the Lodestar amount. Therefore, the Court

---

[30]     *Blum v. Stenson*, 465 U.S. 886, 899 (1984).

finds that the Magistrate Judge's Order was not contrary to law, and Plaintiffs' objections are **OVERRULED**.

<h2 style="text-align:center"><u>CONCLUSION</u></h2>

For the foregoing reasons, Plaintiffs' Objections are **OVERRULED**.  Plaintiffs have twenty days from entry of this Order to file their Reply to Defendant's Response.

**IT IS SO ORDERED**.

**s/ S. Thomas Anderson**
S. THOMAS ANDERSON
UNITED STATES DISTRICT JUDGE

Date: February 8, 2012.