IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

| | | |
|---|---|---|
| **MARILYN JOHNSON; DURAND MARTIN; FRED ACOSTA; RACHELLE BARHAM; MIKE BISHOP; MIKE BLAKELY; SPENCER BRIGGS; GLENDA BROWN; TRACY BURFORD; FELIX CALVI; ROBIN CAMPBELL; TIM COOPER; CRAIG COOK; JAMES CURRIN; SEAN G. DAUBERGER; ANTHONY DAVIS; BRIAN DEHAAN; CHAROLETTE EASTER; LARRY ECHOLS; CHARLES GENTRY; JAMES GRISBY; JOHN HARBER; ROBERT HONORE; MELANIE HOWE; DOROTHY HYMAN; PHILLIP JACKSON; CHORCIE JONES; URSULA JONES; STACEY LAMONDUE; KATHLEEN LANIER; JAMES LUCKETT; EDWARD LUELLEN; RUSSELL MANESS; JOHN MANNON; JOSEPH MARROW; MIKE MCCORD; MICHAEL MCCOLLUM; ALISA MITCHELL; ALVIN MOORE; LESLEY MURRELL; PAUL PRITT; MUNDY QUINN; HERLANCER ROSS; CELIA TISBY; PAUL TREMMEL; VERNON VAN BUREN; STEVE WARE; KEDZIE WHITE; and CONSTANCE YOUNG;** | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) | |
| v. | ) ) | No. 00-2608-STA-tmp No. 04-2017-STA-tmp |
| **CITY OF MEMPHIS,** | ) ) | |
| Defendant, | ) ) | |
| and **FLORESA BILLINGSLEY; AUNDRA SEGREST; LATANYA ABLE; GARY BADGETT; BERNICE BLACK; BRUCE BIVENS; LOYCE BONDS; SHERMAN BONDS; TASHA CARTER; CLIFTON DATES; ERIC DATES; CARLOS DAVIS; MYRON FAIR; ANTHONY GARDNER; NOVELL GRAY; BRYON HARDAWAY; ERIC HULSEY; ARLANDA JACKSON; ELVIN JACKSON; BOBBY JONES; DEBORAH JONES; MYRON LAWRENCE; MARK LUCAS; RUSSELL MCDANIEL; VERTIE MCNEIL; JESSIE NELOMS; CARL RAY; JOHN SMITH;** | ) ) ) ) ) ) ) ) ) ) ) ) ) | |

1

| DAFFNEY THOMAS; RYAN THOMAS; JAMES VALENTINE; KEITH WATSON; JACKIE WILLIAMS; JOHN WILLIAMS; and FRANK WINSTON; | ) ) ) ) ) | |
|---|---|---|
| v. | ) | No. 04-2013-STA-tmp |
| CITY OF MEMPHIS, | ) ) ) | |
| Defendant. | ) ) | |

# ORDER GRANTING STAY OF EXECUTION AND WAIVER OF SUPERSEDEAS BOND

Before the Court is Defendant City of Memphis' ("Memphis") Motion for Stay of Execution of Judgment and Waiver of the Supersedeas Bond Requirement (D.E. # 639) filed April 2, 2013. Plaintiffs filed a Response (D.E. # 644) on April 5, 2013. Memphis filed a Reply (D.E. # 647) on April 22, 2013. For the reasons stated herein, the Court **GRANTS** Memphis' Motion for Stay of Execution of Judgment and Waiver of the Supersedeas Bond Requirement.

"If an appeal is taken, the appellant may obtain a stay by supersedeas bond , except in an action described in Rule 62(a)(1) or (2) . . . . The stay takes effect when the court approves the bond."[1] A party filing a supersedeas bond is entitled to a stay of enforcement of a money judgment as a matter of right.[2] "However 'the Rule in no way necessarily implies that filing a bond is the only way to obtain a stay. It speaks only to stays granted as a matter of right, it does not speak to stays granted by the court in accordance with its discretion.'"[3] "[M]any district courts . . . have held that a full supersedeas bond should almost always be required and should

---

[1] Fed. R. Civ. P. 62(c).

[2] *Arban v. West Pub. Corp.*, 345 F.3d 390, 409 (6th Cir. 2003) (citing *Fed. Prescription Serv., Inc. v. Am. Pharm. Ass'n*, 636 F.2d 755, 759 (D.C. Cir. 1980) (citing *Am. Mfr. Mut. Ins. Co. v. Am. Broad. Paramount Theatres, Inc.*, 385 U.S. 931 (1966))).

[3] *Id.* (quoting *Am. Pharm. Ass'n*, 636 F.2d at 759).

