IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

---

| | |
|---|---|
| MARILYN JOHNSON et al., ) | |
| ) | |
| Plaintiffs, ) | |
| v. ) | No. 00-2608-STA-tmp |
| ) | No. 04-2017-STA-tmp |
| CITY OF MEMPHIS, ) | |
| ) | |
| Defendant, ) | |
| AND ) | |
| ) | |
| FLORESA BILLINGSLEY et al., ) | |
| ) | |
| Plaintiffs, ) | |
| v. ) | No. 04-2013-STA-egb |
| ) | |
| CITY OF MEMPHIS, ) | |
| ) | |
| Defendant. ) | |

---

**ORDER GRANTING PLAINTIFFS' MOTION TO DISSOLVE STAY OF EXECUTION
ORDER DENYING DEFENDANT'S MOTION TO VACATE JUDGMENT AND ENTER
NEW JUDGMENT**

---

Before the Court are Plaintiffs Marilyn Johnson *et al.*[1] (no. 00-2608)'s Motion to Dissolve Stay of Execution (ECF No. 667) filed on January 4, 2016; and Defendant City of Memphis' Motion to Vacate Judgment and Enter New Judgment (ECF No. 672) filed on January 25, 2016. Each non-moving party has responded to the other party's Motion. For the reasons set

---

[1] The twenty-three moving Plaintiffs from case no. 00-2608 (collectively the "*Johnson I* Plaintiffs") are Glenda Brown, Tracy Burford, Robbin Campbell, Anthony Davis, Charlotte Easter, Larry Echols, Phillip Jackson, Marilyn Johnson, Chorcie Jones, Ursala Jones, Stacey Lamondue, Kathleen Lanier, Edward Luellen, Durand Martin, Alisa Mitchell, Alvin Moore, Lesley Murrell, Herlancer Ross, Celia Tisby, Vernon VanBuren, Steven Ware, Kedzie White, and Constance Young.

1

forth below, the *Johnson I* Plaintiffs' Motion is **GRANTED**, and Defendant's Motion is **DENIED**.

## BACKGROUND

### I. Procedural History

The full factual and procedural history of these consolidated police promotions cases has been exhaustively set out in the previous orders of the Court and in two appellate opinions from the United States Court of Appeals for the Sixth Circuit, most recently in *Johnson v. City of Memphis*, 770 F.3d 464 (6th Cir. 2014). Briefly, the *Johnson I* Plaintiffs filed a Verified Complaint on July 11, 2000, challenging the testing and promotions process adopted by Defendant City of Memphis for officers applying for promotion to the rank of sergeant in the year 2000 (hereinafter "the 2000 process"). Early on in the litigation, the City of Memphis conceded that the 2000 process as implemented violated § 250.1 of the City Charter and City Ordinance § 9-3. Then-presiding United States District Judge Jon P. McCalla therefore granted the *Johnson I* Plaintiffs' unopposed motion for partial summary judgment as to the validity of the 2000 process on June 25, 2001. The Court went on to grant on July 2, 2001, the City of Memphis leave to begin a new and improved promotional process for officers applying for the rank of sergeant to replace the defective 2000 process (hereinafter "the 2002 process"). On September 6, 2001, *Johnson I* was transferred to then-United States District Judge Bernice B. Donald for all further proceedings.

On October 25, 2001, the *Johnson I* Plaintiffs amended their Verified Complaint to allege, in relevant part, a disparate impact claim under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e-2 *et seq*. Meanwhile, concurrent with the *Johnson I* litigation, the City of Memphis initiated the 2002 process. At the conclusion of the 2002 process, officers

2

who did not receive passing scores and were denied promotion to sergeant challenged the validity of the 2002 process by filing two suits in this Court, *Billingsley v. City of Memphis* (no. 04-2013) ("*Billingsley*") filed January 8, 2004, and *Johnson v. City of Memphis* (no. 04-2017 ("*Johnson II*") filed January 9, 2004. The *Billingsley* Plaintiffs, thirty-five (35) African-American officers who had not been successful in the 2002 process, alleged among other things that the 2002 process had a disparate impact on minority officers in violation of Title VII. The *Johnson II* Plaintiffs, fifteen (15) African-American officers who had been among the *Johnson I* Plaintiffs but had been unsuccessful in the 2002 process, likewise alleged that the the 2002 process had a disparate impact on minority officers and therefore violated Title VII. On November 17, 2004, the Court granted the City of Memphis's motion to consolidate the three police promotion cases, *Johnson I*, *Billingsley*, and *Johnson II*, for purposes of discovery and trial.

