# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TENNESSEE
# WESTERN DIVISION

| | | |
|---|---|---|
| MARILYN JOHNSON, *et. al.*, | ) | |
|     Plaintiffs, | ) | |
| vs. | ) | No. 00-2608-STA-tmp |
| | ) | No. 04-2017-STA-tmp |
| CITY OF MEMPHIS, | ) | |
|     Defendant. | ) | |

## ORDER DENYING EMERGENCY MOTION TO QUASH

Before the Court is Defendant City of Memphis' Emergency Motion to Quash (ECF No. 692, no. 00-2608; ECF No. 155, no. 04-2017) filed on August 16, 2016. Defendant seeks to quash a notice of deposition served by Plaintiffs for a deposition on Monday, August 22, 2016. Plaintiffs seek to depose a Rule 30(b)(6) representative of the City of Memphis with knowledge of the bank accounts where the City deposits its reserve funds. Defendant argues that Plaintiff's attempt to conduct discovery under Rule 69 of the Federal Rules of Civil Procedure is premature. These consolidated cases are on remand, and the Court will need to enter a new judgment based on its post-remand rulings. Until the Court enters a judgment, Plaintiffs' efforts to obtain discovery in aid of execution of the judgment are not yet ripe. Therefore, the Court should quash the notice of deposition.

Plaintiffs have responded on an expedited basis and oppose the City's Emergency Motion. Plaintiffs argue that they seek discovery to execute the Court's 2013 judgment in favor of the *Johnson I* Plaintiffs who prevailed on their claim that the City's police promotion test in 2000 violated Title VII of the Civil Rights Act of 1964. The Sixth Circuit's reversal of the Court's judgment as to the 2002 promotion process did not effect the Court's judgment as to the

2000 promotion process. The Court has since granted Plaintiffs' post-remand motion to lift the stay of execution. Therefore, Plaintiffs are entitled to conduct discovery to aid them in the execution of the judgment under Rule 69.

Federal Rule of Civil Procedure 69(a)(2) permits a judgment creditor to obtain discovery from any person, including the judgment debtor, "[i]n aid of the judgment or execution."[1] Rule 69(a)(2) allows for discovery "as provided in these rules or by the procedure of the state where the court is located."[2] The Sixth Circuit has observed that "[t]he scope of postjudgment discovery is very broad."[3] The Court entered a final judgment in these consolidated cases on March 4, 2013. On May 31, 2013, the Court granted Defendant's motion to stay execution of the judgment pending appeal, and on May 10, 2016, the Court granted Plaintiffs' motion to dissolve the stay of execution. In light of the procedural posture of the case, the Court sees no reason to deny Plaintiffs the opportunity to obtain relevant, discoverable information to aid in the execution of the Court's judgment. Therefore, Defendant's Emergency Motion to Quash is **DENIED**.

**IT IS SO ORDERED.**

s/ S. Thomas Anderson
S. THOMAS ANDERSON
UNITED STATES DISTRICT JUDGE

Date: August 17, 2016

---

[1] Fed. R. Civ. P. 69(a)(2).

[2] *Id.*

[3] *United States v. Conces*, 507 F.3d 1028, 1040 (6th Cir. 2007) (quoting *F.D.I.C. v. LeGrand,* 43 F.3d 163, 172 (5th Cir. 1995)).