IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

| MARILYN JOHNSON et al., | ) | |
|---|---|---|
| | ) | |
| Plaintiffs, | ) | |
| v. | ) | No. 00-2608-STA-tmp |
| | ) | No. 04-2017-STA-tmp |
| CITY OF MEMPHIS, | ) | |
| | ) | |
| Defendant. | ) | |

**ORDER DENYING DEFENDANT'S MOTION TO ENFORCE AGREED ORDER**
**ORDER DENYING DEFENDANT'S MOTION TO CLARIFY**
**ORDER DENYING PLAINTIFFS' MOTION TO ENFORCE JUDGMENT**

Before the Court are Plaintiffs Marilyn Johnson *et al.*[1] (no. 00-2608)'s Motion to Enforce Judgment (ECF No. 668) filed on January 4, 2016; and Defendant City of Memphis' Motion to Enforce Agreed Order (ECF No. 673) filed on January 25, 2016, and Motion Seeking Clarification (ECF No. 685) filed on May 31, 2016. Each non-moving party has responded to the other party's Motion. For the reasons set forth below, the *Johnson I* Plaintiffs' Motion is **DENIED**, and Defendant's Motions are **DENIED**.

## BACKGROUND

**I. Procedural History**

The full factual and procedural history of these consolidated police promotions cases has been exhaustively set out in the previous orders of the Court and in two appellate opinions from

---

[1] The twenty-three moving Plaintiffs from case no. 00-2608 (collectively the "*Johnson I* Plaintiffs") are Glenda Brown, Tracy Burford, Robbin Campbell, Anthony Davis, Charlotte Easter, Larry Echols, Phillip Jackson, Marilyn Johnson, Chorcie Jones, Ursala Jones, Stacey Lamondue, Kathleen Lanier, Edward Luellen, Durand Martin, Alisa Mitchell, Alvin Moore, Lesley Murrell, Herlancer Ross, Celia Tisby, Vernon VanBuren, Steven Ware, Kedzie White, and Constance Young.

1

the United States Court of Appeals for the Sixth Circuit, most recently in *Johnson v. City of Memphis*, 770 F.3d 464 (6th Cir. 2014). Briefly, on March 4, 2013, the Court entered judgment in favor of the Plaintiffs in each of the cases. The Court and the parties have referred to the cases as *Johnson I* (no. 00-2608-STA-tmp), *Billingsley* (no. 04-2013-STA-tmp), and *Johnson II* (no. 04-2017-STA-tmp). The Court granted Plaintiffs, officers of the Memphis Police Department, remedies for Defendant's violations of Title VII of the Civil Rights Act of 1964 as part the City's administration of police promotion tests in 2000 and 2002. Both sides' appealed the Court's judgment.

On October 27, 2014, the Sixth Circuit issued its opinion, reversing the Court's judgment in favor of the Plaintiffs in *Billingsley* and *Johnson II* on their Title VII disparate impact claims related to the 2002 promotion process. The Court of Appeals held that "[b]ecause plaintiffs failed to present evidence establishing a genuine issue of fact regarding the availability of equally valid, less discriminatory alternative testing methods, their step-three showing [as to the 2002 process] fails as a matter of law."[2] The Sixth Circuit therefore reversed "the district court's Title VII judgment invalidating the 2002 process, thereby MOOTING plaintiffs' challenge to the district court's choice of remedies for the 2002 process," vacated the award of attorney's fess, and remanded the case "for further consideration in light of these developments."[3]

On December 30, 2014, the Court of Appeals denied Plaintiffs petition for rehearing *en banc*, and on October 9, 2015, the United States Supreme Court denied Plaintiffs' petition for a writ of certiorari. At the conclusion of appellate review, the Court ordered the parties to file all motions and requests for relief to bring this matter to a conclusion. The Motions now before the

---

[2] *Johnson v. City of Memphis*, 770 F.3d 464, 477-78 (6th Cir. 2014).

[3] *Id.* at 485.

