IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

___

| MARILYN JOHNSON et al., | ) | |
|---|---|---|
| | ) | |
| Plaintiffs, | ) | |
| v. | ) | No. 00-2608-STA-tmp |
| | ) | No. 04-2017-STA-tmp |
| CITY OF MEMPHIS, | ) | |
| | ) | |
| Defendant. | ) | |

___

**ORDER GRANTING DEFENDANT'S MOTION TO STAY AND WAIVE
SUPERSEDEAS BOND**
___

Before the Court is Defendant City of Memphis's Motion to Stay and Waive Supersedeas Bond (ECF No. 714) filed on September 22, 2016. Plaintiffs Marilyn Johnson *et al*. ("the *Johnson I* Plaintiffs") have responded in opposition to the City's Motion, and the City has filed a reply brief. For the reasons set forth below, the City's Motion is **GRANTED**.

## BACKGROUND

### I. Procedural History

The full factual and procedural history of these consolidated police promotions cases has been exhaustively set out in the previous orders of the Court and in two appellate opinions from the United States Court of Appeals for the Sixth Circuit, most recently in *Johnson v. City of Memphis*, 770 F.3d 464 (6th Cir. 2014). Briefly, on March 4, 2013, the Court entered judgment in favor of the Plaintiffs in each of the cases. The Court and the parties have referred to the cases simply as *Johnson I* (no. 00-2608-STA-tmp), *Billingsley* (no. 04-2013-STA-tmp), and *Johnson II* (no. 04-2017-STA-tmp). The Court granted all Plaintiffs, officers of the Memphis Police Department, remedies for Defendant's violations of Title VII of the Civil Rights Act of 1964 as

1

part the City's administration of police promotion tests in 2000 and 2002. In addition to the remedies granted to all Plaintiffs, the Court issued a series of orders awarding Plaintiffs their reasonable attorney's fees. Both sides' appealed the Court's judgment, and the Court granted the City's motion to stay enforcement of the judgment pending appeal and did not require the City to post a bond.

On October 27, 2014, the Sixth Circuit issued an opinion, reversing the Court's judgment in favor of the Plaintiffs in *Billingsley* and *Johnson II* on their Title VII disparate impact claims related to the 2002 promotions process. The Court of Appeals held that "[b]ecause plaintiffs failed to present evidence establishing a genuine issue of fact regarding the availability of equally valid, less discriminatory alternative testing methods, their step-three showing [as to the 2002 process] fails as a matter of law."[1] The Sixth Circuit therefore reversed "the district court's Title VII judgment invalidating the 2002 process, thereby MOOTING plaintiffs' challenge to the district court's choice of remedies for the 2002 process," vacated the award of attorney's fees, and remanded the case "for further consideration in light of these developments."[2]

On December 30, 2014, the Court of Appeals denied all Plaintiffs' petition for rehearing *en banc*, and on October 9, 2015, the United States Supreme Court denied Plaintiffs' petition for a writ of certiorari. At the conclusion of appellate review, the Court ordered the parties to file all motions and requests for relief to bring this matter to a conclusion. The parties various motions followed. On May 10, 2016, the Court entered an Order Granting Plaintiffs' Motion to Dissolve the Stay of Execution and Denying Defendant's Motion to Vacate Judgment and Enter a New Judgment (ECF No. 684). The Court held that at this stage of the proceedings, the City of

---

[1] *Johnson v. City of Memphis*, 770 F.3d 464, 477-78 (6th Cir. 2014).

[2] *Id.* at 485.

Memphis had waived or forfeited any challenge to the Court's earlier rulings regarding the City's 2000 process because Defendant had not raised those rulings as an issue on appeal to the Sixth Circuit. Therefore, the Court concluded that the *Johnson I* Plaintiffs were entitled to have the stay of execution on their favorable judgment as to the 2000 process dissolved and that Defendant was not entitled to a vacation of the judgment as to the 2000 process.

The Court's May 10, 2016 order did not decide all of the parties' requests for relief. The Court determined that it needed additional submissions from the parties before the Court could render a final decision on the issue of backpay and attorney's fees. Specifically, the Court concluded that it had to resolve how the Sixth Circuit's appellate decision affected the *Billingsley* Plaintiffs involved in the 2002 process and the relief those Plaintiffs received on a provisional basis as part of an agreement with the City to stay enforcement of the Court's judgment pending appeal. On July 5, 2016, the parties in *Billinglsey* reported to the Court that they had reached a settlement of all remaining issues in that case and that counsel would submit a joint motion to approve the parties' settlement. On August 2, 2016, the parties filed a joint motion to approve the settlement (ECF No. 214, no. 04-2013-STA-tmp). As part of the settlement, the parties agreed that the *Billingsley* Plaintiffs waived "any claim for backpay and attorney's fees, including those attorney's fees awarded as sanctions against Defendant, and that this case be dismissed with prejudice with no costs assessed." The Court granted the parties' joint motion to approve the settlement on August 4, 2016, and entered judgment in *Billingsley* on August 8, 2016.

