```
              IN THE UNITED STATES DISTRICT COURT
             FOR THE WESTERN DISTRICT OF TENNESSEE
                          WESTERN DIVISION
```

| | |
|---|---|
| **MARILYN JOHNSON, et al.,** | ) |
| Plaintiffs, | ) ) ) |
| v. | ) No. 00-cv-02608-JPM-tmp |
| **CITY OF MEMPHIS,** | ) ) ) |
| Defendant. | ) |

## REPORT AND RECOMMENDATION

Before the court is plaintiffs' Motion for Supplemental Award of Attorney's Fees and Expenses.[1]  (ECF No. 769.) Defendant City of Memphis ("City") has responded and plaintiffs have replied.  (ECF Nos. 770; 773.)  For the following reasons, it is recommended that plaintiffs' motion be granted in its entirety.

"Prevailing plaintiffs in Title VII actions are entitled to an award of reasonable attorney's fees."  Perry v. AutoZone Stores, Inc., 624 F. App'x 370, 372 (6th Cir. 2015). "Typically, a plaintiff is a prevailing party if the plaintiff succeed[s] on any significant issue in litigation which achieves some of the benefit the parties sought in bringing suit." Johnson v. City of Memphis, Nos. 00-2608, 04-2017, 2016 WL 5376224, at *3 (W.D. Tenn. Sept. 26, 2016) (internal citation

---

[1] See Administrative Order No. 2019-02.

and quotation omitted). "The trial court's initial point of departure, when calculating reasonable attorney fees, is the determination of the fee applicant's 'lodestar,' which is the proven number of hours reasonably expended on the case by an attorney, multiplied by a reasonable hourly rate." Isabel v. City of Memphis, 404 F.3d 404, 415 (6th Cir. 2005). "The question is not whether a party prevailed on a particular motion, nor whether, in hindsight, the time expended was strictly necessary to obtain relief achieved; instead, the question is whether a reasonable attorney would believe the work to be reasonably expended in pursuit of success at the time when the work was performed." Hunter v. City of Copper Hill, Tenn., No. 1:09-cv-239, 2013 WL 5278673, at *3 (E.D. Tenn. Aug. 26, 2013) (internal citation and quotation omitted), adopted by, 2013 WL 5278673, at *1 (E.D. Tenn. Sept. 19, 2013). "The court may then, within reason, 'adjust the lodestar to reflect relevant considerations peculiar to the subject litigation.'" Perry, 624 F. App'x at 372 (quoting Adcock-Ladd v. Sec'y of Treasury, 227 F.3d 343, 349 (6th Cir. 2000)). "The opposing party must raise objections with specificity, pointing out particular items, rather than making generalized objections to the reasonableness of the bill as a whole." Jones v. Ill. Cent. R.R Co., No. 07-2073, 2011 WL 3862330, at *2 (W.D. Tenn. Aug. 14, 2011) (internal citation and quotation omitted), adopted by,

2011 WL 3862321 (W.D. Tenn. Aug. 31, 2011).

In the present motion, plaintiffs request $114,010 for supplemental attorney's fees and $714.97 for expenses.[2] (ECF No. 769 at 1.) This request covers the fees for plaintiffs' counsel's work from August 24, 2016, through February 11, 2019. (Id.; ECF No. 773 at 5.) According to plaintiffs' counsel, he rendered 350.8 hours of legal services during this time. (ECF Nos. 769 at 1; 769-3; 769-4; 773.) Plaintiffs further request that the court utilize a $325 hourly rate when determining the attorney's fees award. (ECF No. 769-1 at 8.) In its response, the City concedes that plaintiffs are entitled to all of their claimed attorney's fees for the period from August 24, 2016, through May 7, 2018, and January 13, 2019, through January 28, 2019, which totals $101,611.25.[3] (ECF No. 770.) In addition, it does not appear that the City disputes that plaintiffs are

---

[2] In the initial motion, plaintiffs request $112,872.50 worth of attorney's fees for 347.3 hours of work. Plaintiffs' counsel worked an additional 3.5 hours when preparing the reply brief to the City's response. Plaintiffs ask for an additional $1,137.50 for preparing this reply. The total amount of attorney's fees requested is therefore $114,010.

