# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TENNESSEE
# WESTERN DIVISION

MARYILYN JOHNSON, et al.,

    Plaintiffs,

v.                                                         Case No. 00-2608-JPM-tmp

CITY OF MEMPHIS,

    Defendant.

## ORDER ADOPTING REPORT AND RECOMMENDATION

Before the Court is the Report and Recommendation of the Magistrate Judge, entered on March 1, 2019. (ECF No. 774.) The Magistrate Judge recommends that the Court grant Plaintiffs' Motion for Attorney's Fees. (Id., Mot. Attorney's Fees, ECF No. 769.) On March 15, 2019, Defendant City of Memphis (the "City") filed an objection, arguing that the Magistrate Judge's "conclusion of law is incorrect based on the case law." (ECF No. 775 at PageID 12254.) For the reasons set forth below, the City's objection is OVERRULED, the Report and Recommendation is ADOPTED, and the Motion for Attorney's Fees is GRANTED.

### I. Legal Standard

When a timely objection has been filed, "[t]he district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to." Fed. R. Civ. P. 72(b)(3). The portions of a magistrate judge's recommendation as to which no specific objections were filed are reviewed for clear error. See Fed. R. Civ. P. 72(b) advisory committee notes; Howard v. Sec'y of Health and Human Servs., 932 F.2d 505, 509 (6th Cir. 1991) (noting that when

a party makes a general objection, "[t]he district court's attention is not focused on any specific issues for review, thereby making the initial reference to the magistrate useless.").

## II. Discussion

This is a Title VII action that resulted in a judgment for the Plaintiffs. (See ECF No. 729.) "Prevailing plaintiffs in Title VII actions are entitled to an award of reasonable attorney's fees." Perry v. AutoZone Stores, Inc., 624 F. App'x 370, 372 (6th Cir. 2015). In the underlying motion, Plaintiffs request $114,010 for supplemental attorney's fees and $714.97 for expenses. (ECF No. 769.)

### a. Scope of the Present Objection

The City does not object to the Magistrate Judge's recommendation that Plaintiffs receive "attorney's fees in the amount of $102,748.75" for "the August 24, 2016, through May 7, 2018 period, as well as for the preparation of the present motion and the reply." (ECF No. 774 at PageID 12247; ECF No. 775 at PageID 12256.) Upon review of the Magistrate Judge's Report and of the record in the case, the Court finds no clear error. Accordingly, the Court ADOPTS the Magistrate Judge's Recommendation that Plaintiffs receive $102,748.75 in attorney's fees for August 24, 2016 through May 7, 2018, as well as for the preparation of the present motion and the reply.

The City does not object to the Magistrate Judge's conclusion that "[t]he sole contested issue is whether plaintiffs are entitled to attorney's fees for the period from May 10, 2018, through January 12, 2019, totaling $11,261.25." (ECF No. 774 at PageID 12248; see generally ECF No. 775.) The City also does not object to the Magistrate Judge's characterization of these fees as arising from a discovery dispute involving the proper calculation of Plaintiffs' pension. (ECF No. 774 at PageID 12250; see ECF No. 775 at PageID 12255.) The City does object, however, that the Magistrate Judge's evaluation of this issue was contrary to law and based on an incorrect

application of Hunter v. City of Copper Hill, Tenn., No. 1:09-cv-239, 2013 WL 5278673 (E.D. Tenn. Aug. 26, 2013). (ECF No. 775 at PageID 12254.) The Court therefore reviews the Magistrate Judge's Recommendation as to the fees for May 10, 2018 through January 12, 2019 *de novo*. Fed. R. Civ. P. 72(b)(3).

### b. Fees Related to Pension Issue

The thrust of the City's objection is that the Plaintiffs' pension-related discovery motion involved a separate core of facts than Plaintiffs' underlying Title VII lawsuit. (ECF No. 775 at PageID 12255-56.) According to the City, fees in connection with that motion are therefore not recoverable as expenses "reasonably related" to a successful Title VII case. (Id.) See Perry, 624 F. App'x at 372. The City argues that "[t]he Court should not permit Plaintiffs to recover attorney's fees under Title VII for legal issues totally unrelated to the disparate impact claim on which Plaintiff[s] prevailed under Title VII." (ECF No. 775 at PageID 12256.)

The Court first notes that Sixth Circuit caselaw on this question focuses on claims, not issues. See Jordan v. City of Cleveland, 464 F.3d 584, 603 (6th Cir. 2006); see also Hunter, 2013 WL 5278673 at *4-5; and see Thurman v. Yellow Freight Sys., Inc., 90 F.3d 1160, 1169 (6th Cir.), opinion amended on denial of reh'g, 97 F.3d 833 (6th Cir. 1996). The Court should award a successful Title VII plaintiff attorney's fees incurred in connection with other, unsuccessful claims if the Title VII claim and unsuccessful claims "involve a common core of facts or are based on related legal theories." Jordan, 464 F.3d at 603 (internal quotation marks omitted); see also Hunter, 2013 WL 5278673 at *4-5; and see Thurman, 90 F.3d at 1169. The Court must therefore consider what claim the pension issue relates to, and whether that claim is related to Plaintiffs' successful Title VII claim. See Hunter, 2013 WL 5278673 at *6 (denying attorney's fees for "a few very

3

narrow issues, not requiring significant work, which applied *solely* to the state and federal discrimination claims against Mayor Arp" on which Plaintiff did not succeed (emphasis in original)). "There is no precise test for determining whether claims are related… although our sister circuits have focused on 'whether relief sought on the unsuccessful claim is intended to remedy a course of conduct entirely distinct and separate from the course of conduct that gave rise to the injury on which the relief granted is premised.'" Jordan, 464 F.3d at 603 (quoting Schwarz v. Sec'y of Health & Human Servs., 73 F.3d 895, 903 (9th Cir.1995).)

The Court finds that the attempt to adjust Plaintiffs' pensions is not a separate legal claim, but rather a form of relief sought in connection with Plaintiffs' successful Title VII claim. (ECF No. 766 at PageID 12137.) As the Magistrate Judge has previously explained:

> [F]inal judgment awarding back pay to the Plaintiffs has been entered and the City has paid the Plaintiffs their back pay as required. Because of the timing and source of the back pay payments, issues arose regarding the accounting methods used, both for purposes of calculating the Plaintiffs' present earnings and future pension benefits.

(Id.; see also ECF No. 770 at 12231.) The Court is not persuaded by the City's contention that the pension dispute represents "legal issues totally unrelated to the disparate impact claim on which Plaintiff's prevailed under Title VII." (ECF No. 775 at PageID 12256.) Instead, the Court finds that the pension-related litigation was an unsuccessful attempt to enforce a damages award for a successful Title VII claim. (See ECF No. 766 at PageID 12137.) Given the Sixth Circuit's warning that "litigation is not an 'exact science,'" the Court awards Plaintiffs attorney's fees in connection with their motion to compel. Jordan, 464 F.3d at 604.

**III.     Conclusion**

The Court ADOPTS the Report and Recommendation, OVERRULES Defendant's objection, and GRANTS the Motion for Attorney's Fees.

**IT IS SO ORDERED**, this 28th day of March, 2019.

    /s/ Jon McCalla
JON P. McCALLA
UNITED STATES DISTRICT COURT JUDGE