2

only be excused where the appellant has demonstrated the existence of extraordinary circumstances."[4] One such extraordinary circumstance is where "the defendant's ability to pay the judgment is so plain that the cost of the bond would be a waste of money."[5] The primary concern is whether the defendant will retain the ability to pay the judgment through the pendency of any appeal.[6]

Memphis has introduced the declaration of Patrice Thomas ("Thomas"), the Comptroller for Memphis. In this declaration, Thomas avows Memphis maintains a General Fund for, *inter alia*, the purpose of satisfying money judgments. Thomas avers as of June 30, 2012, there was an unassigned balance in Memphis' General Fund of $61,667,000.00. (Thomas Decl. ¶ 3). Thomas further states that based on this figure and on Memphis' fiscal year-to-date activity, there are sufficient funds in Memphis' General Fund to promptly satisfy the Court's monetary award against Memphis if affirmed. (*Id.* ¶ 4-5). The Court finds that Memphis will retain its ability to pay the Court's judgment through the pendency of its appeal, and that Memphis' ability to do so is so plain that for Memphis to post a bond would simply waste money.

Plaintiffs argue the Court should apply the factors of *Hilton v. Braunskill*[7] to analyze whether issuance of a stay is appropriate in this case. Plaintiffs further argue the Court previously applied the *Hilton* factors to deny a stay of injunctive relief, and that the law of the

---

[4] *Monks v. Long Term Disability Benefits Plan for Certain Hourly Emps. of Champion Int'l Corp. No. 703*, No. 1:08-cv-752, 2012 WL 1598294, at *1 (S.D. Ohio May 7, 2012).

[5] *Arban v. W. Publ'g Corp.*, 345 F.3d 390, 409 (6th Cir. 2003) (quoting *Olympia Equip. Leasing Co. v. W. Union Tel. Co.*, 786 F.2d 794, 796 (7th Cir. 1986)).

[6] *See, e.g., Id.*; *Monks*, 2012 WL 1598294, at *3 (S.D. Ohio May 7, 2012) (considering other factors in denying waiver of supersedeas bond); *O'Callaghan v. SPX Corp.*, No. 2:09-cv-10196, 2010 WL 299497, at *1 (E.D. Mich. Jan. 20, 2010); *Hawthorne v. Lincoln Gen. Ins. Co.*, No. 08-12325, 2009 WL 1519055, at *1 (E.D. Mich. June 1, 2009).

[7] *Hilton v. Braunskill*, 481 U.S. 770, 776 (1987).

case demands that the Court again deny a stay pending appeal. However, the Court notes that district courts use the *Hilton* factors to review a motion for stay of *prospective* relief, not retrospective relief.[8] Memphis does not ask for a stay of prospective relief; indeed, it has already complied with the Courts' orders for prospective relief, promoting each Plaintiff in accordance with this Court's orders. Instead, Memphis asks for a stay pending appeal of enforcement of the Plaintiffs' money judgment against it, which is retrospective relief.[9] Therefore, the Court finds the *Hilton* factors inappropriate to the instant Motion.

Plaintiffs additionally argue Memphis has not demonstrated the "extraordinary circumstances" that allow a court to waive the requirement of a supersedeas bond, and cite to an order of this Court in *Arvest Bank v. Byrd* denying a waiver of supersedeas bond because the appellant had not objectively demonstrated such extraordinary circumstance for support.[10] However, this Court specifically noted in the cited order that plain ability to pay the judgment so as to make posting a bond a waste of money was such an extraordinary circumstance.[11]

For the reasons given above, the Court **GRANTS** Memphis' Motion for Stay and Waiver of Supersedeas Bond.

**IT IS SO ORDERED.**

---

[8] *See, e.g., Titan Tire Corp. of Bryan v. United Steel Workers of Am., Local 890L*, No. 09-4460, slip op. at 1 (6th Cir. March 10, 2010); *Progressive Foods, LLC v. Dunkin' Donuts Inc.*, No. 1:07CV3424, 2011 WL 1601335, at *2-4 (N.D. Ohio Apr. 27, 2011); *W. & S. Life Ins. Co. v. Crown Am. Corp.*, 877 F. Supp. 1041, 1048 (E.D. Ky. 1993).

[9] Tellingly, Memphis moves the Court pursuant to Rule 62(d). The proper Rule under which to move for stay of a "final judgment that grants, dissolves, or denies an injunction" is Rule 62(c).

[10] Order Denying Motion to Stay Enforcement of Judgment Pending Appeal at 5, *Arvest Bank v. Byrd*, No. 10-cv-2004-SHM-tmp, D.E. # 211 (Mays, J.).

[11] *Id.*

s/ S. Thomas Anderson
S. THOMAS ANDERSON
UNITED STATES DISTRICT JUDGE

Date: May 31, 2013.