Before proceeding to trial on the claims, on February 4, 2005, Judge Donald granted the *Johnson I* Plaintiffs' motion for partial summary judgment and held that the 2000 process had a disparate impact on minority officers and violated Title VII.[2] Judge Donald reserved ruling on the proper remedy for the violation. The remaining claims, including the disparate impact claims alleged as to the 2002 process in *Billingsley* and *Johnson II*, proceeded to a bench trial in July 2005. Judge Donald issued her Memorandum Opinion and Order on Remedies on December 28, 2006. With respect to 2002 process and the disparate impact claims of the *Billingsley* and *Johnson II* Plaintiffs, Judge Donald ruled "while the 2002 sergeant test was valid and reliable, less discriminatory valid alternatives were available and, thus, the 2002 process violated Title

---

[2] *See* Order Granting Pls.' Mot. for Partial Summ J. 8, Feb. 4, 2005 (ECF No. 306).

VII."[3] Judge Donald's opinion went on to fashion remedies for all Plaintiffs, including remedies for the *Johnson I* Plaintiffs based on the City's violations of Title VII in the 2000 process. Judge Donald granted specified *Johnson I* Plaintiffs the following remedies related to the 2000 process: (1) promotion to sergeant of "all minority plaintiffs who have not already been promoted to the rank of sergeant within 30 days"; (2) "backpay commensurate with their having assumed the sergeant rank on the date of their first denial of promotion under" the 2000 process; and (3) the amendment of the affected *Johnson I* Plaintiffs' employee records "to reflect seniority credit commensurate with their having assumed the sergeant rank of their first denial of promotion under" the 2000 process.[4] Judge Donald awarded the *Billingsley* Plaintiffs and *Johnson II* Plaintiffs largely similar relief as a remedy for the Title VII violations caused by the 2002 process but effective as of the dates they were denied promotion under the 2002 process.

Judge Donald's merits rulings and grant of remedies was not the end of the line. Before entering judgment, the Court considered a number of motions related to backpay and attorney's fees, and this phase of the litigation only pushed the final disposition of the consolidated cases further out. The passage of time resulted in additional complications. As the Sixth Circuit noted in its 2014 opinion, "[b]ecause so much time had passed since the problematic 2000 and 2002 processes, plaintiffs' alleged injuries, in terms of lost pay and seniority, spilled over into subsequent promotional processes, as plaintiffs were denied the opportunity to apply for additional promotions."[5] At one point prior to the entry of judgment, the Court permitted certain

---

[3] *Johnson v. City of Memphis*, 770 F.3d 464, 469 (6th Cir. 2014).

[4] *See* Mem. Op & Order on Remedies 37, Dec. 28, 2006 (ECF No. 388).

[5] *Johnson*, 770 F.3d at 469.

4

Plaintiffs to apply for yet another promotion, this time to the rank of lieutenant. On January 5, 2015, the consolidated cases were transferred to the undersigned for all further proceedings.

On March 4, 2013, the Court entered judgment, and both sides' timely appeals followed. On October 27, 2014, the Sixth Circuit issued its opinion, reversing Judge Donald's judgment in favor of *Billingsley* Plaintiffs and *Johnson II* Plaintiffs as to their Title VII disparate impact claim related to the 2002 process. The Court of Appeals held that "[b]ecause plaintiffs failed to present evidence establishing a genuine issue of fact regarding the availability of equally valid, less discriminatory alternative testing methods, their step-three showing [as to the 2002 process] fails as a matter of law."[6] The Sixth Circuit therefore reversed "the district court's Title VII judgment invalidating the 2002 process, thereby MOOTING plaintiffs' challenge to the district court's choice of remedies for the 2002 process," vacated the award of attorney's fess, and remanded the case "for further consideration in light of these developments."[7] On December 30, 2014, the Court of Appeals denied Plaintiffs petition for rehearing *en banc*, and on October 9, 2015, the United States Supreme Court denied Plaintiffs' petition for a writ of certiorari.