Court, and others, followed. On May 10, 2016, the Court entered an Order Granting Plaintiffs' Motion to Dissolve the Stay of Execution and Denying Defendant's Motion to Vacate Judgment and Enter a New Judgment (ECF No. 684). The Court held that at this stage of the proceedings, the City of Memphis had waived or forfeited any challenge to the Court's earlier rulings regarding the City's 2000 process because Defendant had not raised those rulings as an issue on appeal to the Sixth Circuit. Therefore, the Court concluded that Plaintiffs were entitled to have the stay of execution on their favorable judgment as to the 2000 process dissolved and that Defendant was not entitled to a vacation of the judgment as to the 2000 process.

## II. Defendant's Motion to Enforce Agreed Order

The Court's May 10, 2016 order did not decide all of the parties' requests for relief. The *Johnson I* Plaintiffs' Motion to Enforce Judgment (ECF No. 668), and the City's Motion to Enforce the Court's February 14, 2007 Order (ECF No. 673) remained.[4] The Court determined that it needed additional submissions from the parties before the Court could render a final decision on the issue of backpay and attorney's fees. Specifically, the Court concluded that it had to resolve how the Sixth Circuit's appellate decision affected the *Billingsley* Plaintiffs involved in the 2002 process and the relief those Plaintiffs received on a provisional basis as part of an agreement with the City to stay enforcement of the Court's judgment pending appeal.

As the Court explained in its previous order, Defendant's Motion to Enforce the Court's February 14, 2007 Order sought specific performance of an agreement between the parties. On February 14, 2007, the Court approved an agreed order granting a stay of execution of judgment pending appeal (ECF No. 409). The agreed order reflected a negotiated compromise between the City and forty-seven (47) named Plaintiffs from the consolidated cases. Under the terms of the

---

[4] Also remaining before the Court is Plaintiffs' Motion for Attorney's Fees (ECF No. 671) filed on January 25, 2016. The parties are currently preparing supplemental briefs on the fee issue.

order, the Court granted the 47 Plaintiffs promotion to the rank of sergeant, effective February 3, 2007, subject to the following caveat: "[i]n the event that the Court's December 28, 2006 Memorandum Opinion and Order is reversed on appeal, Plaintiffs will be returned to the rank of patrol officer." The City's Motion requests that the Court simply enforce the agreed order and demote the officers listed in the agreed order back to the rank of patrol officer.

The Court held in its May 10, 2016 order that enforcement of the 2007 agreed order would not be appropriate as to the 11 *Johnson I* Plaintiffs who were parties to the agreement. The City's argument to enforce the agreed order against the *Johnson I* Plaintiffs was without merit because the *Johnson I* Plaintiffs had prevailed on their Title VII claim as to the 2000 process and the City waived on appeal any challenge to that portion of the Court's judgment. All of the *Johnson II* Plaintiffs were also named Plaintiffs in *Johnson I*. Even though the *Johnson II* officers did not prevail on their challenge to the 2002 process, they remained entitled to the relief granted for the Title VII violations in the 2000 process in *Johnson I*. Therefore, the City had not shown why the Court should enforce the agreed order as to the 11 *Johnson I* Plaintiffs currently employed with MPD and demote them back to the rank of patrol officer. The Court did decide that additional information was needed about the *Billingsley* Plaintiffs, 20 in all, who were parties to the agreed order. As such, the Court directed the City to submit more detailed information about the affected *Billingsley* Plaintiffs along with an explanation of how enforcement of the February 14, 2007 agreed would affect their status and benefits as Memphis Police officers. The City filed the information on May 31, 2016 (ECF No. 468).