In an order issued August 24, 2016, the Court held that the City's motion to enforce an agreed order against the 20 *Billingsley* Plaintiffs who were parties to the agreement was moot in light of the parties' settlement in *Billingsley*. The Court's order also denied the City's motion to

clarify the May 10 ruling and denied Plaintiffs' motion to enforce the judgment by requiring the City to deposit into the registry of the Court the amount of $765,822.85 plus post-judgment interest, representing the total backpay awarded to twenty-three *Johnson I* Plaintiffs.

On August 30, 2016, the City filed a Notice of Appeal (ECF No. 703) as to the Court's post-remand rulings.[3] In the Motion now before the Court, the City requests a stay of any attempt by the *Johnson I* Plaintiffs to enforce the judgment, pending appeal. The City further requests that the Court waive the requirement of posting a supersedeas bond. The City states that it will promptly pay the judgment once the appeal is complete and that the collection process will not be complex. The City emphasizes its wherewithal to satisfy the backpay award in this case. The city comptroller recently testified that the City held over $400 million in one of its bank accounts. The City has also adduced an affidavit from the comptroller in support of its Motion to Stay. According to the City, the cost of posting a bond would be a waste of taxpayer money under the circumstances. The Court should therefore stay execution of the judgment and waive the bond requirement.

The *Johnson I* Plaintiffs have responded in opposition to the City's Motion. Plaintiffs point out additional facts about the City's current financial position to call into doubt the City's ability to satisfy a judgment in the future. For example, according to the *Johnson I* Plaintiffs, the City has $1.2 billion in unfunded liabilities and that "the ratio for the City's debt service to general expenditures has increased from 10.80 % in 2011 to 24.5% for fiscal year 2017." The three leading debt ratings agencies, Moody's, Standard and Poor, and Fitch's, all rate the City's financial outlook as negative. And the City has not yet reported the judgment in this case to those agencies. The *Johnson I* Plaintiffs further argue that the City's proof does not show what

---

[3] On September 26, 2016, the Court granted in part and denied in part the *Johnson I* Plaintiffs' motion for attorney's fees (ECF No. 715).

method the City would use to make the payment or by what date the City would make a payment, much less guarantee the payment of the judgment. In fact, the City's comptroller states in her affidavit that a judgment "could be paid," not that the City would actually pay it. Furthermore, Tennessee law limits the *Johnson I* Plaintiffs' options for enforcing the judgment by executing on municipal property. Although the *Johnson I* Plaintiffs have made attempts post-remand to collect their judgment, the City has created obstacles to the collection process at every turn. The *Johnson I* Plaintiffs lastly argue that other courts have not waived the bond requirement simply because the judgment-debtor was a municipality or government entity.

The City has filed a reply brief along with an affidavit from the City's chief legal officer Bruce McMullen. According to the McMullen affidavit (ECF No. 719), if the Court's judgment is affirmed, McMullen will promptly directly the City's chief financial officer and comptroller to pay the judgment. In separate deposition testimony, the City's CFO testified that if directed to pay the judgment, collection would be handled like any routine accounts payable, meaning the City would remit payment in a matter of days. As long as Plaintiffs are willing to submit W-9s, the City would pay the judgment within 30 days. The proof shows that the City's general fund currently holds over $132 million and the unassigned portion of the fund is almost $92 million. The City contends then that it has carried its burden to show why the Court should waive the bond requirement.

## **ANALYSIS**

Federal Rule of Civil Procedure 62(d) provides that an appellant may obtain a stay of proceedings to enforce a judgment by supersedeas bond with court approval.[4] The Sixth Circuit has held that "the Rule in no way necessarily implies that filing a bond is the only way to obtain

---

[4] Fed. R. Civ. P. 62(d).

a stay" but that posting an appropriate bond "speaks only to stays granted as matter of right."[5] The Court may nevertheless exercise its discretion to grant a stay under other circumstances.[6] For example, posting a bond would not be justified "where the defendant's ability to pay the judgment is so plain that the cost of the bond would be a waste of money."[7]

The Court finds that a stay pending appeal is warranted in this matter and that the City's ability to pay the judgment is so plain as to obviate the need for a supersedeas bond. The City has shown that it has ample resources to satisfy the judgment against it in this matter. The City has also shown that it will promptly act to pay the judgment if the Court's ruling is affirmed on appeal. The *Johnson I* Plaintiffs have adduced evidence tending to show that the City is already burdened with unfunded liabilities and may find itself unable or unwilling to satisfy a judgment. The Court notes those concerns for the record. However, the City has shown with affidavits from its chief legal officer and its comptroller that it will take the necessary steps to pay the judgment if the Court's post-remand orders are affirmed. Counsel for the City made similar representations to the Court during the September 16, 2016 hearing on the City's motion for protective order. The Court finds that the City has carried its burden to demonstrate its ability and willingness to satisfy the judgment. As such, the posting of the bond in this case would serve no purpose. The City's Motion to Stay and Waive the Supersedeas Bond is **GRANTED**.

**IT IS SO ORDERED.**

                         **s/ S. Thomas Anderson**
                         S. THOMAS ANDERSON
                         UNITED STATES DISTRICT JUDGE

                         Date: December 5, 2016.

---

[5] *Arban v. West Publishing Corp.*, 345 F.3d 390, 409 (6th Cir. 2003).

[6] *Id.*

[7] *Id.* (quoting *Olympia Equip. Leasing Co. v. Western Union Tel. Co.*, 786 F.2d 794, 796 (7th Cir. 1986)).