[3] The City does not contest the reasonableness of the time expended by plaintiffs' counsel for this time period. In addition, it does not contest the reasonableness of the $325 hourly rate, which this court previously approved during this litigation. (ECF No. 715.) For reasons unknown to the court, the City has calculated the amount during this time period from August 24, 2016, through May 7, 2018, as totaling $97,548.75. The City does not explain how it reached this number, which appears to be inaccurate.

entitled to an award of attorney's fees for work performed in preparing the reply brief, since "'time spent in preparing, presenting, and trying attorney fee applications is compensable' as part of the reasonable fee." Gonter v. Hunt Valve Co., 510 F.3d 610, 620 (6th Cir. 2007) (quoting Coulter v. Tennessee, 805 F.2d 146, 151 (6th Cir. 1986)). Because plaintiffs' counsel expended an additional 3.5 hours preparing the reply brief ($1,137.50), the total amount of uncontested attorney's fees for equals $102,748.75. The court finds that the attorney's fees requested for the August 24, 2016, through May 7, 2018 period, as well as for the preparation of the present motion and the reply, are reasonable. It is therefore recommended that plaintiffs' motion be granted to the extent they seek attorney's fees in the amount of $102,748.75.

The sole contested issue is whether plaintiffs are entitled to attorney's fees for the period from May 10, 2018, through January 12, 2019, totaling $11,261.25. On February 27, 2018, the court conducted a conference at which the parties discussed the production of an earning statement containing the amount each plaintiff is owed from the judgment entered in this case. After the status conference, the court ordered that, by no later than March 13, 2018, the City must "provide each plaintiff with an individualized and official statement of earnings specific to the monies owed in this action. These earnings statements shall

- 4 -

be itemized to reflect the categories of Plaintiffs' awards delineated in the spreadsheet provided by Defense Counsel." (ECF No. 744 at 1.)  Subsequently, plaintiffs moved to extend the deadline for submitting a motion for supplemental attorney's fees because they needed to resolve alleged errors contained within the earning statements that the City provided. (ECF No. 745.)  The court granted that motion (ECF No. 746), and the City then filed a "response" to the court's order (ECF No. 748).  In this "response," the City disputed that the earning statements were erroneously prepared and further asserted that plaintiffs "needlessly brought this current issue to the Court before providing Defendants the opportunity to investigate and respond."  (ECF No. 748 at 1-2.)  The plaintiffs responded to the City's "response," and shortly thereafter the presiding District Judge referred the dispute to the undersigned Magistrate Judge.  (ECF No. 750.)  Following a status conference on April 12, 2018, and an evidentiary hearing on April 26, 2018, the court ordered the following on May 8, 2018:

> [T]he City to provide each Plaintiff with a current and accurate statement of earnings that contains the YTD gross earnings and the YTD pension earnings, and a pension statement spreadsheet by May 31, 2018 and certified by the Director of Finance or appropriate representative(s) of the City as being correct and that the back pay payment is included in Plaintiffs' earnings and pension calculations. The City is further ordered to provide updated certified reports of their earnings and pension calculations to Plaintiffs on or before July 7, 2018; October 7, 2018 and January 7,

>    2019. . . . Plaintiffs may submit to the Court any
>    concerns they may have as to the reports provided by
>    the City but must first notify the City of their
>    concerns and provide them with at least five (5)
>    business days to respond prior to submitting the issue
>    for the Court.

(ECF No. 758 at 2-3.)