At the conclusion of appellate review, the Court ordered the parties on October 29, 2015, to file a status report with the Court, recommending what next steps were then required in light of the Sixth Circuit's decision to reverse the judgment of the Court as to the 2002 process. The parties' filed separate status reports. Based on the parties' status reports, the Court granted the parties 45 days to file all motions and requests for relief to bring this matter to a conclusion. The Motions now before the Court followed.

---

[6] *Id.* at 477-78.

[7] *Id.* at 485.

**II. Plaintiffs' Motion to Dissolve Stay of Execution**

In their Motion to Dissolve the Stay of Execution (no. 00-2608, ECF No. 667), the *Johnson I* Plaintiffs request that the Court lift the stay of execution of judgment entered by the Court while the cases were on appeal. On May 31, 2013, the Court stayed enforcement of all relief pending appeal (ECF No. 653). The *Johnson I* Plaintiffs argue that Judge Donald granted their motion for partial summary judgment in February 2005 and held that the 2000 process had a disparate impact on minority officers in violation of Title VII. Following a July 2005 bench trial on remedies for the Title VII violation and all of the other issues related to the 2002 promotions process, Judge Donald entered her Memorandum Opinion and Order on Remedies in December 2006 and ordered the City to promote the minority officers among the *Johnson I* Plaintiff[8] to sergeant (if they had not already attained the rank), awarded the officers backpay, and directed the City to amend their personnel records to reflect their rank as sergeant with an effective date of July 2000, as all as remedies for the City's violation of Title VII in the 2000 process. The *Johnson I* Plaintiffs now argue that the City never appealed Judge Donald's judgment in their favor as to their Title VII disparate impact claim for the 2000 process. Therefore, the Court should now lift the stay and order the City to carry out the relief awarded to the *Johnson I* Plaintiffs as a remedy for Title VII violations in the 2000 process.

The City of Memphis has responded in opposition. The City provides an extensive factual summary of the parties' litigation of the 2000 process. In consultation with a retained

---

[8] The *Johnson I* Plaintiffs explain that the officers in *Johnson I* alleged two general types of claims: a claim by the plaintiff-minority officers that the promotions process violated Title VII and a claim by all plaintiff-officers (white, black, and hispanic) that the City's administration of the 2000 process was negligent and violated their due process rights. The Court granted the City summary judgment on the latter claims, and the Sixth Circuit affirmed that decision on appeal. The 23 *Johnson I* Plaintiffs who have filed the Motions now before the Court are the minority officers who prevailed on their Title VII claim relating to the 2000 process.

expert, the City determined that no part of the 2000 process could be salvaged or revised. So the City proceeded to develop a new process to correct and replace the deficiencies of the 2000 process, which became the 2002 process. The *Johnson I* Plaintiffs participated in the 2002 promotions process, and eight of the 23 plaintiff-minority officers in *Johnson I* passed the new promotions test in 2002 and were promoted to sergeant. The fifteen (15) officers who did not pass filed *Johnson II*. Otherwise, the City concedes that Judge Donald did, in fact, grant the *Johnson I* Plaintiffs summary judgment on their Title VII disparate impact claim. But the City nevertheless argues that the Court should vacate Judge Donald's summary judgment order in favor of the *Johnson I* Plaintiffs on their Title VII disparate impact claim. The City reasons that after the results of the 2000 promotion process were thrown out, all candidates had to compete all over again in the 2002 process to attain the rank of sergeant. The Sixth Circuit has now held that Plaintiffs were unable to prove the 2002 promotions process violated Title VII. So if the Court orders the City to promote the *Johnson I* Plaintiffs to the rank of sergeant as a remedy for Title VII violations in 2000, the Court will "disregard the impact of the appellate court's decision" that the 2002 process did not violate the *Johnson II* plaintiffs' rights under Title VII. Otherwise, the City fails to address the *Johnson I* Plaintiffs' claim that the City never raised Judge Donald's summary judgment ruling in favor of the *Johnson I* plaintiffs as an issue on appeal.