### III. Plaintiffs' Motion to Enforce Judgment

Likewise, the May 10, 2016 order did not make a final determination of Plaintiffs' Motion to Enforce Judgment. Plaintiffs request that the Court order Defendant to deposit into

4

the registry of the Court the money judgment representing the award of backpay to twenty-three *Johnson I* Plaintiffs. The total amount of the backpay award is $765,822.85. Plaintiffs further seek an award of post-judgment interest. For cause Plaintiffs argue that under Tennessee law the funds of the City of Memphis are exempt from legal process, subject to certain exceptions. A court order requiring Defendant to pay the judgment into the Court's registry will facilitate Plaintiffs' collection of their backpay award. Defendant filed a response in opposition to Plaintiffs' Motion, arguing that Plaintiffs are not entitled to the award of backpay because the Court of Appeals reversed the Court's judgment as to the 2002 promotion process. The premise of Defendant's opposition is that the reversal of the Court's judgment as to the 2002 promotion process necessarily implied a reversal of the Court's judgment as to the 2000 promotion process, an argument the Court rejected in its May 10, 2016 order.

**IV. Defendant's Motion Seeking Clarification**

Subsequent to the entry of the Court's May 10, 2016, order, Defendant filed a Motion Seeking Clarification of the order. According to Defendant, the *Johnson I* and *Johnson II* Plaintiffs had interpreted the May 10, 2016 order to hold that these Plaintiffs could immediately begin execution of the judgment and collection of backpay from Defendant. Defendant opposed this result, arguing that such an approach would result in the piecemeal litigation of the parties' post-remand motions. Specifically, Defendant asserted that the Court had not yet made a determination about what backpay, if any, the *Billingsley* and *Johnson II* Plaintiffs might receive. The Court's May 10, 2016 order directed the City to provide the Court with additional information about the *Billingsley* Plaintiffs who were parties to the February 14, 2007 agreed order. The City further argues that the original award of backpay to the *Johnson II* Plaintiffs is excessive. The *Johnson II* Plaintiffs did not pass the 2002 promotions test and were not

5

promoted to the rank of sergeant until February 14, 2007. As a result, Judge Donald awarded the *Johnson II* Plaintiffs backpay retroactive to July 11, 2000, the date on which the *Johnson II* Plaintiffs were first denied promotion. Defendant argues then that the *Johnson II* Plaintiffs will receive a windfall recovery of backpay and should only be entitled to backpay from January 10, 2003, the effective date of promotion for the *Johnson I* Plaintiffs. Until the Court enters a final, post-remand judgment in this case, Defendant opposes any attempt by Plaintiffs to enforce the pre-remand judgment, including the award of backpay.

Plaintiffs responded in opposition to Defendant's Motion Seeking Clarification. Plaintiffs argue that the May 10, 2016 order needs no clarification. The Court granted Plaintiffs' motion to lift the stay of execution and denied Defendant's motion for entry of a new judgment. Defendant has not shown why Plaintiffs should not be allowed to execute on the award of backpay. Plaintiffs contend that Defendant's Motion is merely an attempt to seek reconsideration of the Court's May 10, 2016 order. Plaintiffs further argue that Defendant has not shown why the Court should reduce the award of backpay for the *Johnson II* Plaintiffs who remain entitled to relief because they were among the *Johnson I* Plaintiffs as well and prevailed on their Title VII claims as to the 2000 process. Therefore, the Court should deny the City's Motion.

**V. Settlement in Billingsley**

On July 5, 2016, the parties in *Billinglsey* reported to the Court that they had reached a settlement of all remaining issues in that case and that counsel would submit a joint motion to approve the parties' settlement. On August 2, 2016, the parties filed a joint motion to approve the settlement (ECF No. 214, no. 04-2013-STA-tmp). As part of the settlement, the parties agreed that the *Billingsley* Plaintiffs waived "any claim for backpay and attorney's fees,

6

including those attorney's fees awarded as sanctions against Defendant, and that this case be dismissed with prejudice with no costs assessed." The Court granted the parties' joint motion to approve the settlement on August 4, 2016, and entered judgment in *Billingsley* on August 8, 2016.

## ANALYSIS

The Court finds that the parties' Motions are now ripe for determination, particularly in light of the parties' settlement of the *Billingsley* case. The Court hereby rules as follows.