According to the billing statements attached to the present motion, between May 10, 2018, and July 7, 2018, the parties discussed issues related to the plaintiffs' projected pension benefits. (ECF No. 769-5 at 12-14.) The parties were unable to resolve this pension calculation issue, prompting plaintiffs to file a motion to compel. (ECF No. 759-1.) In that motion, plaintiffs alleged that the City violated the court's May 8, 2018 order by failing to include the plaintiffs' back pay award when calculating the plaintiffs' projected pension benefits. (Id.) In its response, the City argued that it had provided the documentation required by the court's order. (ECF No. 761 at 4.) The City further argued that plaintiffs' motion to compel should be denied because it improperly asked the court to tell the City's Pension Board how it must calculate the (not yet retired) plaintiffs' pension benefits. (Id. at 5-8.) The court granted plaintiffs motion in part and denied it in part. (ECF No. 766.) In relevant part, the court stated:

>    As for the pension calculations, the parties dispute
>    which City Ordinance and accounting methods should
>    apply. This Order seeks to address Plaintiffs'
>    concerns regarding the pension benefits calculations by

>      requiring that the Plaintiffs receive an accounting of
>      their possible pensions (including the back pay that
>      is the ultimate concern of this lawsuit) based on
>      various accounting methods. This Order does not and
>      should not be construed to define the particular terms
>      or formula that will be used in Plaintiffs' actual
>      pension determination, nor mandate that Plaintiffs are
>      entitled to receive a particular pension payment based
>      upon any of the above-referenced pension calculations.
>      Rather, these pension calculations are being provided
>      for informational purposes only.

(Id. at 3-4.)

The City argues that "[t]he Court should not permit Plaintiffs' counsel to recover fees for pursuing this side issue, which was not at issue in this lawsuit." (ECF No. 770 at 2.) On the one hand, there is some appeal to the City's argument that the discussions leading to the plaintiffs filing the motion to compel and plaintiffs' preparation for that motion should not qualify as hours "reasonably expended" on this case. The court previously recognized "that final judgment awarding back pay to the Plaintiffs has been entered and the City has paid the Plaintiffs their back pay as required." (Id. at 3.) The court also stated that "[b]ecause of the timing and source of the back pay payments, issues arose regarding the accounting methods used, both for purposes of calculating the Plaintiffs' present earnings and future pension benefits. The court has previously addressed the earnings statements." (Id.) Thus, as the argument goes, once the court addressed these alleged errors with the May 8 order, nothing further remained at issue in this

litigation and the City fully complied with that order. On the other hand, the pension benefits issue arose because of a genuine dispute surrounding classification of plaintiffs' back pay award and how the back pay awarded should be included in plaintiffs' benefit calculations. While plaintiffs ultimately did not prevail on these pension issues, the court believes that it was reasonable for plaintiffs' counsel to believe that the work was reasonably expended in pursuit of providing these plaintiffs with complete and final relief. For this reason, the court concludes that plaintiffs are entitled to attorney's fees for the disputed period of May 10, 2018, through January 12, 2019. It is therefore recommended that plaintiffs' motion be granted, and that plaintiffs be awarded attorney's fees in the total amount of $114,010 and expenses in the amount of $714.97.

Respectfully submitted,

s/ Tu M. Pham
TU M. PHAM
United States Magistrate Judge

March 1, 2019
Date

**NOTICE**

**WITHIN FOURTEEN (14) DAYS AFTER BEING SERVED WITH A COPY OF THIS REPORT AND RECOMMENDED DISPOSITION, ANY PARTY MAY SERVE AND FILE SPECIFIC WRITTEN OBJECTIONS TO THE PROPOSED FINDINGS AND RECOMMENDATIONS. ANY PARTY MAY RESPOND TO ANOTHER PARTY'S OBJECTIONS WITHIN FOURTEEN (14) DAYS AFTER BEING SERVED WITH A COPY. 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b)(2); L.R. 72.1(g)(2). FAILURE TO FILE OBJECTIONS WITHIN FOURTEEN (14)**

**DAYS MAY CONSTITUTE A WAIVER OF OBJECTIONS, EXCEPTIONS, AND FURTHER APPEAL.**