The *Johnson I* Plaintiffs have filed a reply in which they argue that the City's failure to raise Judge Donald's summary judgment ruling in favor of the *Johnson I* Plaintiffs on their Title VII disparate impact claim as to the 2000 process amounts to a waiver. The City should not be allowed to relitigate the issue now on remand. Therefore, the Court should lift the stay of

execution and order the City to carry out the remedies ordered by Judge Donald in December 2006.

**III. The City of Memphis' Motion to Vacate Judgment**

The City has filed its own Motion to Vacate Judgment (no. 00-2608, ECF No. 672), essentially arguing the other side of the issue and reiterating the points raised by the City in its opposition to the *Johnson I* Plaintiffs' Motion to Dissolve the Stay. The City recites all of the same procedural history and argues that the Court should vacate Judge Donald's previous decision so that the *Johnson I* Plaintiffs are not given "more favorable treatment than every other person who competed for a promotion in 2000." The City claims that Judge Donald granted the *Johnson I* Plaintiffs this relief because [she] mistakenly concluded that the 2002 process was invalid," a ruling the Sixth Circuit has now reversed. The Court of Appeals' decision shows that the 2002 process did not violate any officer's rights and that all candidates who were deserving of a promotion actually received it. The City requests then that the Court enter a new judgment, though without any citation to the Federal Rules of Civil Procedure or any other authority for such a procedure.

Just as they did in briefing their Motion to Dissolve the Stay, the *Johnson I* Plaintiffs maintain that the Sixth Circuit's opinion did not disturb Judge Donald's holding that the 2000 promotions process violated Title VII and that the City did not even raise the decision as an issue on appeal. The City has therefore waived further consideration of the issue. A court order vacating the judgment would therefore exceed the scope of the mandate issued by the Court of Appeals. Even if the Court construes the City's Motion as a request for relief under Rule 60(b), the *Johnson I* Plaintiffs argue that the City has not shown an entitlement to such relief. None of the relevant factors under Rule 60(b) would entitle the City to an order altering the previous

8

judgment. On the merits of the City's position, the *Johnson I* Plaintiffs argue in some detail that the Court's judgment as to the 2000 promotions process was entirely distinct and independent from the judgment as to the 2002 promotions process or the Sixth Circuit's opinion reversing the judgment on the 2002 process. Simply stated, Judge Donald granted the *Johnson I* Plaintiffs remedies based on her holding that the 2000 process violated Title VII. Her subsequent decision about the 2002 process had nothing to do with her conclusion about the 2000 process. Therefore, the City has not demonstrated any grounds to support its request for vacating this portion of the Court's previous judgment and entering a new judgment.

## **ANALYSIS**

The issue presented is whether the Court's order granting summary judgment to the *Johnson I* Plaintiffs on their Title VII disparate impact claim as to the 2000 process remains the law of the case and an enforceable part of the Court's judgment. Or as the City contends, does the Sixth Circuit's reversal of the Court's judgment in favor of the *Billingsley* Plaintiffs and *Johnson II* Plaintiffs on their Title VII disparate impact claim as to the 2002 process require the Court to vacate its previous orders granting relief to the *Johnson I* Plaintiffs for violations of Title VII in 2000 process?

The Sixth Circuit has held that a "party that fails to appeal an issue waives its right to raise the issue before the district court on remand or before this court on appeal after remand."[9] The rule derives from the law-of-the-case doctrine, which "bars challenges to a decision made at a previous stage of the litigation which could have been challenged in a prior appeal, but were

---

[9] *Branch Banking & Tr. Co. v. Pac. Life Ins. Co.*, --- F. App'x ---, No. 14-5871, 2016 WL 1445342, at *5 (6th Cir. Apr. 12, 2016) (quoting *JGR, Inc. v. Thomasville Furniture Indus., Inc.*, 550 F.3d 529, 532 (6th Cir. 2008) (alterations omitted)); *cf. Howe v. City of Akron*, 801 F.3d 718, 743 (6th Cir. 2015) (stating "'waiver' is an inappropriate term to use to describe the failure to litigate an issue during a prior appeal" and instead using the term "forfeit").