### I. Defendant's Motion to Enforce Agreed Order

Defendant's Motion to Enforce Agreed Order is due to be denied. The Court had already denied Defendant's Motion as to the officers who were parties to the February 14, 2007, agreed order and named as Plaintiffs in *Johnson I*. In its May 10, 2016 order, the Court held that "enforcement of the agreed order would not be appropriate as to the 11 *Johnson I* Plaintiffs named as parties to the agreement." This left only the City's request to enforce the agreed order against the 20 *Billingsley* Plaintiffs who were also parties to the agreement. The parties have since reached a settlement of the *Billingsley* claims and filed a joint motion to approve the settlement, which the Court granted. Therefore, Defendant's Motion to Enforce Agreed Order is now moot and will therefore be **DENIED**.

### II. Defendant's Motion Seeking Clarification

Defendant's Motion Seeking Clarification is likewise moot, at least in part, and otherwise without merit. To the extent that Defendant seeks clarification about the Court's determination of the backpay to which the *Billingley* Plaintiffs might be entitled, the parties' settlement in *Billingsley* makes Defendant's Motion a dead letter. As for Defendant's objection to piecemeal litigation, the Court's May 10, 2016 order speaks for itself. As Plaintiffs correctly point out, the

Court granted Plaintiffs' motion to lift the stay of execution on the judgment in their favor in *Johnson I*. The Court's ruling was quite plain in this regard. The *Johnson I* Plaintiffs continued to be the prevailing parties on their Title VII claims, even after the Sixth Circuit reversed the judgment in favor of the *Billingsley* and *Johnson II* Plaintiffs with respect to the 2002 process. Defendant's decision to waive any challenge on appeal to the judgment against it as to the 2000 process is now the law of the case.

For similar reasons, Defendant's attempt to argue for a recalculation of the backpay awarded to *Johnson II* Plaintiffs is not well-taken. Judge Donald's Memorandum Opinion and Order on Remedies awarded backpay to all Plaintiffs, including the *Johnson II* Plaintiffs, "commensurate with their having assumed the sergeant rank on the date of their first denial of promotion under either the 2000 or 2002 process."[5] As the Court carefully explained in its May 10, 2016 order, the City's attempt to relitigate issues on remand, after having waived review of them on appeal, runs afoul of the law of the case doctrine. Therefore, to the extent that Defendant uses the Motion Seeking Clarification to relitigate this settled issue, the Motion is **DENIED**.

**III. Plaintiff's Motion to Enforce Judgment**

This leaves Plaintiffs' Motion to Enforce Judgment. Plaintiffs have requested that the Court intervene pursuant to Federal Rule of Civil Procedure 69(a) and order the City to deposit into the registry of the Court the amount of $765,822.85 plus post-judgment interest, representing the total backpay awarded to twenty-three *Johnson I* Plaintiffs. Plaintiffs explain that this procedure will achieve administrative convenience and expedite collection of the judgment. As Plaintiffs point out in their memorandum, Defendant stated in its original motion to stay execution that the Court should not require a supersedeas bond because the "judgment, if

---

[5] Mem. Op. & Order on Remedies 37, Dec. 28, 2006 (ECF No. 388).

affirmed, would promptly be satisfied, and collection of the judgment from Defendant will not be complex."[6]  In response to Plaintiff's Motion to Enforce Judgment, Defendant argues that Plaintiffs are entitled to no relief at all, including backpay.  Other than to deny that Plaintiffs should receive backpay, Defendant has not addressed Plaintiff's request to deposit the backpay previously awarded into the registry of the Court.