9

not."[10] "A party who could have sought review of an issue or a ruling during a prior appeal is deemed to have waived the right to challenge that decision thereafter, for it would be absurd that a party who has chosen not to argue a point on a first appeal should stand better as regards the law of the case than one who had argued and lost."[11]

The Court holds that at this stage of the proceedings, the City of Memphis has waived or forfeited any challenge to Judge Donald's rulings regarding the City's 2000 process. Judge Donald concluded in her February 2005 summary judgment order that the 2000 process violated Title VII and in her December 2006 Memorandum Opinion and Order on Remedies that the *Johnson I* Plaintiffs were entitled to promotions and backpay as remedies for the Title VII violation. The City of Memphis appealed the Court's judgment but failed to challenge the rulings concerning the 2000 process in its briefing before the Court of Appeals. Federal Rule of Appellate Procedure 28(a) requires an appellant's brief to contain (1) "a statement of the issues presented for review," (2) a summary of the argument to include "a succinct, clear, and accurate statement of the arguments made in the body of the brief," and (3) an argument "which must contain appellant's contentions and the reasons for them, with citations to the authorities and parts of the record on which the appellant relies."[12] The Sixth Circuit has consistently held that the omission of an issue from an appellant's opening brief constitutes a waiver.[13] The City did not address the rulings in any of its briefing before the Sixth Circuit, including its opening brief. Not surprisingly, the Sixth Circuit's opinion never addressed the merits of Judge Donald's ruling

---

[10] *United States v. Adesida*, 129 F.3d 846, 850 (6th Cir. 1997).

[11] *Id.* (quoting *Fogel v. Chestnutt*, 668 F.2d 100, 109 (2nd Cir. 1981)).

[12] Fed. R. App. P. 28(a)(5), (6), & (8)(A).

[13] *Thornton v. Graphic Commc'ns Conference of Intern. Broth. of Teamsters Suppl. Ret. and Disability Fund*, 566 F.3d 597, 616 n.18 (6th Cir. 2009).

or acknowledged in any way that the *Johnson I* Plaintiffs had prevailed on their disparate impact claim related to the 2000 process. Because the City of Memphis could have challenged these rulings on appeal and failed to do so, the City has waived or forfeited the issues and is precluded from raising them now on remand.

It is true that the City's Notice of Appeal (ECF No. 643) listed the Memorandum Opinion and Order on Remedies as one of the specific orders the City intended to challenge, though the Notice did not list the February 2005 order granting the *Johnson I* Plaintiffs judgment as a matter of law on their Title VII claim related to the 2000 process. Federal Rule of Appellate Procedure 3(c)(B) requires "parties to designate the judgment, order, or part thereof being appealed in the notice of appeal."[14] Standing alone, Defendant's failure to list in the Notice of Appeal the specific order that established the City's liability to the *Johnson I* Plaintiffs on the Title VII claim did not necessarily work as a waiver or forfeiture of the issue. Notices of appeal are construed liberally,[15] and as the City correctly notes, "an appeal of a final judgment draws into question all prior non-final rulings and orders."[16] Although the Notice of Appeal brought Judge Donald's rulings on the 2000 process within the ambit of the City's appeal, the problem lies in the fact that the City did not present either the summary judgment ruling on the Title VII violation or the remedy granted for the Title VII violation in its briefing before the Court of Appeals. The Sixth

---

[14] *Id.* (quoting Fed. R.App. P. 3(c)(B)). The Notice of Appeal did cite an order from the Sixth Circuit dated December 11, 2012 (ECF No. 625), which stated "any appeal from the district court's final judgment will draw into question all of its prior non-final rulings and orders[.]" This statement is undoubtedly true. The issue is not the City's failure to raise the issue in its Notice of Appeal but to identify and brief the ruling on the 2000 process in its arguments before the Sixth Circuit.

[15] *Id.* (citing *Smith v. Barry,* 502 U.S. 244, 248 (1992)).

[16] *Nat'l Ecological Found. v. Alexander*, 496 F.3d 466, 476 (6th Cir. 2007) (quoting *Caudill v. Hollan*, 431 F.3d 900, 905 (6th Cir. 2005)).