Rule 69(a)(1) of the Federal Rules of Civil Procedure states that "[a] money judgment is enforced by a writ of execution, unless the court directs otherwise" and specifies that "[t]he procedure on execution—and in proceedings supplementary to and in aid of judgment or execution—must accord with the procedure of the state where the court is located" unless an applicable "federal statute governs."[7]  "[T]he overall intent of Rule 69(a) is to limit both the procedure for obtaining process and the effect of writs to that available under state law."[8]  Consistent with Rule 69(a)'s intent that writs of execution under state law govern the execution of a judgment, several circuit courts of appeal have concluded that the clause "unless the court directs otherwise" should be "read narrowly."[9]  "[T]he legislative history and judicial application of Rule 69(a) make clear that the first sentence of [Rule 69(a)] expresses a limitation on the means of enforcement of money judgments and does not create a general power to issue writs of

---

[6] Def.'s Mot. for Stay of Execution of J. 4, Apr. 2, 2013 (ECF No. 639-1, Page ID 5548).

[7] Fed. R. Civ. P. 69(a)(1); *Apostolic Pentecostal Church v. Colbert*, 169 F.3d 409, 414 (6th Cir. 1999).

[8] *Gabovitch v. Lundy*, 584 F.2d 559, 561 (1st Cir. 1978).

[9] Andrews v. Roadway Exp. Inc.,  473 F.3d 565, 568 (5th Cir. 2006); *Aetna Cas. & Sur. Co. v. Markarian,* 114 F.3d 346, 349 (1st Cir.1997); *Combs v. Ryan's Coal Co., Inc.*, 785 F.2d 970, 980 (11th Cir. 1986) (citing 7 *J. Moore, Moore's Federal Practice* ¶ 69.02[2] at 69–10 to –10.1 (2d ed. 1985)); *Shuffler v. Heritage Bank,* 720 F.2d 1141, 1148 (9th Cir. 1983) ("[W]e do not interpret the exception to execution to permit a federal court to 'enforce a money judgment by . . . methods other than a writ of execution, except in cases where established principles so warrant.' ") (quotation omitted).

execution in disregard of the state law incorporated by the rest of the Rule."[10] The Ninth Circuit has specifically concluded that district courts lack the inherent authority or equitable power under Rule 69(a) to order a judgment-debtor to pay funds into a court's registry.[11]

Applying these principles to the issue presented in this case, the Court holds that Plaintiff's request to compel Defendant to deposit the packpay award into the Court's registry is beyond the scope of the Court's authority. Rule 69(a)(1) is clear that state law governs the execution of a judgment and circumscribes the Court's power to order other means of execution. This means that Tennessee law on writs of execution applies in this case unless Plaintiff can demonstrate otherwise. As Plaintiffs concede in their Motion, Defendant's property, including monetary deposits and funds in its possession, is exempt from legal process. Tenn. Code Ann. §6-54-115 provides that "[t]he public property of every municipality, of every character and description, used for strictly municipal purposes, is exempt from seizure by attachment, execution or other legal process; nor shall municipal funds in the hands of its treasurer or depository be subject to garnishment or other legal process, except as is elsewhere provided."[12] Plaintiffs' request to circumvent Tennessee law and require Defendant to deposit the backpay award into the Court's registry runs against Rule 69(a)(1)'s design and intent to follow strictly state law on the execution of a judgment. And as the Ninth Circuit has concluded, Rule 69(a)(1) does not grant a court authority to order such extraordinary relief. Therefore, Plaintiffs' Motion to Enforce Judgment must be **DENIED**.

---

[10] *Gabovitch*, 584 F.2d at 560–61.

[11] *Hilao v. Estate of Marcos*, 95 F.3d 848, 851 (9th Cir. 1996).

[12] Tenn. Code Ann. § 6-54-115.

## CONCLUSION

Defendant's Motion to Enforce Agreed Order and Motion Seeking Clarification are **DENIED**. Plaintiffs' Motion to Enforce Judgment is also **DENIED**. The Court will finally decide the issue of attorney's fees once the parties have completed their supplemental briefing on that issue.

**IT IS SO ORDERED.**　　　　s/ S. Thomas Anderson
　　　　　　　　　　　　　　　　S. THOMAS ANDERSON
　　　　　　　　　　　　　　　　UNITED STATES DISTRICT JUDGE

　　　　　　　　　　　　　　　　Date: August 24, 2016.