Circuit has held that an order or issue identified in a notice of appeal but omitted from an appellant's briefing is deemed waived.[17] Therefore, the Notice of Appeal does not alter the Court's conclusion that the City of Memphis has waived any challenge to Judge Donald's rulings in favor of the *Johnson I* Plaintiffs as to the 2000 process.

The City argues on remand that the parties to *Johnson I* agreed that the 2000 process was "invalid." The defects in the 2000 process resulted in the development and implementation of the 2002 process. Officers who passed the 2000 process and achieved the rank of sergeant had to compete for the promotion all over again as part of the 2002 process. In other words, no officer who took part in the 2000 process received a promotion as a result of the process. According to the City, the *Johnson I* Plaintiffs had the opportunity to achieve the rank of sergeant as part of the 2002 process, and the Sixth Circuit has ruled that the 2002 process complied with the law. The City contends from these premises then that promoting the *Johnson I* Plaintiffs to sergeant, as Judge Donald ordered, would put them in a better position that anyone else who participated in the 2000 process and is unwarranted under the circumstances. The City also seems to argue that the Court should reconsider Judge Donald's rulings on the 2000 process because the remedy she fashioned for the Title VII violations during the 2000 process was somehow inextricably tied

---

[17] *Kocsis v. Multi-Care Mgmt., Inc.*, 97 F.3d 876, 881 (6th Cir. 1996) ("Although plaintiff's notice of appeal indicates that she is appealing the entire district court judgment, she raises only the dismissal of her ADA claims in her brief on appeal. Accordingly, plaintiff has waived all other arguments."); *see also Bandy v. Fifth Third Bank*, 519 F. App'x 900, 903 (6th Cir. 2013) ("The plaintiffs' notice of appeal also lists the denial of a motion for leave to file a third amended complaint as part of the appeal. They failed, however, to brief this argument. As we have consistently held, '[i]ssues adverted to in a perfunctory manner, unaccompanied by some effort at developed argumentation, are deemed waived.'"); *Randolph v. Ohio Dept. of Youth Servs.*, 453 F.3d 724, 731 n.3 (6th Cir. 2006) (holding that an appellant's failure to raise in her brief the district court's dismissal of her sex discrimination operated as a waiver of the claim, even though her brief challenged the same district court order dismissing her hostile work environment claim); *Fitts v. Sicker*, 232 F. App'x 436, 442 (6th Cir. 2007).

up with the remedy granted for the Title VII violations during the 2002 process, a ruling the Sixth Circuit has reversed.[18]

Whatever merit these arguments may have, it was incumbent on the City to present them in the first instance to the Court of Appeals as part of its challenge to Judge Donald's other rulings. To allow the City to revisit these earlier rulings, after it failed to raise them on appeal, would reward the City and put it in a better position "as regards the law of the case than" if the City had challenged Judge Donald's rulings about the 2000 process on appeal and lost.[19] In light of the City's waiver as to these rulings, the Court need not reach now on remand the merits of the City's additional arguments. For these reasons, the *Johnson I* Plaintiffs' Motion to Dissolve Stay of Execution is **GRANTED**.

For similar reasons, the City's Motion to Vacate Judgment and Enter New Judgment is not well-taken. The City requests that the Court vacate the portion of its previous judgment that ruled in favor of the *Johnson I* Plaintiffs' on their Title VII disparate impact claim for the 2000 process. The City further requests that the Court issue a new judgment that would deny the *Johnson I* Plaintiffs any relief based on the 2000 process. However, Defendant has cited no authority for such a procedure. As is clear from the foregoing, the Sixth Circuit's decision did not disturb the Court's judgment on the Title VII disparate impact claim or any of the relief granted as a remedy for the City's violation of Title VII in the 2000 process. The City not only waived any objections to the Court's earlier rulings, the City has not shown that it is entitled to

---

[18] The City's argument overlooks the fact that Judge Donald granted remedies to all of the *Johnson I* Plaintiffs, including officers who successfully passed the promotions test as part of the 2002 process, not just officers who were unsuccessful in the 2002 process. It cannot be said then that Judge Donald granted relief to all *Johnson I* Plaintiffs based on some notion that she could not separate out injuries suffered by the participants in the 2000 process and injuries suffered by the participants in the 2002 process.

[19] *Adesida*, 129 F.3d at 850.

an order vacating the judgment under Federal Rule of Civil Procedure 60(b) or any other source authorizing relief from a final judgment. Therefore, the City's Motion to Vacate Judgment is **DENIED**.

Having made a determination of the threshold question presented in these two Motions, the parties' additional requests for relief remain: the *Johnson I* Plaintiffs' Motion to Enforce Judgment (ECF No. 668) filed on January 4, 2016 and Motion for Attorney's Fees (ECF No. 671) filed on January 25, 2016; and the City's Motion to Enforce the Court's February 14, 2007 Order (ECF No. 673) also filed on January 25, 2016. Although the parties have completed briefing on the Motions, the Court finds that additional submissions from the parties are required to allow the Court to make a just and speedy determination of the remaining Motions. Before the Court can render a final decision on the issue of backpay and attorney's fees, the Court must next decide how the Sixth Circuit's appellate decision affects Plaintiffs involved in the 2002 process and the relief Plaintiffs received on a provisional basis as part of an agreement with the City to stay enforcement of the Court's judgment pending appeal.

In its Motion to Enforce the Court's February 14, 2007 Order, the City seeks specific performance of an agreement between the parties. On February 14, 2007, the Court approved an agreed order granting a stay of execution of judgment pending appeal (ECF No. 409). The agreed order reflected a negotiated compromise between the City and forty-seven (47) named Plaintiffs from the consolidated cases. Under the terms of the order, the Court granted the 47 Plaintiffs promotion to the rank of sergeant, effective February 3, 2007, subject to the following caveat: "[i]n the event that the Court's December 28, 2006 Memorandum Opinion and Order is reversed on appeal, Plaintiffs will be returned to the rank of patrol officer." The City's Motion

requests that the Court simply enforce the agreed order and demote the officers listed in the agreed order back to the rank of patrol officer.

The City's Motion to Enforce presents the issue of how to give effect to the Sixth Circuit's reversal of the judgment in favor of Plaintiffs on the 2002 process. The City's argument in its essence is that no Plaintiffs–the *Johnson I* Plaintiffs, the *Billingsley* Plaintiffs, or the *Johnson II* Plaintiffs–are entitled to any relief following the Sixth Circuit's reversal as to the 2002 process. The agreed order lists fourteen (14) *Johnson I* and *Johnson II* Plaintiffs[20] and thirty-three (33) *Billingsley* Plaintiffs.[21] However, the City does not seek to enforce the agreement against all of the 47 officers named in the agreed order. The City reports in its Motion to Vacate Judgment that six of the *Billingsley* Plaintiffs reached a settlement with the City.[22] The City does not seek any relief against these six officers. The City's Motion also apparently seeks to enforce the agreement only as to the thirty-one (31) officers still employed with MPD, eleven (11) *Johnson I* and *Johnson II* Plaintiffs and twenty (20) *Billingsley* Plaintiffs.[23]

---

[20] The following fourteen *Johnson I* Plaintiffs named in the agreed order were also named Plaintiffs in *Johnson II*: Glenda Brown, Tracy Burford, Phillip Jackson, Marilyn Johnson, Chorcie Jones, Ursala Jones, Kathleen Lanier, Durand Martin, Alisa Mitchell, Alvin Moore, Lesley Murrell, Herlancer Ross, Vernon VanBuren, and Kedzie White. The only *Johnson I* Plaintiff who apparently was not as a party to the agreed order is Stacey Lamondue.

[21] Two *Billingsley* Plaintiffs do not appear to be parties to the agreement memorialized in the agreed order, Eric Dates and Mark Lucas, insofar as their names are not listed among the Plaintiffs who entered into the agreement with the City.

[22] The six *Billingsley* Plaintiffs who reached a settlement with the City are Gary Badgett, Carlos Davis, Myron Fair, Myron Lawrence, John Smith, and Keith Watson. *See* Def.s' Mot. to Vacate J. 2 n.1 (ECF No. 672-1).

[23] *See* Def.s' Mem. in Support 6 n.12 (ECF No. 673-1) ("Of the forty-seven (47) Plaintiffs promoted based on the February 14, 2007 order, thirty-one (31) remain employed with the MPD and should be returned to patrol officer."). The City identifies these 31 officers as Tracy Buford, Marilyn Johnson, Chorice Jones, Ursula Jones, Kathleen Lanier, Durand Martin,

The Court finds that enforcement of the agreed order would not be appropriate as to the 11 *Johnson I* Plaintiffs named as parties to the agreement.[24] The City's argument to enforce the agreed order against the *Johnson I* Plaintiffs is without merit because the *Johnson I* Plaintiffs prevailed on their Title VII claim as to the 2000 process and the City waived on appeal any challenge to that portion of the Court's judgment. While the same officers did not prevail on their challenge to the 2002 process in *Johnson II*, they did prevail on their challenge to the 2000 process in *Johnson I* and remain entitled to the relief granted for the Title VII violations in the 2000 process. Therefore, the City has not shown why the Court should enforce the agreed order as to the 11 *Johnson I* Plaintiffs currently employed with MPD and demote them back to the rank of patrol officer.

The question nevertheless remains of how the Sixth Circuit's reversal impacts the 20 *Billingsley* Plaintiffs still employed with MPD. The City has provided no detailed information about the current status of this remainder of officers listed in the agreed order. Plaintiffs have responded in opposition to the Motion to Enforce and argued that few still hold the rank of sergeant. Plaintiffs have also argued that subsequent rulings in this case have rendered the agreed order moot. The Court cannot analyze these issues until it receives additional information from the parties about the current status of the 20 *Billingsley* Plaintiffs against whom the City seeks to enforce the February 14, 2007 agreed order.

---

Alisa Mitchell, Alvin Moore, Lesley Murrell, Vernon VanBuren, Kedzie White, LaTanya Able, Floresa Billingsley, Bernice Black, Loyce Bonds, Tasha Carter, Anthony Gardner, Byron Hardaway, Eric Hulsey, Arlanda Jackson, Elvin Jackson, Bobby Jones, Russell McDaniel, Jesse Neloms, Carl Ray, Aundra Segrest, Daffney Thomas, Ryan Thomas, Jackie Williams, John Williams, and Frank Winston.

[24] It appears that three of the *Johnson I* Plaintiffs are no longer with MPD: Glenda Brown, Phillip Jackson, and Herlancer Ross.

Therefore, as the moving party, the City is ordered to show why the Court should enforce the agreed order as to the 20 *Billingsley* Plaintiffs listed in the agreed order who are currently employed with MPD. The City's response should be supported with information about each officer's employment history with MPD subsequent to the entry of the agreed order on February 14, 2007. The City should set forth in specific terms how enforcement of the agreed order will affect each officer in terms of rank, salary, job assignments, benefits, and pension as well as how enforcement of the agreed order may conflict with any other agreement applicable to the officer's employment.[25] To the extent that the City seeks to enforce the agreed order against an officer who is now retired from MPD, the City should show how enforcement of the agreed order would affect, if at all, any pension or other benefits to which the retired officer may be entitled. To the extent that the City seeks to enforce the agreed order against an officer who did is no longer employed by MPD and did not retire from MPD, the City should indicate the date the officer left City employment and the reasons for the separation.

The City's submission of this information is due within 21 days of the entry of this order. Plaintiffs will then have 21 days to respond to the City's submissions. Once the Court has decided the City's Motion to Enforce the February 14, 2007 agreed order, the Court will take up Plaintiffs' Motion to Enforce the Judgment and Motion for Attorney's Fees.

---

[25] Plaintiffs have argued in their opposition that some of the officers retired from MPD and then returned to duty under a special agreement with the department to assist with a shortage of ranking officers.

**CONCLUSION**

Plaintiffs' Motion to Dissolve Stay of Execution is **GRANTED**.  Defendant's Motion to Vacate Judgment and Enter New Judgment is **DENIED**.  The City's additional submissions are due within 21 days of the entry of this order.

**IT IS SO ORDERED.**

                                        **s/ S. Thomas Anderson**
                                        S. THOMAS ANDERSON
                                        UNITED STATES DISTRICT JUDGE

                                        Date:  May 10, 2016.